UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. NAWI,<br><br>    Petitioner,<br><br>  v.<br><br>R. EVANS, warden,<br><br>    Respondent.<br>_____/ | No. C 07-261 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Robert C. Nawi, an inmate at the Salinas Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Nawi states in his petition that he was convicted in San Francisco County Superior Court of first degree murder with use of a deadly weapon (i.e., an ice pick) and was sentenced in October 2001 to a term of 26 years to life in prison. He appealed. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition incorporates by reference the state court appellate briefs filed on Nawi's behalf. Nawi's petition for review contains three claims of federal constitutional errors, which this court understand to be the claims he wants this court to consider in habeas. First, Nawi contends that the admission of statistical probability and DNA evidence violated his Fourteenth Amendment right to due process. See Petition For Review, pp. 9, 28. Second, he contends that there was prosecutorial misconduct that violated his right to due process. Id. at 37-39. Third, he contends that his Sixth Amendment Confrontation Clause rights were violated by the admission of certain hearsay evidence. Id. at 39-41. Liberally construed, these claims are cognizable in a federal habeas action. The state law claims in the petition for review are not cognizable in a federal habeas action and are therefore dismissed.

**CONCLUSION**

For the foregoing reasons,

1. The petition states three cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

1 of California. The clerk shall also serve a copy of this order on petitioner.

2     3.    Respondent must file and serve upon petitioner, on or before **May 18, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

    4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **June 22, 2007**.

    IT IS SO ORDERED.

DATED: March 5, 2007

_____
SUSAN ILLSTON
United States District Judge

3