**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC R DREW, | No. C 07-00726 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING CHASE'S MOTION TO DISMISS** |
| v. | |
| EQUIFAX INFORMATION SERVICES, et al. | |
| Defendants. | |

On May 4, 2007, the Court heard argument on plaintiff's motion for remand, and defendant Chase Bank USA, N.A.'s motion to dismiss. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES plaintiff's motion for remand, and GRANTS defendant's motion to dismiss, with leave to amend.

Plaintiff Eric Robert Drew alleges that an identity thief obtained credit cards in his name from various banks and credit card issuers. Plaintiff filed an action in San Francisco Superior Court on December 18, 2006, alleging that the banks and credit card issuers were negligent in issuing the credit cards to the identity thief, and in refusing to cancel the accounts and repair his credit history. The complaint attempted to state 14 causes of action, including two claims for violation of the Federal Fair Credit Reporting Act. On February 5, 2007, defendant Chase Bank USA, N.A., successor-in-interest to defendants First USA Bank, N.A. and Bank One Cardmember Services ("Chase"), removed the case to this Court on federal question grounds, pursuant to 28 U.S.C. § 1441 et seq. At the time of removal, plaintiff had not yet served any of the defendants named in the complaint, including Chase.

Plaintiff has now moved for remand, and Chase has moved to dismiss all claims against it for

failure to state a claim. As discussed below, the Court DENIES plaintiff's motion for remand, and GRANTS Chase's motion to dismiss, with leave to amend.

Here, Chase filed a notice of removal after plaintiff filed this case in state court, but prior to plaintiff serving the complaint and summons on any of the defendants, including Chase. Plaintiff's motion to remand thus presents a unique issue: whether a defendant in a multi-defendant lawsuit may avoid the rule requiring unanimous defendant consent to removal, by filing a notice of removal before plaintiff has served any of the named defendants. The parties cite, and the Court finds, no case that has addressed this issue.

There are reasonable arguments to be made in support both parties' positions. Remand, however, would likely be inefficient, and perhaps unfair. By no fault of their own, some defendants may have lost their right to seek removal, as the thirty-day post-service window for removal may have shut. Moreover, there may be defendants for whom the thirty day window is still open. Because those defendants have the right to seek removal[1] if remanded, this case will likely end up right back in this Court. Furthermore, it appears, as plaintiff's counsel conceded at hearing, that all defendants would agree to removal, if they have not done so already. In light of the unique facts of this case, and the absence of any controlling precedent, the Court DENIES plaintiff's motion for remand.

Chase's motion to dismiss has also given rise to an awkward procedural issue. In his opposition to the motion to dismiss, plaintiff only briefly touches on the merits, instead arguing that the motion to dismiss "is irrelevant" because "Plaintiff exercises his option pursuant to Federal Rules of Civil Procedure, Rule 15(a) to amend his original complaint prior to receipt of a responsive pleading." 12(b)(6) Oppo. at 1-2. At multiple points in his opposition, plaintiff refers to the "new First Amended Complaint." *See, e.g., id.* at 3:23:24, 4:23. Despite these representations, however,

---

[1] There is an issue, as yet undecided by the Ninth Circuit, as to whether removal may be sought only within the first-served defendant's thirty day window (the "first served" rule), or whether subsequently-served defendants may also seek removal, despite earlier-served defendants' failure to do so (the "last-served" rule). *See Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1116-17 (N.D. Cal. 2006). This Court is inclined to follow the trend in this district, which is to follow the last-served rule. *See id.* at 1117-18. Thus, even though the thirty day window may have shut on defendant Chase, and others, there are other named defendants who may yet have the opportunity to remove.

plaintiff did not file a First Amended Complaint until May 4, 2007, the morning of the hearing on these motions. In light of these facts, the Court GRANTS Chase's motion to dismiss the original Complaint, with leave to amend. The Court deems the First Amended Complaint to be the current and active pleading.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion for remand, and GRANTS Chase's motion to dismiss, with leave to amend. [Docket Nos. 9 & 4]

**IT IS SO ORDERED.**

Dated: May 4, 2007

SUSAN ILLSTON
United States District Judge