IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC R. DREW, | No. C 07-00726 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| EQUIFAX INFORMATION SERVICES, et al., | |
| Defendants. | |

Three defendants have filed motions to dismiss the First Amended Complaint. The motions are scheduled for hearing on July 13, 2007. Having considered the papers submitted, the Court determines that the motions are suitable for resolution without oral argument, and pursuant to Civil Local Rule 7-1(b), hereby VACATES the July 13, 2007 hearing. For the following reasons and for good cause shown, the Court GRANTS IN PART defendants' motions to dismiss.

**BACKGROUND**

Plaintiff Eric Robert Drew alleges that an identity thief obtained credit cards in his name from various banks and credit card issuers. Plaintiff filed an action in San Francisco Superior Court on December 18, 2006, alleging that the banks and credit card issuers were negligent in issuing the credit cards to the identity thief, and in refusing to cancel the accounts and repair his credit history. The complaint attempted to state 14 causes of action, including two claims for violation of the Federal Fair Credit Reporting Act. On February 5, 2007, defendant Chase Bank USA, N.A., successor-in-interest to defendants First USA Bank, N.A. and Bank One Cardmember Services ("Chase"), removed the case to this Court on federal question grounds, pursuant to 28 U.S.C. § 1441 et seq. Plaintiff moved for

remand, and the Court denied his motion. Chase also moved to dismiss plaintiff's complaint. The Court granted Chase's motion and dismissed the complaint with leave to amend.

Plaintiff's First Amended Complaint ("FAC") attempts to state eleven causes of action. The first is for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, against the credit reporting agency defendants. The second is for violation of the FCRA against the credit information furnisher (credit card isssuer) defendants. The remainder are for violations of various state common and statutory laws.

Defendants Chase, Citibank (South Dakota), N.A. ("Citibank"), and FIA Card Services, N.A. ("FIA"), have now moved to dismiss the FAC.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

2

**DISCUSSION**

In the FAC, plaintiff alleges that the three moving defendants issued credit cards to an identity thief in plaintiff's name, and subsequently refused to cancel the accounts and correct adverse credit reports. The three defendants move to dismiss all claims against them, on largely overlapping grounds.[1]

### I.  Second cause of action: violation of the FCRA

Plaintiff's second cause of action attempts to state a claim for violation of the FCRA against the credit card issuer defendants. Title 15 U.S.C. section 1681s-2(b) provides the only private right of action available against furnishers of credit information. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). It requires furnishers of credit information, upon notice from a reporting agency of a dispute as to information provided by the furnisher, to take certain steps to investigate the disputed information, and correct the information if necessary. The complete text of section 1681s-2(b) is as follows:

> (b) Duties of furnishers of information upon notice of dispute.
>     (1) In general. After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>         (A) conduct an investigation with respect to the disputed information;
>         (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)];
>         (C) report the results of the investigation to the consumer reporting agency;
>         (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>         (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>             (i) modify that item of information;
>             (ii) delete that item of information; or
>             (iii) permanently block the reporting of that item of information.
>     (2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USCS § 1681i(a)(1) – 30 days] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

---

[1] Plaintiff has filed a notice of voluntary dismissal of the eighth, ninth, and tenth causes of action as against all defendants, and the seventh cause of action as against defendants Citibank and FIA.

15 U.S.C. § 1681s-2(b).

All of the moving defendants argue that plaintiff's section 1681s-2(b) claims are time-barred. Pursuant to title 15 U.S.C. section 1681p, a plaintiff must bring an action for violation of section 1681 "not later than the earlier of -- (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Defendants argue that based on the facts as alleged in the complaint, plaintiff discovered the violation at issue in early 2004; plaintiff did not file this lawsuit until December 2006, more than two years later.

More specifically, the FAC alleges that "in January 2004 Transunion gave notice to each [of] the issuer Defendants of the consumer dispute made by Plaintiff . . . ." ¶ 236. The FAC further alleges that in February 2004, Equifax informed plaintiff that it had "'contacted each source directly.'" ¶ 237. Thus, according to the FAC, in January and February of 2004, the credit card defendants received the notice that should have triggered an investigation pursuant to section 1681s-2(b). Accordingly, pursuant to section § 1681s-2(b)(2), the credit card defendants should have completed their investigations by March 2004, and any violation of their duty to do so would have occurred by that date. Plaintiff, in turn, would have known of such violation shortly thereafter, according to defendants. The FAC, defendants contend, alleges as much. For example, paragraph 158 alleges that as late as October 2004, the credit card defendants continued to report the fraudulent accounts to the credit reporting agencies. *See* FAC ¶ 158. On the basis of this allegation, defendant Chase argues: "Thus plaintiff plainly knew no later than October 2004 that the accounts were still being reported, from which he could necessarily infer that any investigation Chase conducted had determined that the reporting was correct." Chase Mot. at 8:3-5.[2]

Similarly, moving defendant FIA argues that based on paragraphs 106 and 107 of the FAC, it

---

[2] Citibank argues that "any supposed failure to investigate Plaintiff's dispute . . . would have occurred, if at all, no later than March 2004 . . . . Accordingly, Plaintiff's claims against Citibank are time-barred and fail as a matter of law." Citibank Mot. at 6:19-7:3. Citibank's argument ignores the fact that the two-year statute of limitations runs from the "date of *discovery by the plaintiff* of the violation that is the basis for such liability," not from the date of the violation. 15 U.S.C. § 1681p (emphasis added). Citibank does not explain which allegations of the FAC establish the date of plaintiff's discovery.

4

is clear that plaintiff had notice of the alleged failure to investigate "as early as March 2004." FIA Mot. at 6:23-24. Paragraph 106 states: "In March and April 2004 [FIA] continued to forward statement communications and an internet access invitation to the account at the fraudulent Seattle address." Paragraph 107 states: "On or before March 2004 Plaintiff received several notices and phone calls that the account was past due."

Defendants' argument urges the Court to draw inappropriate inferences from the FAC. The alleged violations may have occurred in early 2004, and plaintiff may have received some evidence of the alleged violations around the same time. However it is not clear to the Court, from the face of the FAC, that plaintiff discovered the alleged violations at that time, as required to trigger the two-year statute of limitations under section 1681p. Furthermore, as plaintiff points out in opposition, the FAC also alleges that "from Spring 2004 through December 2004 Plaintiff was extremely ill, undergoing medical procedures and hospitalization in treatment of his Leukemia rendering Plaintiff medically unable until January, 2005[,] to make or receive phone calls or otherwise investigate or learn of or respond to the acts alleged herein." ¶ 34. Based on the totality of the circumstances alleged in the FAC, and drawing all reasonable inferences in favor of plaintiff, the Court cannot find from the face of the pleadings that the statute of limitations has run on plaintiff's FCRA claims against the moving defendants. Therefore, as to all moving defendants except Citibank, the motion to dismiss the second cause of action is DENIED.

In addition to the statute of limitations argument, moving defendant Citibank argues that the FAC fails to state a claim against it. Citibank contends: "Plaintiff's own allegations confirm that . . . by January 21, 2004, Citibank had investigated, closed the account at issue and deleted its reporting of the account." Citibank Mot. at 21-23. Having reviewed the FAC, the Court agrees with Citibank that plaintiff fails to allege facts sufficient to support a claim against Citibank for violation of its investigative duties. In his opposition, plaintiff argues that by sending correspondence to the fraudulent address as part of its investigation, Citibank violated its duty to conduct a proper investigation. Plaintiff cites no authority in support of his argument, and the Court finds none. According to the Ninth Circuit, a furnisher "has four duties" under section 1681s-2(b):

[1] to conduct an "investigation with respect to the disputed information;" [2] to review

5

      all relevant information provided by the CRA; [3] to report the results of its investigation to the CRA; and [4] if the investigation finds the information is incomplete or inaccurate to report those results "to all [nationwide] consumer reporting agencies to which the person furnished the information."

*Nelson*, 282 F.3d at 1059 (quoting statute). Sending correspondence to the fraudulent address does not appear to violate any of these four duties. Accordingly, the Court GRANTS Citibank's motion to dismiss plaintiffs' second cause of action against it. The Court will allow plaintiff one final opportunity to amend his complaint to attempt to state a claim against Citibank for violation of section 1681s-2(b).

## II.    State law causes of action

Plaintiff's claims three through eleven allege violations of California common and statutory law. All three moving defendants seek to dismiss all of the states law claims as preempted by the FCRA, in addition to other grounds.

The FCRA contains an express preemption clause, which states in pertinent part: "No requirement or prohibition may be imposed under the laws of any State (1) with respect to the subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

### A.    The California Consumer Credit Reporting Agencies Act

Plaintiff concedes that the FCRA preempts the Fourth Cause of Action for violation of the California Consumer Credit Reporting Agencies Act (CCRAA), Cal. Civ. C. § 1785 et seq., "to the extent asserting liability concerning the duty of furnishers of credit information to credit agencies . . . ." Opp. at 10:10-12.[3] Accordingly, the Court GRANTS defendants' motions to dismiss plaintiff's

---

[3]The Court agrees with the parties on this issue. Several district courts have held that the FCRA preempts private actions against credit information furnishers under the CCRAA, in their entirety. *See, e.g., Lin v. Universal Card Servs. Corp.*, 238 F. Supp. 2d 1147, 1152-53 (N.D. Cal. 2002) ("although CCRAA § 1785.25(a) is excepted from preemption, CCRAA §§ 1785.25(g) and 1785.31, which provide Lin with a private right of action to sue furnishers of consumer credit information, are not excepted from preemption."); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1182 n.5 (E.D. Cal. 2005) (due to preemption, "the Court finds that no private right of action exists under section 1785.25(a)."). Plaintiff cites no authority to the contrary. Moreover, even if FCRA preemption does not extend to all of the CCRAA, the California Appellate Courts have held that CCRAA § 1785.31, which provides the private right of action for violation of the CCRAA, "does not extend liability to one who furnishes information to a

6

claims for violation of California Civil Code sections 1785.26, 1785.30, and 1785.31.

Plaintiff's claim for violation of section 1785.20.3 of the CCRAA survives. It is not preempted by the FCRA, as it does not relate to the duties of furnishers, but rather, establishes certain duties on those who use consumer credit reports. Defendants argue that plaintiff's claims under this section are time-barred. However, for the same reasons as discussed above, the Court finds that there are issues of fact regarding when precisely plaintiff knew of the violations at issue. Such issues cannot be resolved at this stage.

### B.     The Song-Beverly Act

Plaintiff's fifth cause of action, for violation of the California Song-Beverly Credit Card Act, Cal. Civ. Code § 1747 et seq., "is also clearly preempted" by the FCRA, with respect to the reporting duties of the moving defendants. *Davis*, 2002 US Dist LEXIS 26468 at *41. As the court explained in *Davis*:

> Section 1747.70 under the Song-Beverly Act prohibits a card issuer from "knowingly giving any untrue credit information to any other person concerning a cardholder." Cal. Civ. Code § 1747.70(a). This section tracks the prohibitions under section 1681s-2(a). Similarly, the conduct which forms the basis of a violation of section 1747.70(b) implicates section 1681s-2(b). Accordingly, Plaintiff's claims under the section 1747.70 of California's Song-Beverly Act are also preempted under section 1681t(b)(1)(F).

*Id.* at *41-*42 (citing cases). Again, plaintiff cites no authority to the contrary. Accordingly, the Court GRANTS defendants' motions to dismiss plaintiff's claims for violations of California Civil Code section 1747.70.

Defendant FIA argues that plaintiff's section 1747.50 claims are also preempted. The Court disagrees. Section 1747.50 imposes a duty on credit card issuers to correct billing errors. It does not relate to the duty of credit information furnishers to investigate inaccurate items on credit reports. As such, it is not preempted by the FCRA.

Plaintiff also alleges a claim under section 1747.06 of the Song-Beverly Act, which provides, in pertinent part:

---

credit reporting agency." *Pulver v. Avco Fin. Servs.*, 182 Cal. App. 3d 622, 633 (Cal. Ct. App. 1986); *see also Davis v. Maryland Bank, N.A.*, No. C 00-04191 SBA, 2002 U.S. Dist. LEXIS 26468, at *43 (June 19, 2002 N.D. Cal.).

7

> A credit card issuer that mails an offer or solicitation to receive a credit card and, in response, receives a completed application for a credit card that lists an address that is different from the address on the offer or solicitation shall verify the change of address by contacting the person to whom the solicitation or offer was mailed.

Cal. Civil Code § 1747.06(a). Defendant FIA argues that the FAC fails to allege that the defendants "mail[ed] an offer or solicitation to receive a credit card," a necessary element of a section 1747.06 claim. The Court agrees, and DISMISSES plaintiff's section 1747.06 claim, with leave to amend.

### C.  Negligence

All three moving defendants argue that plaintiff's negligence claim, to the extent it is not preempted by the FCRA, is time-barred. The claim is subject, they argue, to the two-year statute of limitations under California Code of Civil Procedure section 339. The fact that plaintiff may have been "medically indisposed" during large parts of 2004, defendants argue, is irrelevant, because the California tolling statutes do not recognize medical indisposition as a valid basis for tolling. While this may be so, the Court nonetheless finds that there is a factual dispute as to whether plaintiff's negligence claim is time-barred. California Code of Civil Procedure section 339 provides in pertinent part that an action subject to the two-year limit "shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder." Though plaintiff may have received some notice, as early as January 2004, that fraudulent accounts had been opened in his name, this fact does not conclusively establish that plaintiff had discovered, by that point, the myriad losses he alleges to have sustained. When he discovered his losses is a factual question that the Court cannot decide at this point. Accordingly, the Court DENIES defendants' motions to dismiss those portions of plaintiff's negligence claim that do not relate to the furnishing of credit information.

### D.  Misrepresentation

As mentioned above, plaintiff has filed a notice of voluntary dismissal as to his seventh cause of action, for misrepresentation, as to defendants Citibank and FIA. In its motion, Chase moves to dismiss the misrepresentation claim as well, based on a failure to meet the Federal Rule of Civil Procedure 9(b) pleading standards. In response, plaintiff argues that paragraphs 310 through 314

8

provide sufficiently specific allegations of fraud. The Court agrees. Paragraphs 310 through 314 allege, for example, that the Chase employee who fielded plaintiff's phone call regarding the November 14, 2003 "identification verification letter" misled plaintiff by assuring him that he "had caught the problem in time," ¶ 310, when in fact "Chase had already issued the account," ¶ 311. These allegations plead an instance of past fraud with sufficient particularity to survive, at this stage. The Court therefore DENIES Chase's motion to dismiss plaintiff's seventh cause of action.

### E.     California Business & Professions Code § 17200

Finally, defendants argue that plaintiff's Business & Professions Code section 17200 claims fail. Citibank argues that plaintiff lacks standing to bring a 17200 claim, as he has not alleged that he is a "person who has suffered injury in fact and has lost money or property as a result of such unfair competition." § 17204. The Court agrees. In his 17200 claim, plaintiff does not allege monetary or proprietary damage. *See* ¶ 367. The Court therefore DISMISSES plaintiff's eleventh cause of action, with leave to amend.

## III.    Chase's motion to strike

In the event that the Court does not dismiss all claims against it, Chase also moves to strike "those portions of [plaintiff's FCRA claim] that refer to any violation other than failing to conduct a reasonable investigation." Mot. at 22:11-12. The Court DENIES Chase's motion to strike.

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions serve the function of "avoid[ing] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation and internal quotation omitted). Rule 12(f) motions are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

This case involves a multitude of defendants, credit card accounts, and credit reports, all of

which relate to each other. As such, the Court cannot ascertain, at this point, which allegations of the complaint are wholly irrelevant to the case. Accordingly, the Court DENIES Chase's motion to strike, without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART defendants' motions to dismiss. [Docket Nos. 46, 52, 67]. Plaintiff is GRANTED leave to amend portions of the complaint, as indicated above. Plaintiff must file his Second Amended Complaint on or before July 27, 2007.

**IT IS SO ORDERED.**

Dated: July 11, 2007

SUSAN ILLSTON
United States District Judge