1  Tracy Strong (State Bar No. 221540)
   tstrong@jonesday.com
2  David L. Wallach (State Bar No. 233432)
   dwallach@jonesday.com
3  JONES DAY
   555 California Street
4  San Francisco, CA 94105
   Telephone:   (415) 626-3939
5  Facsimile:   (415) 875-5700

6  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12 | ERIC ROBERT DREW,                          | Case No. C07-00726 SI
13 |             Plaintiff,                     | [PROPOSED] STIPULATED
                                                  PROTECTIVE ORDER
14 |     v.                                     |
15 | EQUIFAX INFORMATION SERVICES
   | LLC, EXPERIAN INFORMATION
16 | SOLUTIONS, INC., TRANSUNION LLC,
   | NCAC, BANK OF AMERICA, FLEET
17 | CREDIT CARD SERVICE, AT&T
   | UNIVERSAL CARD SERVICES,
18 | CITIGROUP, BANK ONE
   | CARDMEMBER SERVICES, FIRST USA
19 | BANK, N.A., FIA CARD SERVICES,
   | N.A., CITIBANK (SOUTH DAKOTA)
20 | N.A.], CHASE BANK USA, N.A., and
   | DOES 4-100,
21
   |             Defendants.
22

23

24

25

26

27

28

IT IS HEREBY STIPULATED by and between Plaintiff Eric Robert Drew and Defendants Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion"), Equifax Information Services LLC ("Equifax"), Bank of America, FIA Card Services, N.A. ("FIA"), AT&T Universal Card Services ("AT&T"), Citigroup, Citibank (South Dakota) N.A. ("Citibank"), Bank One Cardmember Services ("Bank One"), First USA Bank, N.A. ("First USA Bank"), and Chase Bank USA, N.A. ("Chase") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.  This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the party responsible for designating documents as "confidential" agrees otherwise in writing or a court order otherwise directs.

3.  Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."  If only a portion or portions of the material on a page qualifies for protection, the producing party or non-party must clearly identify the protected portion(s).

4.  To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall submit the same to the Court with a request to file under seal in

1  accordance with this Court's Civil Local Rule 79-5.  Copies of such documents containing
2  information subject to this Protective Order that are served on counsel for the parties shall be
3  similarly identified and shall be maintained as Confidential.
4      5.    All documents, transcripts, or other materials subject to this Order, and all
5  information derived therefrom (including, but not limited to, all testimony, deposition, or
6  otherwise, that refers, reflects or otherwise discusses any information designated Confidential
7  hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial
8  or competitive purposes or for any purpose whatsoever other than solely for the preparation and
9  trial of this action in accordance with the provisions of this Order.
10     6.    Except with the prior written consent of the individual or entity asserting
11 confidential treatment, or pursuant to prior Order after notice, any document, transcript or
12 pleading given confidential treatment under this Order, and any information contained in, or
13 derived from any such materials (including but not limited to, all deposition testimony that refers,
14 reflects or otherwise discusses any information designated confidential hereunder) may not be
15 disclosed other than in accordance with this Order and may not be disclosed to any person other
16 than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether
17 retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in
18 the preparation of this litigation; (d) fact witnesses who have signed the "Agreement to Be Bound
19 by Protective Order" (Exhibit A), subject to a proffer to the Court or a stipulation of the parties
20 that such witnesses need to know such information; and (e) present or former employees of the
21 producing party in connection with their depositions in this action (provided that no former
22 employees shall be shown documents prepared after the date of his or her departure).
23     7.    All persons receiving any or all documents produced pursuant to this Order shall
24 be advised of their confidential nature.  All persons to whom confidential information and/or
25 documents are disclosed are hereby enjoined from disclosing same to any other person except as
26 provided herein, and are further enjoined from using same except in the preparation for and trial
27 of the above-captioned action between the named parties thereto.  No person receiving or
28 reviewing such confidential documents, information or transcript shall disseminate or disclose

them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

///
///
///

| | |
|---|---|
| Dated: February 1, 2008 | Respectfully submitted,<br><br>JONES DAY<br><br>By:   /S/ David Wallach<br>      David Wallach<br><br>Counsel for Defendant<br>Experian Information Systems, Inc. |
| Dated: February 1, 2008 | Stroock & Stroock & Lavan LLP<br><br>By:   /S/ Marco Sasso<br>      Marco Sasso<br><br>Counsel for Defendants<br>Citigroup<br>Citibank (South Dakota) N.A. |
| Dated: February 1, 2008 | Ropers Meleski Kohn & Bentley<br><br>By:   /S/ George J. Weickhardt<br>      George J. Weickhardt<br><br>Counsel for Defendants<br>Bank One Cardmember Services<br>First USA Bank, N.A.<br>Chase Bank USA, N.A. |
| Dated: February 1, 2008 | Reed Smith LLP<br><br>By:   /S/ Jordan Yu<br>      Jordan Yu<br><br>Counsel for Defendant<br>FIA Card Services, N.A. |

1  Dated: February 1, 2008

King & Spalding LLP

By: ___/S/ K. Ann Brousard_____
     K. Ann Brousard

Counsel for Defendant
Equifax Information Services LLC

Dated: February 1, 2008

By: ___/S/ John B. Keating_____
     John B. Keating

Counsel for Plaintiff
Eric Robert Drew

IT IS SO ORDERED.

Dated:

_____
The Honorable Susan Illston
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [**date**] in the case of *Drew v. Equifax, et al.*, 07-0726 SI.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

SFI-570267v1