# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

April 10, 2008

**VIA ELECTRONIC FILING**

The Honorable Susan Illston
United States District Judge
450 Golden Gate Avenue
San Francisco, CA  94102

        Re:    *Drew v. Equifax et al., (No. C-07-00725 SI)*
                Experian's Motion to Compel Interrogatory Responses from Plaintiff

Dear Judge Illston:

      Experian Information Solutions, Inc. ("Experian") seeks an order compelling plaintiff Eric Drew to provide complete, substantive responses to five interrogatories, and to verify his responses to all of Experian's interrogatories.

      Experian served twelve interrogatories on plaintiff on September 6, 2007.  ¶ 1.[1] Plaintiff's responses were due on October 9. *See* Fed. R. Civ. P. 33.  Experian first granted plaintiff an extension to October 16, and then to October 18.  *See* ¶¶ 2-3.  However, plaintiff did not respond until October 26.  When he finally responded, plaintiff failed to provide substantive responses to Experian's interrogatories 2, 3, 10, 11 and 12, and did not verify his responses to any of the interrogatories.  *See* Ex. A.

      The parties met and conferred regarding the inadequacies in plaintiff's interrogatory responses and plaintiff agreed to provide supplemental responses.  ¶ 6.  As the March 7 motion to compel deadline arrived, plaintiff still had not provided the supplemental responses that he promised.  In order to give plaintiff more time, Experian agreed to stipulate to an extension of the motion to compel deadline to April 10, and the Court signed the stipulation.  ¶ 7.  April 10 has now arrived and plaintiff still has not provided the promised supplemental responses.  ¶ 8.

---

[1] All references to paragraphs (¶) and exhibits are to the Declaration of David L. Wallach, filed concurrently.

Hon. Susan Illston
April 10, 2008
Page 2

The interrogatories at issue request the following information:

- Identify each alleged violation of the Fair Credit Reporting Act (FCRA) by Experian and the facts supporting each violation (*See* Interrogatory 2);

- Identify each allegedly willful or reckless violation of the FCRA by Experian and the facts supporting the allegation of willfulness or recklessness (*see* Interrogatory 3);

- Identify all actual damages suffered by plaintiff as a result of Experian's alleged conduct (*see* Interrogatory 10);

- Describe how the damages identified in response to Interrogatory 10 were computed (*see* Interrogatory 11);

- Identify the facts supporting the damages identified in response to Interrogatory 10 (*see* Interrogatory 12).

The information sought by these interrogatories is highly relevant because it goes to the heart of Experian's alleged liability and plaintiff's alleged damages.

Any objections that plaintiff has to these interrogatories are waived, because plaintiff did not timely respond or object, despite the two extensions that Experian granted. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged.").

In any event, plaintiff's objection are groundless. His only objection to these five interrogatories consists of a generic statement that they are "burdensome and oppressive" because they "call[] for analysis to be conducted by Plaintiff or his attorney as to specific contentions and claims." *See* Ex. A. This is not a valid objection. "[T]he federal rules allow a litigant to require an opponent to answer interrogatories asking for a delineation of legal theories so long as the question is calculated to serve a 'substantial purpose' in prosecution of the suit, such as a narrowing of issues." *Hockley v. Zent, Inc.*, 89 F.R.D. 26, 31 (M.D. Pa. 1980); *Bohannon v. Honda Motor Co. Ltd.*, 127 F.R.D. 536, 538 (D. Kan. 1989) ("An interrogatory may properly inquire into a party's contentions in the case."). Further, the onus is on plaintiff to "make a specific, detailed showing of how the interrogatory is burdensome." *Alexander v. F.B.I.*, 192 F. R.D. 50, 53 (D.D.C. 2000). Plaintiff has not (and cannot) satisfy this burden. Indeed, "when interrogatories seek particulars of matters alleged generally in the interrogated party's pleading, or otherwise deal with matters pertaining primarily to the interrogated party's

JONES DAY

Hon. Susan Illston
April 10, 2008
Page 3

case, objections based on hardship, burden or expense . . . have usually been overruled upon the ground that the interrogated party would be obliged to make the investigation before trial in any event, and the only burden imposed by the interrogatories is to advance the compilation to an earlier stage of the proceedings." *Kainz v. Anheuser-Busch, Inc.*, 15 F.R.D. 242, 252 (N.D. Ill. 1954).

Finally, plaintiff has not verified any of his interrogatory responses, as required by Fed. R. Civ. P. 33(b)(2). There is no conceivable reason that he should be excused from this requirement.

Therefore, Experian respectfully requests an Order directing plaintiff Eric Drew to provide complete responses to Experian's interrogatories 2, 3, 10, 11 and 12, and to verify all of his interrogatory responses.

Respectfully submitted,

/S/ David L. Wallach

David L. Wallach

SFI-581593v1