David L. Wallach (State Bar No. 233432)
dwallach@jonesday.com
JONES DAY
555 California St., 26th Floor
San Francisco, CA
Telephone:    (415) 875-5827
Facsimile:    (415) 875-5700

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC ROBERT DREW,<br><br>        Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A., and DOES 1-100,<br>and<br>FIA CARD SERVICES, N.A. [Previously Doe 1], CITIBANK (SOUTH DAKOTA) N.A. [Previously Doe 2], CHASE BANK USA, N.A. [Previously Doe 3]<br><br>        Defendants. | Case No. C07-00726 SI<br><br>**DECLARATION OF DAVID BROWNE IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        July 18, 2008<br>Time:       9:00 a.m.<br>Courtroom:  10<br>Judge:      Hon. Susan Illston |

I, David A. Browne, declare as follows:

1. I am a Compliance Manager for Experian Information Solutions, Inc. ("Experian"). I have been so employed at Experian since September, 1996, the effective date of Experian's acquisition of TRW Inc.'s ("TRW") consumer credit reporting business. I previously was similarly employed by TRW for approximately twenty years. During my last seven years at TRW, I assisted in ensuring TRW's compliance with the Fair Credit Reporting Act (the "FCRA"). I continue in that capacity with Experian. I have also tested some of the changes to Experian's computer system and developed the business rules for some of the changes. In addition, I have identified and specified a number of enhancements to the computer systems and procedures used by TRW and Experian over the past 14 years. My current duties include helping to ensure that Experian's computer systems and procedures comply with federal and state credit reporting laws, and Experian's requirements for quality. I am fully familiar with the procedures that Experian employs in gathering and storing credit information and in assembling credit reports and consumer disclosures. I am also familiar with the credit scoring models used by Experian, and the various factors affecting consumers' credit scores. The facts stated in this declaration are true of my own personal knowledge, and if called to testify to them, I would competently do so.

2. Experian operates a consumer credit reporting agency. Experian essentially acts as a storehouse of credit information by storing, retrieving, and furnishing data as allowed by the Fair Credit Reporting Act (FCRA).

3. Experian does not originate or create any credit information. Instead, credit grantors, known as "subscribers," report to Experian information called "trade lines" that consist of credit account information such as account number, account status, payment history and balance.

4. When subscribers report accounts to Experian, they report it along with certain identifying information—such as a consumer's name, social security number, address and date of birth—designed to link the credit items to the appropriate consumers.

5. Similarly, when a subscriber requests credit information from Experian in the form of a credit report, the subscriber provides the same type of identifying information about the particular consumer.

6. Experian's computer system does not store completed credit reports. Instead, the system stores items of credit data that are linked to identifying information. To determine which credit items should be displayed on a particular credit report, Experian's computer system compares and "matches" the identifying information provided in the request or "inquiry" with the identifying information that was reported with the various credit items.

7. After credit data is received by Experian, but before it is added to Experian's credit files, the information is subjected to rigorous quality control and statutory compliance procedures to ensure the maximum possible accuracy of Experian credit reports. These procedures include: (1) working with credit grantors to ensure that they supply the most complete and accurate data possible; (2) subjecting all incoming data to numerous systems and checks designed to prevent errors; and (3) continually reviewing and refining Experian's computer systems in an ongoing effort to assure maximum possible accuracy reasonably achievable.

8. Experian has also implemented procedures designed to involve the consumers who are the subjects of the credit reports in the process in order to assure the maximum possible accuracy of such reports. To this end, Experian makes available to any consumer a copy of his or her credit report to give them an opportunity to review the information reported and advise Experian of any potential inaccuracies. Consumers who disagree with the accuracy or completeness of any items of credit information can submit disputes of those items directly to Experian, and Experian will reinvestigate the item. Experian actively encourages consumers to request credit disclosures, review them, and submit disputes of any items they believe to be inaccurate or incomplete in order to assure that the information reported by Experian is as accurate as possible.

9. Experian has also developed extensive policies and procedures to combat identity theft. These include:

- Maintaining a unit of highly trained specialists in its National Consumer Assistance Center to assist consumers who have been victims of identity theft;
- Implementing a system called "Fraud Shield" which alerts lenders to potentially high risk information, such as a social security number that may belong to a child or teenager, or an address that has been associated with past acts of fraud;
- Implementing a "fraud delete" function, which allows Experian to delete any address associated with identity theft in a manner that will prevent any new accounts reported from the same address from displaying on the victim's credit report;
- Adding an "initial fraud alert" to the credit report of any consumer who informs Experian that he or she suspects that they have been, or may soon become, a victim of identity theft. This initial alert remains on a consumer's credit report for 90 days and directs credit grantors to carefully verify a consumer's identity before extending credit;
- Adding an "extended alert" to the credit report of any consumer who informs Experian that he or she is a victim of identity theft, and requests the alert. This alert remains on a consumer's credit report for 7 years, and directs credit grantors not to extend credit without first personally contacting the consumer to verify his or her identity;
- Deleting any information identified by a consumer as resulting from identity theft upon receipt by Experian of appropriate consumer identification and a copy of an identity theft police report.

10. These procedures can function properly only if Experian is informed that a consumer is a victim of identity theft, or that information associated with a consumer is high risk, such as an address associated with past acts of fraud.

11. Identity theft is sometimes perpetrated by an imposter that uses a new address along with a consumer's identification. However, this is by no means the only, or even the usual,

method by which these imposters operate. Very often, Experian encounters cases in which consumers' identities are stolen by persons who reside with them, such as room-mates or family members. Identity theft also often occurs at addresses recently used by a consumer because the consumer's mail, with their personal information, may continue to be delivered to that address, thereby giving the new occupant the means to steal the consumer's identity.

12. If credit reporting agencies were precluded from providing a consumer's report to a credit furnisher that supplies a consumer's exact name and social security number, but a new address not previously reported to Experian, the system of credit reporting could not function. Millions of consumers change their residence every year and few, if any, report these changes to Experian. Further, many consumers use multiple addresses, including their business address or the address of a second home. If Experian could not provide a consumer's credit report whenever a new or temporary address is used, then consumers with good credit histories would lose those histories every time they moved or used temporary addresses. Further, consumers with bad credit histories could hide their past merely by changing their residence, or using a new mailing address, such as a post office box. The credit reporting system could not function under these circumstances.

13. Further, Experian has no means of reasonably or expeditiously contacting a consumer to verify his or her identity when a credit report is requested using a new address. This is because, unlike credit furnishers, Experian normally has no direct contact with the consumer.

14. Experian has verified pursuant to 15 U.S.C. § 1681e(a) that Bank One/First USA ("First USA") is legitimately in the business of providing consumer credit, and therefore has permissible purposes for viewing consumer credit reports.

15. In accordance with 15 U.S.C. § 1681e(a) and 16 C.F.R. App. Pt. 600, Sec 607(2), First USA has certified to Experian that it will view Experian credit reports only for purposes permissible under the FCRA.

16. I have reviewed plaintiff's Experian credit reports produced in this case. One primary factor adversely affecting his credit score in 2005 was his small number of open or recent credit accounts. For example, plaintiff's April 6, 2005 credit report shows that he had only two

open credit accounts. Both the small number of these accounts, and the type of the accounts—one was a gas card—would have adversely affected plaintiff's credit score.

17.   Plaintiff's credit score would have received a greater benefit from changing Bank of America Account No. 4305 5000 **** **** ("Bank of America Account") to a recently closed, positive account, then from deleting it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of May, 2008 at Costa Mesa, California.

_____
David Browne

SFI-583821v2