1  David L. Wallach (State Bar No. 233432)
   dwallach@jonesday.com
2  JONES DAY
   555 California St., 26th Floor
3  San Francisco, CA
   Telephone:   (415) 875-5827
4  Facsimile:    (415) 875-5700

5  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS, INC.

6

7

                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                        SAN FRANCISCO DIVISION
10

11

12 | ERIC ROBERT DREW,                              | Case No. C07-00726 SI
13 |                      Plaintiff,                | **DECLARATION OF KIMBERLY HUGHES IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**
14 |        v.                                      |
15 | EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A., and DOES 1-100, and FIA CARD SERVICES, N.A. [Previously Doe 1], CITIBANK (SOUTH DAKOTA) N.A. [Previously Doe 2], CHASE BANK USA, N.A. [Previously Doe 3] | Date:        July 18, 2008
   |                                                 | Time:        9:00 a.m.
   |                                                 | Courtroom:   10
   |                                                 | Judge:       Hon. Susan Illston
16 |
17 |
18 |
19 |
20 |
21 |
22 |                      Defendants.               |

I, Kimberly Hughes, declare as follows:

1. I am currently employed as Specialist Consultant in Consumer Affairs for Experian Information Solutions, Inc. ("Experian"). I have been employed by Experian since August of 1997. My general responsibilities include processing, examining and responding to consumer complaints; verifying and updating consumers' credit profile disputes; and researching records regarding Experian subscribers relating to consumer complaints. Based upon my experience with Experian, I am very familiar with Experian's procedures pertaining to consumer disputes, Experian's procedures related to its credit disclosure reports, and with the business records maintained by Experian's credit reporting division. I am also familiar with Experian's records regarding plaintiff Eric Drew. All documents referenced herein were kept by Experian in Experian's ordinary course of business.

2. The facts set forth herein are based upon my own personal knowledge and information available to me in the above referenced capacity from my review of the records regularly maintained and relied upon by Experian in the conduct of its business affairs, and if called to do so, I could and would testify competently thereto.

3. Experian reinvestigates items on credit reports that consumers contend are inaccurate or incomplete. In performing investigations, Experian considers all relevant information and supporting documentation that a consumer provides. However, because Experian does not have access to creditors' records, Experian reinvestigates disputed items generally by contacting the creditor, explaining the consumer's disputes, and asking for a response concerning the accuracy of the disputed items. Two means by which Experian does this are Consumer Dispute Verification (CDV) and Automated Consumer Dispute Verification (ACDV) forms.

4. For the reinvestigation process to work properly it is essential for the consumer to correctly identify the alleged inaccurate data and the specific nature of their dispute. This is because Experian focuses its investigation on the data that a consumer disputes, and on the basis for that dispute. For example, if a consumer disputes the payment status of an account, then Experian will reinvestigate the account's payment status. Similarly, if a consumer disputes his

ownership of an account, then Experian will reinvestigate the ownership of the account according to the records of the reporting source. Further, if a consumer disputes an account as resulting from identity theft, then Experian will forward the dispute to a Fraud trained agent for reinvestigation. However, in any investigation, Experian requests that the creditor verify the entire accuracy of the item in question.

5. After an investigation is completed, Experian sends the results to the consumer with a summary reflecting the status of the items disputed, *e.g.*, whether they have been deleted, updated, or verified as reported. The summary also contains a statement regarding procedures the consumer may follow if the consumer disagrees with the results of the investigation, including providing Experian with additional information relating to the dispute, disputing the account directly with the creditor that is reporting it to Experian, or adding a statement to the consumer's credit file explaining to viewers of that file that the item is disputed by the consumer. *See, e.g.*, Ex. 1, *infra*.

6. According to Experian's records, Citibank/AT&T Universal Account No. 5491 1030 **** **** ("the Citibank Account") has been reported to Experian since October 2003.

7. According to Experian's records, the address "7941 Martin Luther King Jr. S Way, Apt. 50, Seattle Washington 98118" was first reported to Experian as associated with plaintiff on October 24, 2003. It was reported by Citibank.

8. According to Experian's records, Chase Account No. 4226 9703 **** **** ("the Chase Account") has been reported to Experian since November 2003. Experian no longer has records of the exact date on which this account was reported.

9. According to Experian's records, First USA viewed credit information about Plaintiff on November 28 and December 1, 2003. As Experian retains information related to inquiries for two years after the date of inquiry, Experian no longer has records of the exact information provided to it by First USA.

10. Experian's records contain no indication that credit information about Plaintiff was viewed by Citibank/AT&T Universal at any time in October 2003, by Chase in November 2003, or by Fleet Credit Card Service or Bank of America in January 2004.

11. Pursuant to Experian's procedures and regular business practices, it keeps a record of all consumer contacts regarding investigation requests.

12. Experian's records indicate that the first time that it was contacted by Eric Drew after March of 2003 occurred on January 20, 2004, when plaintiff left a voicemail on Experian's automated voicemail system requesting an initial fraud alert on his credit report. Experian's records indicate that plaintiff did not inform it at this time that any item of information on his credit report was inaccurate or fraudulent, or request that Experian delete or reinvestigate any information.

13. Experian put a fraud alert on plaintiff's credit report that same day, and sent notice to him along with a copy of his current Experian credit report. A true and correct copy of this notice and credit report is attached as Exhibit 1. This notice advised Mr. Drew to consider placing an extended 7-year alert on his credit report, which would ask creditors to contact Mr. Drew personally before issuing credit. *See* Ex. 1 at EXP00124. It also advised him that, if he was a victim of identity theft and provided Experian with appropriate documentation, Experian would delete any information from his credit report which he identified as resulting from the identity theft. *See id.* at EXP 00136.

14. Experian's records indicate that plaintiff did not inform Experian that any information on his credit report resulted from identity theft, request that Experian delete any information on his credit report, or request that Experian add an extended 7-year alert to his credit report, until October 2005.

15. First USA Account No. 4388 5752 **** **** was deleted from Mr. Drew's Experian credit report on February 16, 2004 at the request of First USA. The Chase account was deleted at the request of Chase on February 10, 2005. Experian no longer has any record of the date on which the Citibank account was deleted. However, it was no longer appearing on plaintiff's April 6, 2005 credit report, a true and correct copy of which is attached as Exhibit 2.

16. On March 12, 2004, Experian was carbon copied on a response from Fleet CC to Trans Union regarding a dispute by plaintiff with Trans Union of account 4305 5000 **** ****.

HUGHES DECLARATION
CASE NO. C07-00726 SI

This notice did not communicate to Experian the precise nature of plaintiff's dispute with Trans Union, nor did it provide any indication that the Bank of America account resulted specifically from identity theft. The notice indicated that Fleet CC did not request deletion of the account.

17. On April 6, 2005, plaintiff, or a person acting on his behalf, logged into Experian's online system and disputed the status of Bank of America account 4305 5000 **** ****. At this time, this account was appearing on plaintiff's credit report as closed with a prior 120-day delinquency. *See* Ex. 2 at EXP 0151. Plaintiff informed Experian that he had always paid it on time. Plaintiff asked Experian to investigate the account on this basis.

18. Accordingly, Experian sent an Automated Consumer Dispute Verification (ACDV) to Bank of America conveying plaintiff's dispute and asking Bank of America to verify or update the information. A true and correct copy of this ACDV is attached as Exhibit 3.

19. On May 17, Bank of America responded to Experian's ACDV by informing Experian that the information it was reporting on the account was accurate. *See* Ex. 3. The next day, Experian sent plaintiff a current copy of his credit report informing him of the results of this investigation, a true and correct copy of which is attached as Exhibit 4.

20. Plaintiff next contacted Experian on July 19, 2005, when he, or a person purporting to act on his behalf, logged onto Experian's online system and again disputed the status of Bank of America account 4305 5000 **** ****. Plaintiff again informed Experian that he had always paid this account on time.

21. Accordingly, Experian sent another ACDV to Bank of America conveying plaintiff's dispute and asking Bank of America to verify or update the information. A true and correct copy of this ACDV is attached as Exhibit 5.

22. On August 15, Bank of America responded to Experian's ACDV by informing Experian that the information it was reporting on the account was accurate. *See* Ex. 5. Experian immediately sent plaintiff a current copy of his credit report informing him of the results of this investigation, a true and correct copy of which is attached as Exhibit 6.

23. Plaintiff, or a person purporting to act on his behalf, next contacted Experian on October 6, 2005 by telephone. At this time, plaintiff informed Experian for the first time that

1  Bank of America account 4305 5000 **** **** was a result of fraud and did not belong to him.
2  Experian immediately forwarded the dispute to a Fraud trained agent, who initiated an
3  investigation.

4      24.    On October 10, 2005, Experian received two facsimiles from plaintiff with
5  transmittal dates of October 7, 2005. True and correct copy of these facsimiles are attached as
6  Exhibits 7 and 8. The first facsimile contained a letter from plaintiff's attorney, John Keating (Ex.
7  7 at EXP 0001), a letter from the FBI addressed to Experian (though at an address that does not
8  belong to Experian) which identified plaintiff as a victim of identity theft (EXP 0002), and an
9  Experian credit report dated August 15, 2005 (*id.* at EXP 0003-14). The letter stated that the
10 items on the credit report which were circled resulted from identity theft and should be deleted.
11 *See id.* at EXP. 0001. The second facsimile contained another letter from plaintiff's attorney (Ex.
12 8 at 0015) and a December 2003 police report from the Los Gatos Police identifying plaintiff as a
13 victim of identity theft (*id.* at EXP 0016-17).

14     25.    Experian has no record of receiving any letter from the FBI pertaining to plaintiff,
15 or any police report identifying plaintiff as an identity theft victim, prior to the facsimiles it
16 received on October 10, 2005.

17     26.    On October 11, 2005, Experian deleted from plaintiff's credit report all the items
18 identified by plaintiff as fraudulent, and sent an updated credit report to plaintiff. A true and
19 correct copy of this credit report is attached as Exhibit 9.

20     I declare under penalty of perjury under the laws of the United States of America that the
21 foregoing is true and correct.
22     Executed this 22ND day of May, 2008 at Allen, Texas.

                                                      */s/ Kimberly Hughes*
                                                      Kimberly Hughes

SFI-584349v1

# EXHIBITS 1-9
# (FILED UNDER SEAL)

David L. Wallach (State Bar No. 233432)
dwallach@jonesday.com
JONES DAY
555 California St., 26th Floor
San Francisco, CA
Telephone:    (415) 875-5827
Facsimile:    (415) 875-5700

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC ROBERT DREW,<br><br>             Plaintiff,<br><br>     v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A., and DOES 1-100,<br>and<br>FIA CARD SERVICES, N.A. [Previously Doe 1], CITIBANK (SOUTH DAKOTA) N.A. [Previously Doe 2], CHASE BANK USA, N.A. [Previously Doe 3]<br><br>             Defendants. | Case No. C07-00726 SI<br><br>**MANUAL FILING NOTIFICATION RE EXHIBITS 1-9 TO THE DECLARATION OF OF KIMBERLY HUGHES IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:           July 18, 2008<br>Time:          9:00 a.m.<br>Courtroom:  10<br>Judge:         Hon. Susan Illston |

SFI-584367v1

MANUAL FILING NOTIFICATION
CASE NO. C07-00726 SI

## MANUAL FILING NOTIFICATION

Regarding the following document(s):

1.  Exhibits 1-9 to the Declaration of Kimberly Huges In Support Of Experian Information Solution Inc.'s Motion for Summary Judgment.

This filing is in paper or physical form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly. For information on retrieving this filing directly from the court, please see the court's main web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not efiled for the following reason(s):

[_] Voluminous Document (PDF file size larger than the efiling system allows)

[_] Unable to Scan Documents

[_] Physical Object (description): _____

[_] Non-Graphic/Text Computer File (audio, video, etc.) on CD or other media

[X] Item Under Seal

[_] Conformance with the Judicial Conference Privacy Policy (General Order 53).

[_] Other (description):

Dated: May 23, 2008                           JONES DAY

                                              By: /s/ David Wallach
                                                    David Wallach

                                              Counsel for Defendants