THOMAS P. QUINN (SBN: 132268)
NOKES & QUINN
450 OCEAN AVENUE
LAGUNA BEACH, CA 92651
Tel: (949) 376-3055
Fax:  (949) 376-3070
Email: tquinn@nokesquinn.com

J. ANTHONY LOVE [Pro Hac Vice]
Georgia Bar No:  459155
K. ANN BROUSSARD [Pro Hac Vice]
Georgia Bar No:  100142
KING & SPALDING
1180 PEACHTREE STREET, N.E.
ATLANTA, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: tlove@KSLAW.com
        abroussard@KSLAW.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC ROBERT DREW,<br><br>        Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT, CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A. and DOES 1-100,<br><br>        Defendants. | Case No. 3:07-cv-00726-SI<br>**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC'S AND EXPERIAN INFORMATION SOLUTIONS INC.'S NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**<br><br>**<u>Accompanying Documents</u>**<br><br>1. Declaration of Ann Broussard<br>2. Declaration of Kimberly Hughes<br>3. Declaration of David Browne<br>4. [Proposed] Order<br><br>Date: July 18, 2008<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor<br>Judge:  The Honorable Susan Illston |

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE
EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS
Case No: 3:07-cv-00726-SI

1

**TABLE OF CONTENTS**

2

**Page**

3

NOTICE OF MOTION AND MOTION ...................................................................1

4

RELIEF REQUESTED .........................................................................................1

5

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

6

7

    I.       INTRODUCTION.......................................................................................1

8

    II.      FACTS. ......................................................................................................2

9

          A.    Plaintiff's Purported Expert, Evan Hendricks...........................2

10

11

          B.    Hendricks' Report. ..................................................................3

12

          C.    The Five Fraud Items. .............................................................4

13

    III.     ARGUMENT. .............................................................................................4

14

15

          A.    Legal Standard.........................................................................4

16

          B.    Hendricks Is Not Qualified. .....................................................5

17

          C.    Hendricks Did Not "Prepare" His Report. ...............................5

18

          D.    Portions of Section IV of Hendricks' Report Should Be Stricken. ..............5

19

20

               i.    Section IV.A of Hendricks' Report Should Be Stricken................6

21

               ii.    Section IV.C of Hendricks' Report Should be Stricken.................6

22

               iii.   Section IV.D of Hendricks' Report Should be Stricken In Part. ................................8

23

24

               iv.   Section IV.E Of Hendricks' Report Should Be Stricken In Part. ................................8

25

          E.    Section V of Hendricks' Report Should be Stricken.................9

26

               i.    Hendricks' opinions are not based on sufficient facts to be admissible under Federal Rule of Evidence 702............................9

27

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

i

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE
EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

ii.    Hendricks Opinion Regarding The Reasonableness Of the CDV And ACDV Investigation Methods Should Be Excluded....................................................................................... 11

iii.    Hendricks' opinion regarding the reasonableness of defendants' matching systems should be excluded...................... 13

F.    Section VII of Hendricks Report Should Be Stricken.............................. 14

IV.    CONCLUSION. ...................................................................................... 14

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

ii

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

*Andrews v. TRW, Inc.*
No. CV 96-7369 LGB VAPX (C.D. Cal.) ........................................................................ 9

5

*Christophersen v. Allied-Signal Corp.*
6
939 F.2d 1106 (5th Cir. 1991) ............................................................................................ 9

7

*Figueroa v. Simplicity Plan de Puerto Rico*
8
267 F. Supp. 2d 161 (D. Puerto Rico 2003) .................................................................... 11

9

*Guidroz-Brault v. Mo. Pac. R.R.*
10
254 F.3d 825 (9th Cir. 2002) .............................................................................................. 5

11

*Harris v. Experian Info. Sol'ns, Inc.*
No. CV 01-1728-HA (D. Or.) .............................................................................................. 9

12

*Lone Star Steakhouse and Saloon, Inc. v. Liberty Mutual Insurance Group*
13
343 F. Supp. 2d 989 (D. Kan. 2004) ................................................................................ 11

14

*O'Conner v. Commonwealth Edison Co.*
15
807 F. Supp. 1376 (C.D. Ill. 1992) ..................................................................................... 9

16

*Salas v. Carpenter*
980 F. 2d 299 (5th Cir. 1992) .............................................................................................. 11

17

*Thomas J. Kline, Inc. v. Lorillard, Inc.*
18
878 F.2d 791 (4th Cir. 1989) ............................................................................................... 5

19

*Thomas v. Trans Union LLC*
20
No. 00-1150-JE (D. Or.) ...................................................................................................... 9

21

*Wellman v. Norfolk and Western Railway Co.*
22
98 F. Supp. 2d 919 (S.D. Ohio 2000) ............................................................................... 11

23

*White v. Ford Motor Credit Co.*
24
312 F.3d 998 (9th Cir. 2002) .............................................................................................. 4

### STATUTES

25

26
15 U.S.C. § 1681a(q)(3) ............................................................................................................ 7

27
Fed. R. Evid. 702 ...................................................................................................................... 4, 9

### TREATISE

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1

Federal Practice and Procedure § 6264 ........................................................................ 11

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE
EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 9:00 a.m. on July 18, 2008, before the Honorable Susan Illston in Courtroom 10, located at 450 Golden Gate Avenue, 19th floor, San Francisco, California, defendants Experian Information Solutions, Inc. ("Experian") and Equifax Information Services, L.L.C. ("Equifax") will move to strike portions of the expert report of Evan Hendricks ("Hendricks"), and to exclude Hendricks from testifying regarding the matters addressed therein.

## RELIEF REQUESTED

Disqualify Hendricks from testifying as a witness on any of the topics set forth in his report on the basis that he lacks the necessary education, training and experience in the field.  In the alternative, strike Parts IV.A, IV.B, IV.C, IV.D (in part), IV.E (in part), V and VII of Plaintiff's Rule 26(a)(2) Expert Witness Report of Evan Hendricks, and preclude plaintiff from introducing testimony from Hendricks about the matters set forth in those Parts of his report at trial or in opposition to summary judgment.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I      INTRODUCTION.**

Plaintiff has retained Evan Hendricks ("Hendricks") to offer expert testimony on credit scores, the manner in which credit bureaus like Equifax and Experian investigate consumer disputes and a host of other issues.  Hendricks is not qualified to offer legally admissible opinions on these issues because he lacks the necessary education, training and experience in the field.  His report and testimony should be stricken for these reasons alone.

If Hendricks were otherwise qualified, however, his report still would not be admissible because it is inherently unreliable.  Plaintiff did not retain Hendricks until less than a week before expert reports were due.  Hendricks was "physically unable" to review the evidence, formulate informed opinions and write a report in this short time-frame.  As a result, Hendricks based his opinions on a series of factual assumptions which he now admits to be false.  Hendricks' report

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

should be stricken because it would not assist the trier of fact since it is unrelated to facts at issue and is based on factual assumptions that are not supported by the evidence.

Further, as discussed more fully below, Equifax and Experian offer separate grounds for striking Parts IV.A, IV.B, IV.C, IV.D (in part), IV.E (in part), V and VII of Hendricks' report, and preclude plaintiff from introducing testimony from Hendricks about the matters set forth in those Parts of his report at trial or in opposition to summary judgment.

## II   FACTS.

### A.   Plaintiff's Purported Expert, Evan Hendricks.

Evan Hendricks is a journalist who has devoted most of his career to publishing a small newsletter on data privacy issues. Deposition of Evan Hendricks, relevant portions of Volumes I and II are collectively attached to the Declaration of K. Ann Broussard as Exhibit A and hereinafter referred to as the "Hendricks Depo.", (Vol. I, 11:19-25; 180:16-182:5). The newsletter has a circulation of less than 400 subscribers. (*Id.*) Hendricks' only formal education consists of a bachelor's degree in political science. (*Id.* Vol. I, 7:14-20). He has never taken any courses in business, computer programming or statistics. (*Id.* Vol. I, 7:24-8:2, 82:21-83:8). He has never worked for, or provided consulting services for, a bank, lender, other credit grantor or credit reporting agency. (*Id.* Vol. I, 8:3-5; 9:2-9; 9:23-10:1; 10:7-10; 171:2-10; 246:20-247:14). Nor has he ever worked for the Federal Trade Commission, the regulatory agency for credit bureaus. (*Id.* Vol. II., 259:8-15). He has never assisted any credit bureaus in drafting any policies and procedures for handling identity theft disputes. (*Id.* Vol. II, 260:8-11). He has never conducted any reinvestigation under the FCRA. *(Id.* Vol. II, 260: 12-15). In fact, he has never engaged in any of the activities that are a part of the daily operation of a credit reporting agency. (*Id.* Vol. II, 260:12-261:23). Hendricks did not participate in writing the FCRA or the CCCRA and has no knowledge of the requirements of the various other California state law claims under which Plaintiff brings this action. (*Id.*, Vol. II, 259:16-260:7).

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

**B.     Hendricks' Report.**

On April 1, 2008, plaintiff designated Hendricks as an expert witness to testify at trial "as to his opinions and conclusions as outlined in his report" and regarding certain categories of information pertaining to Plaintiff, including, *inter alia*, (1) the "industry practices and practices of the specific defendants both generally and regarding the specific Eric Drew identity theft circumstances;" (2) "the history of the credit report inaccuracy problem;" (3) "the credit reporting, the fraud and dispute investigation, notification, verification and response of the credit information furnishers and credit agencies;" and (4) "the correction of the credit reports."  (*See* Plaintiff's Expert Designation, attached to the Broussard Declaration as Exhibit B and hereinafter referred to as the "Report", at  pp. 2-3).[1]

In the Report, Hendricks states that his opinion is based on approximately 2,200 pages of documents produced by the parties and the transcripts of the depositions in this case.  (*Id.,* Exhibit B at pp. 39-41).  However, in his deposition, Hendricks testified that he reviewed only about 100 of the documents produced in this case, "less than 50 percent" of plaintiff's deposition, and part of a deposition by Chase.  (Hendricks Depo., Vol. I, 26:19-23; Vol. II, 340:5-8).  That is all.  This is because Hendricks was not retained by plaintiff until a few days before the deadline for providing expert reports.  (*Id*. at 321:14-18).  Hendricks "was physically unable" to carefully review the evidence, formulate an opinion and write a report before the deadline.  (*Id*. at 95:13-96:6; 176:17-178:3).  As a result, plaintiff's counsel, John Keating, drafted the sections of the Report that relate specifically to this case.  (*Id*. at 177:19-178:3).

Based on his hasty and incomplete review of the evidence, Hendricks produced a report opining on 12 separate topics relating to the CRA-defendants (*See* Ex. B at 20-30), along with a lengthy background section addressing, *inter alia*, the "nature and purpose" of credit scores and credit reports, the history of "significant rates of inaccuracy in credit report data," and the history

---

[1] Unless otherwise indicated, all exhibits are attached to the Declaration of K. Ann Broussard, filed concurrently herewith.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

of identity theft.  (*Id*. at 9-19).

**C.   The Five Fraud Items.**

In his deposition, Hendricks admitted that there were only five items that ever appeared on Plaintiff's credit files as the result of fraud:  (1) Martin Luther King Jr. Way address in Seattle; (2) a Bank of America account; (3) a Citibank account; (4) a Chase; account, and (5) a Bank One account.  (Hendricks Depo., 240:6 - 244:24).  These are the five fraud-related items discussed extensively in Equifax's previously filed motion for summary judgment.  [Docket No. 167].

Consistent with Equifax's motion for summary judgment, Hendricks agrees that the MLK, Jr. Way address would not be used in calculating Plaintiff's credit score.  (Hendricks Depo., 248:19 - 249:22).  He agrees that he has no evidence that the appearance of the Bank of America, Citibank, Chase or Bank One accounts on Plaintiff's credit files caused any denial of credit. (Hendricks Depo., 250:16 - 253:4).

**III   ARGUMENT.**

**A.   Legal Standard**

To be admissible, expert testimony must satisfy four criteria: (1) the testimony must be "based upon sufficient facts or data;" (2) the testimony must be "the product of reliable principles and methods;" (3) the witness must have "applied the principles and methods reliably to the facts of the case;" and (4) the witness must be qualified as an expert by knowledge, skill, experience, training, or education" with respect to the testimony given, which must be "scientific, technical, or other specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue."  *See* Fed. R. Evid. 702.

This evidentiary rule makes no distinction between "scientific" knowledge and "technical" or "other specialized knowledge."  *See White v. Ford Motor Credit Co.*, 312 F.3d 998, 1007 (9th Cir. 2002).  The Ninth Circuit has held that it is error to admit the opinions of a "non-scientific" expert without assuring that the methods underlying the conclusions are adequately explained and based on well-founded, relevant facts.  *Guidroz-Brault v. Mo. Pac.*

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE
EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

*R.R.*, 254 F.3d 825, 830-32 (9th Cir. 2002) (affirming exclusion of three experts on reliability grounds because the opinions were "not sufficiently founded [in] facts" – "unsupported by facts and made estimates of damages assuming" facts which were not in evidence.).

### B. Hendricks Is Not Qualified.

Hendricks is not qualified to offer the opinions in his Report. He has never worked for a credit reporting agency or the Federal Trade Commission. He has never handled a consumer dispute under the FCRA. He has never developed any identity theft or consumer dispute policies and procedures for any credit reporting agency. He has never performed any of the day-to-day tasks that are involved in handling consumer dispute or maintaining credit files. His only "expertise" comes from self-study and being an expert. *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 800 (4th Cir. 1989) ("Although it would be incorrect to conclude that Gordon's occupation as a professional expert alone requires exclusion of her testimony, it would be absurd to conclude that one can become an expert simply by accumulating experience in testifying"). This is insufficient and his Report and testimony should be excluded on this basis alone.

In order to avoid duplication, Equifax and Experian join in the portion of the Motion to Strike filed by the co-defendants addressing Hendricks' lack of qualifications.

### C. Hendricks Did Not "Prepare" His Report.

Since Hendricks was only retained a short period of time prior to the deadline for expert disclosures, he admittedly did not have time to fully review all of the materials and other information related to Plaintiff's claims before signing his report. In order to avoid duplication, Equifax and Experian join the section of the co-defendants' motion to strike which addresses this issue.

### D. Portions of Section IV of Hendricks' Report Should Be Stricken.

Several sections of Section IV of Hendricks' Report should be stricken as set forth below.

#### i. Section IV.A of Hendricks' Report Should Be Stricken.

Section IV.A of Hendricks' Report discusses, in very general terms, the use and

5

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE
EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

calculation of credit scores.  Hendricks does not state in Section IV.A (or anywhere else in his report) that any specific Equifax or Experian credit score ever caused Plaintiff to be denied credit. Since he does not tie any specific Equifax or Experian credit score to any specific denial of credit by Plaintiff, the discussion of credit scores - at least to the extent it applies to Equifax and Experian - should be stricken since it has no bearing on any issue related to these two defendants.

### ii.     Section IV.C of Hendricks' Report Should be Stricken.

Section IV.C of Hendricks' report contains inflammatory, irrelevant and unfairly prejudicial testimony and information and should be stricken.  Hendricks begins this section with reference to a 1989 report that supposedly surveyed 1,500 credit files and found "serious error rates in 42% to 47%" of them.  (Report, pp. 14-15, n. 23).  A study based on the review of 1,500 credit files over  19 years ago has no relevance whatsoever to the identity theft claims in this case. In addition, Hendricks does not state whether the 1,500 files reviewed were from Equifax, Experian or some other company.  He does not state whether the "errors" had anything to do with identity theft.  He does not explain the study's criteria for determining "serious error".  The jury should not be permitted to hear anything about this 19 year old, unscientific and irrelevant study since it might lead them to believe that the problems found in 1,500 unspecified credit files that were reviewed 19 years ago should somehow translate into liability in this case.

Hendricks next refers to the 1992 Agreement of Assurances between Equifax and various state attorneys general and a 1994 consent order between Equifax and the FTC.  In his report, Hendricks states that these agreements dealt with "mixed files".  (Report, p. 15).  Hendricks points out that "mixed files" is defined in both the Agreement of Assurances and the FTC Consent Order as "a consumer report in which some or all of the information pertains to a person or persons other than the person who is the subject of the consumer report."  *Id.*  In his deposition, Hendricks agreed that examples of mixed files would include situations where two people have similar names and their credit files get mixed or if a father and son have the same names along with a Jr./Sr. designation. (Hendricks Depo.,Vol. II,  p. 288:20 - 289:8).  He further

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE
EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

admitted that he has no evidence that Equifax maintains multiple files for Plaintiff.  (Hendricks Depo., Vol. II, 289:22 - 290:1).  He admitted that Plaintiff's credit file information was never mixed with that of another "Eric Drew" or someone with a similar name or other identifying information.  (Hendricks Depo., Vol. II, 290:2-7).

Instead, Hendricks claims that the 1992 Agreement of Assurances and the 1994 FTC Consent Order meant to include identity theft cases as a "sub-category" of mixed files. (Hendricks Depo., Vol. II, 290:8-12).  But Hendricks admits that "identity theft" was not "on the radar screen" of the parties to the Agreement of Assurances and FTC Consent Order at the time they entered into the agreements in 1992 and 1994 and that they were not "anticipated to address identity theft."  (Hendricks Depo., Vol. II, 291:22 - 292:5).  Indeed, the phrase "identity theft" is not listed anywhere in either the Agreement of Assurances or the FTC Consent Order.  (*Id*. at 290:21 - 291:1).   Hendricks erroneously contends that identity theft is covered because he believes that it falls within the literal definition of "mixed files".  (Hendricks Depo., Vol. II, 292:6 - 293:9).  Even if this were correct, it would be irrelevant.[2]  The Consent Order shows only that the FTC considered "mixed files" in the mid-90s.  Hendricks has no evidence that the FTC Consent Order was intended to address identity theft or include identity theft within the definition of "mixed files".

Thus, the FTC Consent Order has no relevance to the issue of identity theft, or to any other matter at issue in this case.  Admitting this testimony regarding the Consent Orders would not only confuse the jury, it would prejudice Defendants by creating the impression that  Equifax

---

[2]     It is incorrect because "mixed files" occur when two consumers have similar identifying information (*i.e.,* similar names and social security numbers) which results in their credit file information being mixed.   By contrast, identity theft is caused by "a fraud committed" by a criminal "using the identifying information of another person" to open credit accounts in their name. *See, e.g.*, 15 U.S.C. 1681a(q)(3). Thus, contrary to Hendricks' assertion, identity theft is not a type of mixed file.

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

was "punished" back in 1992 and 1994.[3]   For these reasons, Section IV.B of Hendricks report should be stricken and he should be precluded from testifying about the matters outlined therein.

### iii.   Section IV.D of Hendricks' Report Should be Stricken In Part.

Section IV.D of Hendricks' Report discusses his view of the  "increased attention on role of furnisher[s]".  (Hendricks Report, p. 16).  While the focus on this section is on the furnishers rather than credit bureaus, Hendricks does discuss the FTC Consent Order and the Agreement of Assurance.  For the reasons set forth above, any reference to the FTC Consent Order and/or the Agreement of Assurances should be stricken.

### iv.   Section IV.E Of Hendricks' Report Should Be Stricken In Part.

Section IV.E of Hendricks Report is mislabeled as a second Section IV.D.  Section IV.E discusses "identity theft".  The second paragraph of Section IV.E discusses statistics related to Trans Union.  The report does not indicate that these statistics involve Equifax or Experian.  It would be unfairly prejudicial to permit Hendricks to testify concerning statistics about identity theft disputes to a third party credit reporting agency.  The jury might believe that these statistics reflected disputes received by Equifax or Experian.  Hendricks' Report lacks any similar statistics concerning Equifax or Experian and the Trans Union statistics should be stricken.

Section IV.E of Hendricks' Report also contains a reference to a survey by the identity theft resource center in 2003.  (Hendricks' Report, p. 17).  This survey supposedly captured data concerning feelings of "financial insecurity", "anger" and "helplessness" experienced by other victims of identity theft who are not named in Hendricks' Report.  It would be unfairly prejudicial to permit Hendricks to testify about alleged damages and emotional distress supposedly experienced by unnamed survey participants from a 2003 survey to prove Plaintiff's claims in this case.  *See also*, the Objections to Section VII of Hendricks' Report Set Forth in the Motion to

---

[3]      Hendricks concedes that neither the Consent Order nor the Agreement of Assurances involved any admission of liability by Equifax and that he has no evidence that Equifax has never been charged with violating either agreement.

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE
EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

1   Strike filed by the Co-Defendants.

2       **E.     Section V of Hendricks' Report Should be Stricken.**

3       Hendricks has been designated as an expert on twelve separate topics relating to the

4   conduct of the CRA-Defendants.  However, his opinions on these topics are predicated on factual

5   assumptions which he has admitted to be unsupported by evidence.  Moreover, most these

6   "opinions" consist of nothing more than factual contentions devoid of analysis, which are not

7   proper subjects of expert testimony.  Hendricks actually purports to apply specialized knowledge

8   to only two areas:  (1) the adequacy of the CRA Defendants' computer matching systems; and (2)

9   the adequacy of the reinvestigations of Plaintiff's disputes.  However, Hendricks does not have

10  the education, training or work-experience to provide expert testimony regarding either of these

11  topics.  That is why he has been precluded from offering such testimony by numerous courts in

12  this circuit.  (*See* Hendricks Depo., Vol. I, 84:13-85:12 (stating that he was disqualified from

13  testifying regarding the reasonableness of CRA investigation methods in *Andrews v. TRW, Inc.*,

14  No. CV 96-7369 LGB VAPX (C.D. Cal.), *Thomas v. Trans Union LLC*, No. 00-1150-JE (D. Or.),

15  and *Harris v. Experian Info. Sol'ns, Inc.*, No. CV 01-1728-HA (D. Or.).  Hendricks similarly

16  should be precluded from offering such testimony here.

17

18           **i.     Hendricks' opinions are not based on sufficient facts to be
19                    admissible under Federal Rule of Evidence 702.**

20      "Courts must reject opinions 'founded on critical facts that are plainly untrustworthy,

21  principally because such an opinion cannot be helpful to the jury.'"  *O'Conner v. Commonwealth*

22  *Edison Co.*, 807 F. Supp. 1376, 1392 (C.D. Ill. 1992) *quoting Christophersen v. Allied-Signal*

23  *Corp.*, 939 F.2d 1106, 1114 (5th Cir. 1991).  As a result of his hasty and incomplete review of the

24  evidence, Hendricks' report is based on factual assumptions that have no evidentiary support.

25  For example, Hendricks admitted that there was no evidence supporting many of his most critical

26  factual contentions, including all of the following:

27      • Plaintiff "provided information about his medical condition [to the CRA
28        Defendants] and attached important documents, including copies of his

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE
EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

affidavits and information concerning the perpetrator." *Compare* Ex. A at Section V.B (p. 22) *with* Hendricks Depo, Vol. I, 118:8-23 (stating that he does not know whether this statement applies to Experian), Vol. II, 309:24-311:4 (stating that plaintiff did not provide any documents to Equifax until November 2005, and those documents did not include anything about Plaintiff's medical condition).

- "Fraud alerts were inadequate to prevent foreseeable damage to [Plaintiff]." *Compare* Ex. A at Section V.G (p. 25-26) *with* Hendricks Depo. Vol. I, 150:2-151:2 (admitting that no fraudulent accounts were opened after plaintiff requested the fraud alerts).

- Equifax and Experian "reinserted" information into plaintiff's credit reports after previously deleting the information. *Compare* Ex. A at Section V.H (p. 27) *with* Hendricks Depo., Vol. I, 152:13-153:18 (stating he cannot identify any information reinserted by Experian).

- CRA Defendants failed to consider police reports and a letter from the FBI in connection with Plaintiff's April 2005 disputes. *Compare* Ex. A Section V.I (p. 28) *with* Hendricks Depo., Vol. I, 118:8-23 (admitting that he does not know whether any documentation was provided to Experian); Vol. II, 284:12-19 (admitting there is no evidence police report was sent to Equifax prior to November 2005), 285:4-286:16, 298:22-299:5 (admitting there is no evidence the FBI letter was ever sent).[4]

- Experian and Equifax did not correctly diagnose Plaintiff's April 2005 disputes as fraud-related. *Compare* Ex. A at 28 *with* Hendricks Depo., Vol. I, 124:15-127:7, 140:12-19 (admitting that all available evidence indicates that Plaintiff did not submit a fraud dispute until October 2005).

- It was only by threatening filing a federal lawsuit that plaintiff was able to get the Bank of America account deleted from his credit reports. *Compare* Ex. A Section V.K (p. 29) *with* Hendricks Depo., Vol. I, 140:6-143:8, (agreeing that Plaintiff never threatened to file a lawsuit against Experian, that when Plaintiff asked Experian to delete the account, it did so immediately, and that there is no evidence that Experian would not have deleted the account earlier if Plaintiff had requested); Vol. II, 277:17-23 (admitting that Plaintiff did not threaten for file a lawsuit against Equifax).

- The fraudulent Bank of America account caused Plaintiff's Experian credit report to drop below 600. *Compare* Ex. A at Section V.L (p. 29) *with* Hendricks Depo., Vol. I, 94:4-95:12 (stating that he cannot identify any evidence to support this assertion).

- Experian was informed by credit furnishers that they were requesting deletion of accounts in plaintiff's name due to fraud. *Compare* Ex A. Section V.L (p. 29) *with* Hendricks Depo., Vol. I 154:2-155:11; Vol. II,

---

[4]     In fact, neither Experian nor Equifax received the police report or FBI letter until October and November of 2005, respectively. *See* Hughes Decl. in Supp. of Experian's Mot. for Summary Judgment (dkt. 160) at ¶ 25;  Sapere Decl. (dkt. 167-2) ¶ 32.

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

315:2-12 (admitting that he cannot identify any evidence that Experian or Equifax were informed that accounts were being deleted due to fraud).

Part V of Hendricks' report is so replete with factual errors, speculation and unsupported assumptions that is should be stricken in whole.  Wright & Miller, <u>Federal Practice and Procedure</u> § 6264 (citations omitted) ("[E]xpert testimony does not 'assist' if it is unrelated to facts at issue or is based on factual assumptions that are not supported by the evidence".).

Moreover, much of Part V consists of factual assertions devoid of any specialized analysis.  This includes all of Sections V.B-E and V.G-L, in addition to parts of Sections V.A and F.  These assertions should be stricken because "factual contentions as to which a jury is fully qualified to make on its own determination from the evidence presented" are not proper subjects of expert testimony.  *See Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, 343 F. Supp. 2d 989, 1015 (D. Kan. 2004); *see, e.g., Figueroa v. Simplicity Plan de Puerto Rico*, 267 F. Supp. 2d 161, 165 (D. Puerto Rico 2003) ("An expert is not needed to inform the trier of fact of the facts of the case . . . because this does not display specialized, scientific nor technical knowledge."); *Wellman v. Norfolk and Western Ry. Co.*, 98 F. Supp. 2d 919, 920 (S.D. Ohio 2000) ("witness may not give expert opinions which simply verify issues of fact about which lay witnesses will testify.").

Put simply, plaintiff is trying to use Hendricks to provide an argumentative narrative of the purported facts of the case.  To the extent this narrative is supported by evidence, Plaintiff's lawyer can deliver it in his opening and closing arguments.  To the extent that it is not, it has no place at trial.  In either event, it is not a proper subject of expert testimony.  *Salas v. Carpenter*, 980 F. 2d 299, 305 (5th Cir. 1992) ("the trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument.").

ii.     **Hendricks Opinion Regarding The Reasonableness Of the CDV And ACDV Investigation Methods Should Be Excluded.**

Despite his deposition testimony that there is nothing fundamentally wrong with using the

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

ACDV system to process consumer disputes, Hendricks' Report opines that the CDV or ACDV[5] exchange method -- one of the methods used by Defendants for investigating consumers' disputes of information on their credit reports -- is unreasonable.  *See* Ex. A at 20-22.   However, Hendricks has no specialized training that would make him competent to opine on the reasonableness of this method.   As noted above, his only formal education consists of a bachelor's degree in political science.  He has never worked for a credit reporting agency or for the FTC.  *Id.*  He has never conducted an investigation into allegations of identity theft, or had any training on how to perform such an investigation.  *See* Ex. B, Vol. I, 8:23-9:9.  Indeed, he admits that he has never handled a consumer complaint of any type.  *Id.*, Vol. I, 10:20-11:6.  Thus, he has no education, training or experience which qualifies him as an expert into what types of investigative steps CRAs can possibly, prudently or reasonably take in response to a consumer dispute.[6]

Moreover, Hendricks' opinion regarding the reasonableness of the CDV/ACDV investigation method in this case is based on facts which Hendricks has admitted to be false or pure speculation.   For example, Hendricks opines that the CDV/ACDV method is not a reasonable means to investigate a fraud dispute.  *See* Ex. A at 21.  But he admitted that plaintiff did not submit a fraud dispute in this case until fall of 2005, after which defendants promptly deleted all information identified by him as fraudulent.  *See* Hendricks Depo., Vol. I, 124:15-127:7, 139:25-140:19.  Thus, Hendricks' opinion that ACDVs are not a reasonable response to a fraud dispute is irrelevant, because he agrees that they were not used to resolve any fraud dispute

---

[5]      "CDV" stands for "consumer dispute verification."  ACDV stands for "automated consumer dispute verification."  It is a process by which a CRA transmits a consumer's dispute to the entity that furnished the disputed information.  *See* Hughes Decl. ¶ 4.  The furnisher must then check its records, and direct the CRA to verify, update or delete the information.  *See* Hughes Decl. ¶ 4.  If the furnisher fails to timely respond to the CDV or ACDV, then the CRA-defendants change the information in accordance with the consumer's dispute.  *See* Hughes Decl. ¶ 4.

[6]      Although Hendricks authored a book which addresses CRA investigations, it was self-published and therefore did not undergo any meaningful form of peer review.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

in this case. [7]

### iii.   Hendricks' opinion regarding the reasonableness of defendants' matching systems should be excluded.

According to Hendricks' report, the CRA Defendants should have switched to more stringent "matching systems" after plaintiff informed them that he was a victim of identity theft. *See* Ex. A at 25.   A "matching system" refers to a type of computer program which produces credit reports out of the information stored in CRA databases.   CRAs do not store completed credit reports.   Instead, they store billions of items of credit information, each of which is linked to identifying data, such as the name, social security number and address associated with a credit card account.   *See* Browne Decl. ¶ 6.   When a consumer or credit furnisher requests a credit report, they provide the same type of identifying information. *Id*., ¶ 5.   The matching system then produces a credit report by compiling the items of credit information in the CRAs' systems which match the identifying information to a sufficient degree.   *Id*.   Provided that there is a sufficient overall level of matching information, these systems permit partial matching of certain information fields so that persons that change their names or addresses, or transpose digits in their social security numbers, are still able to obtain credit.   *Id*., ¶10.

Hendricks cannot testify regarding whether defendants' computer matching systems are reasonable because he cannot propose any more effective alternative.   He has no computer programming or statistics degrees, and has never even taken courses in those subjects.   *See* Ex. A at, Vol. I, 82:21-83:8.).   Indeed, Hendricks admitted that he has no idea whether the type of

---

[7]       Hendricks also opines that in his disputes, plaintiff provided Experian and Equifax with contact information which they should have used in some unspecified manner to assist their investigations.  *See* Ex. A at 19.  However, in his deposition Hendricks testified that plaintiff did not provide any contact information in his disputes.  Instead, Hendricks "opinion" was that plaintiff **may have** had to give contact information to identify himself when he requested an initial fraud alert in January 2004, and that defendants should have retained this information and used it to investigates disputes submitted by plaintiff sixteen months later, in April 2005.  *See* Hendricks Depo., Vol. I, 101:3-103:6.  However, Hendricks does not know what information plaintiff may have provided, or whether it could have been used to effectively contact plaintiff. *See* Hendricks Depo., Vol. I, 103:10-15.

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

"more stringent algorithm" that he proposes is even possible.

> Q:  Have you ever developed an algorithm to deal with this sort of thing?
>
> A:  No.
>
> Q:  Have you ever tested one?
>
> A:  No.
>
> Q:  Do you know if it's actually possible to do what you are proposing?
>
> A:  Not until I work with a design team and test this.

(*See* Ex. A, Vol. I, 148:13-21).

Moreover, Hendricks opinion is irrelevant.  The Bank of America account was the only account arising from the identity theft that continued to be reported to the CRA-defendants when plaintiff first purportedly applied for credit in June 2005.  *See* Hughes Decl. in Supp. of Experian's Motion for Summary Judgment (dkt. 160) ¶ 15; Sapere Decl. (dkt. 167-2) ¶¶ 19-21. However, the information reported to the CRA-defendants by Bank of America matched plaintiff's information exactly.  *See* Hughes Decl. ¶¶ 5-6 (filed concurrently). Partial matching was not an issue.  Thus, switching to a more stringent system which allowed less partial matching would not have excluded the account from plaintiff's credit report.

**F.     Section VII of Hendricks Report Should Be Stricken.**

Equifax and Experian join in the co-defendants' motion to strike concerning Part VII of Hendricks' Report.  Hendricks lacks the necessary qualifications, training and experience to offer opinions on damages.  Further, there is no evidence that Plaintiff suffered any of the various damages listed in Part VII of Hendricks' Report.

**IV     CONCLUSION.**

For these reasons, Equifax and Experian request that this motion be granted.

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

14

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

1    Respectfully Submitted,

2

3                                              KING & SPALDING LLP

4

5    Dated:  June 13, 2008              /s/ K. Ann Broussard
                                        J. ANTHONY LOVE
6                                       K. ANN BROUSSARD

7                                       Attorneys for Defendant EQUIFAX
                                        INFORMATION SERVICES LLC
8

9                                              JONES DAY

10

11   Dated:  June 13, 2008              /s/ David L. Wallach
                                        DAVID L. WALLACH
12
                                        Attorneys for Defendant EXPERIAN
13                                      INFORMATION SOLUTIONS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE**
**EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

ERIC ROBERT DREW v EQUIFAX, et al, CASE NO: 3:07-cv-00726 SI

4

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the

5

County of Fulton, State of Georgia, and not a party to the above-entitled cause.

6

On June 13, 2008, I served a true copy of the:

7

**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC'S**

**AND EXPERIAN INFORMATION SOLUTIONS INC.'S NOTICE OF MOTION AND**

8

**MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**

9

[  ]      By personally delivering it to the persons(s) indicated below in the manner as

10

provided in FRCivP5(B);

11

[ X ]    By depositing it in the United States Mail in a sealed envelope with the postage

12

thereon fully prepaid to the following:

13

**SEE ATTACHED SERVICE LIST**

14

15

I hereby certify that I am employed in the office of a member of the Bar of this Court at

16

whose direction the service was made.

17

I hereby certify under the penalty of perjury under the laws of the United States of

18

America that the foregoing is true and correct.

19

20

/s/ K. Ann Broussard

K. ANN BROUSSARD

21

22

Place of Mailing:  Atlanta, Georgia

23

Executed on June 13, 2008, at Atlanta, Georgia.

24

25

26

27

28

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

16

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE**

**EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**

Case No: 3:07-cv-00726-SI

**SERVICE LIST**

ERIC ROBERT DREW v EQUIFAX, et al, CASE NO: 3:07-cv-00726 SI

John Bradford Keating, Esq.
Attorney At Law
2995 Woodside Road., Ste. 350
Woodside, CA 94062
Tel: (650) 851-5900
Fax: (650) 851-5912
Email: jbkeating@aol.com
Attorney for Plaintiff ERIC ROBERT DREW

Brian Patrick Petirs, Esq.
Jones Day - Silicon Valley
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 687-4125
Email: bpetirs@jonesday.com
Attorneys for Defendant EXPERIAN INFORMATION SOLUTIONS

David L. Wallach, Esq.
Tracy Strong, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94120
Tel: 415 626-3939
Fax: 415 875-5700
Email: dwallach@jonesday.com
Email: tstrong@jonesday.com
Co-Counsel for Defendant EXPERIAN INFORMATION SOLUTIONS

Andrew W. Moritz, Esq.
Marcos D. Sasso, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, Suite 1800
Los Angeles, CA 90067-3086
Tel: 310-556-5800
Fax: 310-556-5959
Email: Amoritz@Stroock.com
Email: msasso@stroock.com
Attorneys for Defendants CITIGROUP, CITIBANK, SOUTH DAKOTA, N.A.

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055

1  George G. Weickhardt, Esq.
   Pamela J. Zanger, Esq.
2  Ropers Majeski Kohn & Bentley
   201 Spear Street, Suite 1000
3  San Francisco, CA 94105
   Tel: 415-543-4800
4  Fax: 415-972-6301
5  Email: gweickhardt@ropers.com
   Email: pzanger@ropers.com
6  Attorneys for Defendants BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A.,
7  CHASE BANK USA, N.A.

8  Jordan Seungjin Yu , Esq.
   Felicia Yangru Yu, Esq.
9  Reed Smith LLP
10 355 So. Grand Ave., Suite 2900
   Los Angeles, CA 90071
11 Tel: 213-457-8000
   Fax: 213-457-8080
12 Email: jsyu@reedsmith.com
13 Email: fyu@reedsmith.com
   Attorneys for Defendants FIA CARD SERVICES, N.A.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS NOTICE OF MOTION AND MOTION TO STRIKE**
**EXPERT REPORT AND TESTIMONY OF EVAN HENDRICKS**
Case No: 3:07-cv-00726-SI

NOKES & QUINN
450 Ocean Avenue
Laguna Beach, CA 92651
(949) 376-3055