David L. Wallach (State Bar No. 233432)
dwallach@jonesday.com
JONES DAY
555 California St., 26th Floor
San Francisco, CA
Telephone: (415) 875-5827
Facsimile: (415) 875-5700

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

ERIC ROBERT DREW,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A., and DOES 1-100, and
FIA CARD SERVICES, N.A. [Previously Doe 1], CITIBANK (SOUTH DAKOTA) N.A. [Previously Doe 2], CHASE BANK USA, N.A. [Previously Doe 3]

Defendants.

Case No. C07-00726 SI

**DECLARATION OF DAVID BROWNE IN SUPPORT OF EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION EXCLUDE TESTIMONY BY EVAN HENDRICKS**

Date: July 18, 2008
Time: 9:00 a.m.
Courtroom: 10
Judge: Hon. Susan Illston

I, David A. Browne, declare as follows:

1. I am a Compliance Manager for Experian Information Solutions, Inc. ("Experian"). I have been so employed at Experian since September, 1996, the effective date of Experian's acquisition of TRW Inc.'s ("TRW") consumer credit reporting business. I previously was similarly employed by TRW for approximately twenty years. During my last seven years at TRW, I assisted in ensuring TRW's compliance with the Fair Credit Reporting Act (the "FCRA"). I continue in that capacity with Experian. I have also tested some of the changes to Experian's computer system and developed the business rules for some of the changes. In addition, I have identified and specified a number of enhancements to the computer systems and procedures used by TRW and Experian since 1990. My current duties include helping to ensure that Experian's computer systems and procedures comply with federal and state credit reporting laws, and Experian's business requirements for quality. I am fully familiar with the procedures that Experian employs in gathering and storing credit information and in assembling credit reports and consumer disclosures. I am also familiar with the credit scoring models used by Experian, and the various factors affecting consumers' credit scores. The facts stated in this declaration are true of my own personal knowledge, and if called to testify to them, I would competently do so.

2. Experian operates a consumer credit reporting agency. Experian essentially acts as a storehouse of credit information by storing, retrieving, and furnishing data as allowed by the Fair Credit Reporting Act (FCRA).

3. Experian does not originate or create any credit information. Instead, credit grantors, known as "subscribers," report to Experian information called "trade lines" that consist of credit account information such as account number, account status, payment history and balance.

4. When subscribers report accounts to Experian, they report it along with certain identifying information—such as a consumer's name, social security number, address and date of birth—designed to link the credit items to the appropriate consumers.

5. Similarly, when a subscriber requests credit information from Experian in the form of a credit report, the subscriber provides the same type of identifying information about the particular consumer.

6. Experian's computer system does not store completed credit reports. Instead, the system stores items of credit data that are linked to identifying information.

7. To determine which credit items should be displayed on a particular credit report, Experian's computer system compares and "matches" the identifying information provided in the request or "inquiry" with the identifying information that was reported with the various credit items.

8. Experian's matching system uses a "basket" of identifiers, which are weighted based on many factors, to determine which credit items to display on a particular credit report. This system has been developed based on extensive statistical studies, as well as years of experience in consumer credit reporting.

9. Experian's matching system was designed to permit some credit items to display in spite of certain variations in identifying information. Variations are permitted, however, only after Experian performs thorough testing to ensure a high level of accuracy, and to minimize the chances that credit information belonging to one consumer would display on another consumer's credit report.

10. Such variations are permitted to account for facts such as consumers' frequently changing addresses, changing their names upon getting married, or using variations on their names. If partial matching were not allowed, consumers with good credit histories would lose those histories every time they moved or changed the name that they use to apply for credit. Further, consumers with bad credit histories could hide their past merely by changing their residence, using a new mailing address, or employing a variation on their name, such as using an initial in place of a first name. The credit reporting system could not function under these circumstances.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of June, 2008 at Costa Mesa, California.

David Browne

SFI-585643v1