John B. Keating (SBN148729)
2995 Woodside Road, Suite 350
Post Office Box 620622
Woodside, California 94062
Telephone: (650) 851-5900
Facsimile: (650) 851-5912
E-mail: jbkeating@aol.com

Attorney for Plaintiff,

ERIC ROBERT DREW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC ROBERT DREW,<br><br>        Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A. and DOES 1-100,<br><br>        Defendants. | CASE NO. C07 0726 SI<br><br>DECLARATION OF EVAN HENDRICKS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENSE SUMMARY JUDGMENT MOTIONS<br><br>Date: August 15, 2008<br>Time: 9:00 A.M.<br>Ctrm: 10, 19th Floor<br><br>Judge: Honorable Susan Illston<br><br>Trial: October 20, 2008 |

I, Evan Hendricks, declare as follows:

    1    I am an expert witness who previously submitted a report in this matter as an expert witness designated by Plaintiff.

    2.    Subsequent to the time of my disclosure, report and deposition, and subsequent to the rebuttal expert disclosure deadline, I understand that Citibank submitted the declarations of

# DOCUMENT FILED UNDER SEAL

# DOCUMENT FILED UNDER SEAL

the application matched with the new phone number provided with the new address. (Pelletier Declaration page 5 par. 15 lines 3-9).

6. Contrary to the view of the Citibank employees, such a procedure is clearly unreasonable as one can not verify an identity at a fraudulent new contact location merely based on observing that the address listed for the new fraudulent location matches the phone number listed for that new location.

7. Mr. Klumpp's declaration at page 3 line 3-16 concludes that he believes the application verification processing in this particular case was "processed properly and correctly without error" (Klumpp page 3 par. 5 line 10) and that the process used was consistent with Citibank's procedures and that such procedures were "reasonable." (Klumpp, page 3 line 5). The Klumpp and Pelletier declarations each confirm that the issuance was not a clerical mistake or other mistake, but rather was the result in circumstances of correct application of the regular approved Citibank procedures. (Klumpp Declaration par. 5-6 and Pelletier Declaration par. 15-16)

8. In my opinion, such a process is clearly inadequate to truly verify the identity of the applicant and reasonably minimize the risk of identity theft in such circumstances of a new address presented in a credit card application. Such a process does not constitute reasonable steps to verify the accuracy of the address provided on the application to confirm that the extension of credit is not the result of identity theft. I dispute the conclusion of Mr. Klumpp and Ms. Pelletier that the process used was "reasonable."

9. Mr. Klumpp asserts that Citibank has "approved" such practices as a reasonable process (Klumpp, page 3 line 11-12) implying that Citibank continues to stand by and use such procedures, raising the risk that the mistaken issuance of credit cards to identity thieves such as occurred in the Eric Drew circumstances may be repeated again and again unless Citibank is

USDC NDCA No. C07 0726 SI - 4 - DECLARATION OF EVAN HENDRICKS IN OPPOSITION TO SUMMARY JUDGMENT MOTIONS

restrained from using such an inadequate process.

10. I am over the age of eighteen and am competent to testify to the facts and conclusions declared below, and could and would testify truthfully thereto if so required.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except as to those matters stated on information and belief and as to those matters I believe the foregoing to be true, and that this declaration was executed at PORTLAND Oregon on July 18, 2008.

Evan Hendricks

USDC NDCA No. C07 0726 SI

- 5 -

DECLARATION OF EVAN HENDRICKS IN SUUPORT OF OPPOSITION TO DEFENSE SUMMARY JUDGMENT MOTIONS