IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC R. DREW,

    Plaintiff,

 v.

EQUIFAX INFORMATION SERVICES, LLC *et al.*,

    Defendants.
              /

No. C 07-0726 SI

**ORDER REQUESTING SUPPLEMENTAL BRIEFING**

   Defendants have filed motions to strike evidence submitted by plaintiff in support of his opposition to defendants' summary judgment motions. For the reasons discussed below, the Court orders plaintiff to file a letter brief by no later than **February 23, 2009** identifying for the Court where in the record he establishes that Exhibits A-G qualify for a hearsay exception. Plaintiff's letter may be **no longer than three pages.** Defendants' response, if any, must be filed by no later than **February 27, 2009 and may not exceed three pages.**

## DISCUSSION

   Defendants raise numerous objections to evidence submitted by plaintiff in support of his opposition to summary judgment. Most of this evidence is not relevant to the Court's determinations on summary judgment. However, the Court does rely on documents attached as Exhibits A-G to the declaration of John Keating submitted by plaintiff in support of his opposition to summary judgment ("Keating Decl.") [Docket No. 198]. Defendants contend that all documents in Exhibits A-G are inadmissible hearsay.

   Hearsay is "a statement, other than one made by the declarant while testifying at the trial or

hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is inadmissible unless it is defined as non-hearsay under Federal Rule of Evidence 801(d) or falls within a hearsay exception under Rules 803, 804 or 807. *See* Fed. R. Evid. 802.

The Court anticipates that plaintiff will seek to admit the documents in Exhibits A-G through the business record exception to hearsay. *See* Fed. R. Evid. 803(6). In order for the Court to consider these documents in its summary judgment determination, plaintiff must establish that they meet the five foundational elements of Rule 803(6):

> (1) that the document have been made "at or near" the time of the matters recorded therein; (2) that the document have been prepared by, or from information transmitted by, a person "with knowledge" of the matters recorded; (3) that the person or persons who prepared the document have been engaged, in preparing it, in some undertaking, enterprise or business which can fairly be termed a "regularly conducted business activity;" (4) that it has been the "regular practice" of that business activity to make documents of that nature; and (5) that the document have been retained and kept "in the course of" that or some other "regularly conducted business activity."

*See id.* The Court cannot determine whether the documents qualify for the business records exception because plaintiff has not cited documents in the record that establish that his exhibits meet these requirements. Without this foundation, the Court cannot consider the exhibits in its summary judgment determination. *See Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d 1092, 1094 (N.D. Cal. 2008) (excluding Experian credit report at summary judgment because proponent did not provide foundation that would support allowing the document into evidence).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby orders plaintiff to provide the requested documentation by no later than **February 23, 2009** identifying for the Court documents in the record that establish that Exhibits A-G qualify for a hearsay exception. No new discovery will be permitted. Defendants' response, if any, must be filed by no later than **February 27, 2009.**

**IT IS SO ORDERED.**

Dated: February 9, 2009

_____
SUSAN ILLSTON
United States District Judge

2