
Abraham J. Colman (SBN 146933)
Terry B. Bates (SBN 115420)
Jordan Yu (SBN 227341)
REED SMITH LLP
355 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.457.8000
Facsimile:  213.457.8080
Email: acolman@reedsmith.com
       fyu@reedsmith.com
       jsyu@reedsmith.com

Attorneys for Defendant
FIA Card Services, N.A.
(erroneously sued herein as Bank of America
and Fleet Credit Card Services)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC ROBERT DREW,<br><br>             Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A. and DOES 1-100,<br><br>             Defendants. | No.: C07-0726 SI<br><br>**DEFENDANT FIA CARD SERVICES, N.A.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT RULING ON FCRA CLAIM AND TOLLING**<br><br>**Civil Local Rule 7-9**<br><br>**The Honorable Susan Illston** |

# NOTICE OF MOTION

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Pursuant to Civil Local Rule 7-9, Defendant FIA Card Services, N.A. (erroneously sued herein as Bank of America and Fleet Credit Card Services) ("FIA" or "Defendant") hereby moves the Court for leave to file a Motion for Reconsideration of that portion of its March 5, 2009, "Order Re: Defendants' Motions for Summary Judgment" [Docket No. 327] addressing the Fair Credit Reporting Act claim and Plaintiff's asserted defense of equitable tolling. This Motion for Leave is made on the grounds that there is a material difference in fact and law on the issues of federal court mental incapacity and tolling from that which was presented to and considered by the Court before entry of its Order, specifically including direct case law on the application of the mental incapacity tolling defense, which were not considered by the Court resulting in an Order misapplying the defense to the undisputed facts as presented. Because the Court's Order was issued on March 5, 2009, and trial is scheduled for April 13, 2009, the importance of the requested leave is heightened and a copy of FIA's proposed Motion is attached hereto as Exhibit "A," to comply with the time requirements of Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, and all pleadings and papers on file in this action and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: March 16, 2009.

                                  REED SMITH LLP

                                  By  /s/ *Jordan S. Yu*
                                       Jordan S. Yu
                                       Attorneys for Defendant
                                       FIA Card Services, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I   INTRODUCTION

This Motion for Leave is brought to properly address an issue not presented to the Court in the parties' Motion for Summary Judgment and related Opposition papers, but which was noted by the Court in its recent "Order Re: Defendants' Motions for Summary Judgment" [Docket No. 327] ("Order") through reference to specific cases not briefed or argued by Plaintiff or FIA in connection with the hearing on FIA's Motion for Summary Judgment.[1]  The issue involves application of the "mental incapacity" tolling defense as interpreted by federal case law.  FIA seeks leave to address, and apply the undisputed facts to, the cases first noted by the Court in its Order, and in particular the case of *Brockamp v. United States*, 67 F.3d 260 (9th Cir. 1995) and the three specific cases cited by *Brokamp,* in order to avoid a misapplication of the mental incapacity evidentiary burden as applied to the facts of this case.[2]

## II   PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Eric Drew, Defendants and certain former Defendants were the victims of identity theft by one Richard Gibson, a former employee of the Seattle Cancer Care Alliance ("Cancer Center").  Due in large part to Plaintiff's actions, and various interviews he gave in 2004, Mr. Gibson was arrested in early 2004 and convicted in November 2004 of identity theft.  Defendant FIA is the successor of one of the banks that issued a card in the name of Plaintiff in 2004 as a result of Richard Gibson's actions.  The only remaining claim at issue as to FIA is Plaintiff's claim for injury and damage from the alleged failure to comply with Section 1681s-2(b) of the Fair Credit Reporting Act with respect to an Automated Consumer Dispute Verification.

It is undisputed that following his discovery in early 2004 of the fraudulent FIA credit card with charges of $30.86: (1) Plaintiff made a report to credit bureaus about the FIA account in March

---

[1] The specific cases and federal court issue likewise were not briefed by the other parties in connection with their separate motions.

[2] *Atkins v. Union Pacific Railroad*, 685 F.2d 1146 (9th Cir. 1982); *Nunnally v. MacCausland* 996 F.2d 1 (1st Cir. 1993) and *Johnsen v. U.S.*, 758 F.Supp. 834 (E.D.N.Y. 1991).

2004 (Plaintiff's Amended Opposition (Docket No. 234), Page 3, and Order, Page 2; (2) a bureau sent an ACDV to FIA in March 2004 (*Id.*); (3) FIA responded within the thirty day statutory time period and, in fact, responded to the bureau on March 12, 2004 (Yu Declaration, ¶ 14, Exhibit M, [Docket No. 179]); (4) the bureau notified Plaintiff on March 19, 2004 of FIA's response and that the FIA account was not deleted but was still being reported (Yu Suppl. Declaration, ¶ 3, Exhibit A, [Docket No. 217]);[3] and that Plaintiff subsequently complained to FIA about the reporting at various times between April and July 2004 (Order, Page 5, lines 13 – 16, summarizing sworn statement by Plaintiff.) It also is undisputed that Plaintiff was represented by counsel during at least the Spring of 2004, at which time he resolved identity theft related claims as against the Cancer Center and gave numerous interviews during 2004 concerning his claims. Order, Page 5, lines 11-12 and Docket No. 199, Exhibit A.

Plaintiff filed suit against various defendants on December 18, 2006, for FCRA and other alleged violations related to the identity theft. FIA filed a Motion for Summary Judgment on May 23, 2008, which Motion thereafter was submitted for ruling, with further briefing requested and received by the Court on various issues. Plaintiff's opposition did not specifically raise or cite to any case law addressing tolling of the two year statute of limitations applicable to FCRA claims but, in a conclusory fashion, Plaintiff argued *delayed discovery* of his claim and excerpted a portion of Paragraph 34 of his First Amended Complaint, which Paragraph in its entirety read: "Prior to January 2004 and from Spring 2004 through December 2004 Plaintiff was extremely ill, undergoing medical procedures and hospitalization in treatment of his Leukemia rendering Plaintiff medically unable until January, 2005, to make or receive phone calls or otherwise investigate or lean or respond to the act alleged herein." [Docket No. 113, Page 8, Paragraph 34.]

On March 5, 2008, this Court granted summary judgment for FIA on all claims except for a single claim for alleged violation of Section 1681s-2(b) of the FCRA in connection with FIA's receipt and response to an ACDV. In denying as to the FCRA claim the Court stated, in part, that in

---

[3] Plaintiff produced the March 19, 2004, response by the bureau addressed to him as part of Plaintiff's Initial Disclosure (Bate numbered 305-310) and that response was attached as Exhibit A to the Supplemental Declaration of Jordan Yu in Support of FIA Card Services, N.A.'s Reply Brief to Motion for Summary Judgment [Docket No. 217-2].

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

the Ninth Circuit "tolling may apply if the plaintiff is mentally incompetent" and that "the days during a tolled period are not counted against the limitations periods." Order, Page 4, lines 27-28 and Page 5, line 1-2. The Court further stated that: "no rational fact finder could conclude that plaintiff was mentally incompetent for *all* of 2004. There is a triable issue, however, as to whether the statute should be equitably tolled for some period of less than twelve months because plaintiff's cancer treatment rendered him temporarily mentally incompetent." Order, Page 5, lines 18-21. The Court's Order cited to the Ninth Circuit authority previously noted, but which had not been addressed by the parties.

### III    LEGAL ARGUMENT

A party may seek leave to file a motion for reconsideration of a court order for three separate reasons, two of which apply here and are related. A party may seek leave when there is a material difference in fact or law from that presented to the Court or when there is a failure to consider materials facts or dispositive legal arguments that were presented. Local Rule 7-9(b). Here, although Plaintiff generally presented as one small part of his opposition an unsupported argument of medical inability *to discover his claim*, no case authority or undisputed material evidence was presented by Plaintiff. Further, FIA replied with further evidence of the actual discovery and consequent time bar and, additionally, even though Plaintiff had not raised an insanity defense to discovery, noted briefly California state court cases on the general insanity defense and why it was not applicable. There was no briefing, discussion, case citation or argument regarding the claims against FIA and federal court *mental capacity tolling* of the FCRA statute of limitations, the evidentiary burden for such a federal claim defense, or the applicability, let alone application, of such a rule to the facts as presented to the Court.

The Court's Order on March 5, 2009, for the first time, developed and addressed an issue not raised by the parties – specifically, application of a federal exception for "mental incompetence" to toll the two year FCRA statute of limitations – by citing to limited general federal authorities. However, the Order does not appear to apply the actual federal mental incapacity burden of proof addressed in the primary sources upon which the authorities cited by the Court relied. Further, the

ruling blurs the important distinction between emotional distress from medical treatment and sporadic hospitalization with mental impairment sufficient to invoke the limited federal rule noted by the Court, which mental incapacity would have had to cover the entire period from between March 2004 and December 2004. Finally, it blurs "discovery" with "mental incapacity" tolling. In light of the fact that the federal authorities cited in the Order were first noted by the Court without briefing or argument from the parties, and in light of the undisputed evidence submitted which was not applied by the parties to the pertinent authorities, FIA requests leave to file a Motion for Reconsideration to fully address the significant issues noted, avoid an inconsistent application of the law to the facts and cure an apparent failure to distinguish and apply the federal rule as limited by case law.

### IV.  CONCLUSION

FIA submits that the Court should permit it to file its requested Motion for Reconsideration, a copy of which is attached as Exhibit A to this Motion for Leave.

DATED: March 16, 2009.

REED SMITH LLP

By  /s/ *Jordan S. Yu*
Jordan S. Yu
Attorneys for Defendant
FIA Card Services, N.A.

# PROOF OF SERVICE

I, Davina M. Bernal, declare:

I am employed in the County of Los Angeles, State of California. My business address is Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On March 16, 2009, I served the document(s) described as: ***DEFENDANT FIA CARD SERVICES, N.A.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT RULING ON FCRA CLAIM AND TOLLING*** on the interested parties in this action by the methods listed below:

***SEE ATTACHED SERVICE LIST***

☒ BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cand.uscourts.gov.

☐ BY PERSONAL DELIVERY: I personally delivered the document(s) listed above to the person(s) at the address(es) set forth on the attached list.

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071

☐ BY ☐ UPS NEXT DAY AIR ☐ FEDERAL EXPRESS ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ UPS ☐ FEDERAL EXPRESS ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ UPS ☐ FEDERAL EXPRESS OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Reed Smith LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s):  in accordance with the written confirmation of counsel in this action.

☐ BY EMAIL: I sent via electronic mail a copy of said document(s) to the following addressee(s):

☐ [State]  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1  ☒   [Federal]   I declare under penalty of perjury that the foregoing is true and
2       correct.

Executed on March 16, 2009, at Los Angeles, California.

             /s/ Davina M. Bernal
             Davina M. Bernal

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# SERVICE LIST

| | | |
|---|---|---|
| **John Bradford Keating**<br>Attorney at Law<br>2995 Woodside Rd., Ste. 350<br>Woodside, CA 94062<br>(650) 851-5900<br>(650) 851-5912 (fax)<br>jbkeating@aol.com | representing | **Eric Robert Drew**<br>*(Plaintiff)* |
| **Deborah Barack**<br>**Stephen Julian Newman**<br>**Julia B. Strickland**<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East, Suite 1800<br>Los Angeles, CA 90067<br>310-556-5908<br>dbarack@stroock.com<br>snewman@stroock.com<br>jstrickland@stroock.com | representing | **TransUnion LLC**<br>*(Defendant)* |
| **Thomas P. Quinn, Jr.**<br>Nokes & Quinn<br>410 Broadway, Suite 200<br>Laguna Beach, CA 92651<br>949-376-3500<br>949-376-3070 (fax)<br>tquinn@nokesquinn.com | representing | **Equifax Information Services, LLC**<br>*(Defendant)*<br>(Local Counsel) |
| **J. Anthony Love**<br>**S. Stewart Haskins, II**<br>**Keasha Ann Broussard**<br>King & Spalding<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>404-572-4600<br>404-572-5100 (fax)<br>tlove@KSLAW.com<br>shaskins@KSLAW.com<br>abroussard@KSLAW.com<br>shaskins@kslaw.com | representing | **Equifax Information Services, LLC**<br>*(Defendant)* |

| | | |
|---|---|---|
| **David Wallach**<br>Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>415 626-3939<br>415 875-5700 (fax)<br>dwallach@jonesday.com | representing | **Experian Information Solutions, Inc.**<br>*(Defendant)* |
| **George G. Weickhardt**<br>**Pamela J. Zanger**<br>Ropers Majeski Kohn & Bentley<br>201 Spear Street<br>Suite 1000<br>San Francisco, CA 94105<br>415-543-4800<br>415-972-6301 (fax)<br>gweickhardt@ropers.com<br>pzanger@ropers.com | representing | **Bank One Cardmember Services**, **First USA Bank, N.A., Chase Bank USA, N.A.**<br>*(Defendants)* |
| **Julia Strickland**<br>**Marcos D. Sasso**<br>2029 Century Park East, Suite 1800<br>Los Angeles, CA   90067-<br>310-556-5800<br>310-556-5959 (fax)<br>amoritz@stroock.com<br>msasso@stroock.com | representing | **Citigroup, Citibank (South Dakota) N.A.**<br>*(Defendants)* |

US_ACTIVE-34644029.1