```
THOMAS P. QUINN (SBN: 132268)
NOKES & QUINN
410 BROADWAY, SUITE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

S. STEWART HASKINS [Pro Hac Vice]
Georgia Bar No. 336104
J. ANTHONY LOVE [Pro Hac Vice]
Georgia Bar No: 459155
K. ANN BROUSSARD [Pro Hac Vice]
Georgia Bar No: 100142
KING & SPALDING
1180 PEACHTREE STREET, N.E.
ATLANTA, GA 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: shaskins@KSLAW.com
       tlove@KSLAW.com
       abroussard@KSLAW.com

Attorneys for Defendant EQUIFAX
INFORMATION SERVICES LLC
```

**IT IS SO ORDERED**
*Susan Illston*
Judge Susan Illston

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC ROBERT DREW, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT, CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A. and DOES 1-100, <br><br> Defendants. | Case No. 3:07-cv-00726-SI <br><br> **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL RECONSIDERATION OF SUMMARY JUDGMENT RULING ON FCRA CLAIM AND REQUEST FOR EXPEDITED HEARING AND LEAVE TO APPEAR BY PHONE** <br><br> **Civil Local Rule 7-9** <br><br> Date: April 10, 2009 <br> Time: 9:00 a.m. <br> Courtroom: 10, 19th Floor <br> Judge: The Honorable Susan Illston |

5659887

- 1 –

# NOTICE OF MOTION

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 7-9, Defendant Equifax Information Services LLC ("Equifax"), hereby moves the Court for leave to file a Motion for Partial Reconsideration of the portion of its March 5, 2009 "Order re: Defendants' Motions for Summary Judgment" [Docket No. 327] addressing the Fair Credit Reporting Act ("FCRA") claim against Equifax. The Court dismissed all claims against Equifax except those under § 1681i of the FCRA. Equifax seeks clarification that the only underlying fraud account that can be used by Plaintiff to support his § 1681i claim is the Bank of America/FIA account. Further, Equifax moves for partial reconsideration of the Court's Order on the issue of the final dispute that Plaintiff made with Equifax concerning the Bank of America account. It was on this final dispute, received by Equifax in November of 2005, that Equifax removed the Bank of America account from plaintiff's file. Since Equifax removed the Bank of America account in response to this dispute, it is entitled to summary judgment on any § 1681i claim related to this specific dispute of the account. Equifax does not move, at this time, for reconsideration of the Court's Order on its handling of the Plaintiff's other disputes of the Bank of America account.

Further, to the extent that the equitable tolling arguments presented in the Motion for Reconsideration filed by co-defendant FIA Card Services, N.A. apply to Equifax, it adopts them and joins that motion.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, and all pleadings and papers on file in this action and upon such other matters as may be presented to the Court at the time of the hearing.

KING & SPALDING LLP

Dated: March 31, 2009      /s/ K. Ann Broussard
                            K. ANN BROUSSARD

                            Attorneys for Defendant EQUIFAX
                            INFORMATION SERVICES LLC

5659887                    - 2 –

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STANDARD FOR MOTION FOR RECONSIDERATION

There are three grounds upon which a party may seek leave to file a motion for reconsideration, one of which applies here. A party may seek leave to file a motion for reconsideration of a court order if there has been "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Local Rule 7-9(b). As set forth below, the undisputed material facts support summary judgment in favor of Equifax on Plaintiff's November 2005 dispute of the Bank of America account.

## II. ARGUMENT

Equifax received Plaintiff's final dispute of the Bank of America account on November 21, 2005. *See* Declaration of Tina Sapere ¶ 32 ("Sapere Decl."), attached as Exhibit A in Support of Equifax's Motion for Summary Judgment [Docket No. 167-2]. The Fair Credit Reporting Act ("FCRA") provides that all reinvestigations must be completed within 30 days of the date they are received by the consumer reporting agency. *See* 15 U.S.C. § 1681i(a)(1)(a). In this case, Equifax received Plaintiff's dispute on November 21, 2005 and removed the Bank of America account from Plaintiff's file as reflected in the results of investigation sent to Plaintiff on December 20, 2005. *See* Sapere Decl. ¶¶ 32, 33. Since Equifax removed the account within 30 days of its receipt of Plaintiff's dispute and provided Plaintiff with the investigation results on December 20, 2005, there can be no § 1681i liability arising from this one dispute. Accordingly, Equifax requests that the Court enter summary judgment in favor of Equifax as to this dispute.

Further, Equifax hereby adopts the arguments and authority of the Motion for Reconsideration filed by co-defendant FIA Card Services, N.A. on the issue of equitable tolling of the statute of limitations in this case.

## III. REQUEST FOR EXPEDITED HEARING AND LEAVE TO APPEAR BY TELEPHONE FOR HEARING

5659887 - 3 –

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION**
Case No: 3:07-cv-00726-SI

1   Equifax requests that the hearing on this motion be set for April 10, 2009 along with the
2   hearings on the motions for reconsideration filed by the co-defendants in this case. Equifax's
3   motion covers a very narrow issue. In addition, Plaintiff should have sufficient time to respond
4   prior to the hearing date and will suffer no prejudice if this motion is heard on April 10.

5   Further, should the Court permit this motion to be heard on an expedited basis, Equifax
6   requests that its counsel, based in Atlanta, Georgia, be permitted to appear by telephone for the
7   April 10 hearing. Equifax shows that the hearing on its motion should be brief in duration and
8   would require unnecessary time and expense to travel such a lengthy distance for a hearing on a
9   very narrow and direct issue.

## IV. CONCLUSION

For the reasons set forth above, Equifax requests that this motion be granted.

KING & SPALDING LLP

Dated: March 31, 2009        /s/ K. Ann Broussard
                             K. ANN BROUSSARD

                             Attorneys for Defendant EQUIFAX
                             INFORMATION SERVICES LLC

5659887

– 4 –

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL
RECONSIDERATION**
Case No: 3:07-cv-00726-SI

# PROOF OF SERVICE

STATE OF GEORGIA
COUNTY OF FULTON

    I am employed in the County of Fulton, State of Georgia. I am over the age of 18 and not a party to the within action. My business address is 1180 Peachtree Street, N.E., Atlanta, Georgia, 30309.

    On March 31, 2009, I served the foregoing document(s) described as **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

[ ]   **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

[ ]   **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Atlanta, Georgia. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S postal service on that same day with postage thereon fully prepaid at Atlanta, Georgia in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

[ ]   **BY UNITED PARCEL SERVICE.** I caused such document to be deposited with the United Parcel Service at the offices of King & Spalding LLP for guaranteed one day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by United Parcel Service delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Atlanta, Georgia in the ordinary course of business for delivery to the addressee.

[X]   **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

**SEE ATTACHED SERVICE LIST**

5659887

- 5 –

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL
RECONSIDERATION**
Case No: 3:07-cv-00726-SI

1      I hereby certify that I am employed in the office of a member of the Bar of this Court at
2 whose direction the service was made.
3      I hereby certify under the penalty of perjury under the laws of the United States of
4 America that the foregoing is true and correct.

6                                        /s/ Stephanie Peltier
                                        STEPHANIE PELTIER

8 Place of Mailing: Atlanta, Georgia
9 Executed on March 31, 2009, at Atlanta, Georgia.

5659887                    – 6 –

# SERVICE LIST

ERIC ROBERT DREW v EQUIFAX, et al, CASE NO: 3:07-cv-00726 SI

John Bradford Keating, Esq.
Attorney At Law
2995 Woodside Road., Ste. 350
Woodside, CA 94062
Tel: (650) 851-5900
Fax: (650) 851-5912
Email: jbkeating@aol.com
Attorney for Plaintiff ERIC ROBERT DREW

George G. Weickhardt, Esq.
Pamela J. Zanger, Esq.
Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105
Tel: 415-543-4800
Fax: 415-972-6301
Email: gweickhardt@ropers.com
Email: pzanger@ropers.com
Attorneys for Defendants BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A., CHASE BANK USA, N.A.

Jordan Seungjin Yu, Esq.
Felicia Yangru Yu, Esq.
Reed Smith LLP
355 So. Grand Ave., Suite 2900
Los Angeles, CA 90071
Tel: 213-457-8000
Fax: 213-457-8080
Email: jsyu@reedsmith.com
Email: fyu@reedsmith.com
Attorneys for Defendants FIA CARD SERVICES, N.A.

5659887 — 7 —

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION**
Case No: 3:07-cv-00726-SI