United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROBERT DREW, | No. C 07-0726 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

On July 6, 2010, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning July 19, 2010. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted joint proposed jury instructions, with many objections. The Court will conduct an instruction conference on Wednesday, July 14, 2010 at 2:00 p.m.

4. **Trial exhibits**: No later than July 15, 2010, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

5.  **Timing of trial**:  The parties estimated that the trial should take between 5 days (defendant) and 8-10 days (plaintiff).  Based on these estimates, and a review of the witness lists provided by counsel, it appears that 8 days would be a generous estimate of the time required to try this single-claim FCRA action.  Accordingly, each side shall have 45 minutes for opening statements; each side shall have 14 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

6.  **Trial schedule**:  Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays.  The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7.  **Motions in limine**:   The parties filed 34 motions in limine, as follows:

**Plaintiff's Motions in Limine**

**1.   Motion to Exclude Newly Disclosed Employee Testimony as Expert Testimony – GRANTED IN PART, DENIED IN PART**:  Plaintiff moves to preclude Equifax from presenting "expert" testimony from any of its employees.  Equifax responds that it does not intend to call any of the three employees at issue, Alicia Fluellen, Lee Lovvorn, and Margaret Leslie, as expert witnesses; rather, these employees will testify based on their personal knowledge of Equifax's credit reporting practices and policies for handling identity theft.  Plaintiff's motion is therefore GRANTED to the extent that Equifax's witnesses will not be permitted to opine about the reasonableness of its conduct, but DENIED in that the witnesses may testify to their personal knowledge and experiences.

**2.   Motion to Exclude Expert Testimony by Dr. Bach-y-Rita – DENIED AS MOOT**: Plaintiff moves to preclude psychologist Dr. Bach-y-Rita's testimony or any reference to his

2

expert report due to Equifax's failure to make a timely expert disclosure. Defendants have withdrawn Dr. Bach-y-Rita as a witness. Accordingly, the motion is DENIED as moot.

**3.     Motion to Exclude Employee Witness Testimony Outside the Witness's Personal Knowledge – DENIED**: Plaintiff moves to exclude the testimony of Alicia Fluellen, Lee Lovvorn, and Margaret Leslie, on the ground that these witnesses lack personal knowledge about the handling of plaintiff's credit file. The Court finds that plaintiff's motion addresses matters which may be within the witnesses' personal knowledge. The motion is DENIED without prejudice to specific objections at trial.

**4.     Motion to Limit Equifax to Calling Only Identified Witnesses – GRANTED**: Plaintiff moves to limit Equifax to calling only Alicia Fluellen, Lee Lovvorn, and Margaret Leslie as trial witnesses. Equifax agrees to only call these three witnesses, with the exception of its expert. The motion is GRANTED.

**5.     Motion to Exclude Evidence of Equifax's Actual Handling of Plaintiff's Credit File – DENIED**: Plaintiff moves to exclude testimony or documentary evidence reflecting the actual actions Equifax took in connection with investigating plaintiff's credit file, and to bar Equifax's witnesses from making any inferences regarding actual actions taken based on "the general policies and the facts of the ultimate reporting in the file." The motion is DENIED. Plaintiff also initially requested an order compelling Equifax to produce certain "frozen scans" of plaintiff's credit file, but withdrew the request after Equifax produced this information. The motion to compel is therefore DENIED as moot.

**6.     Motion to Exclude Evidence of or Reference to Plaintiff's Marital Status and Family Circumstances – DENIED:** Plaintiff moves to exclude evidence of or reference to his marital

status and family circumstances on the ground that such information may be introduced "for the improper purpose of suggesting negative character inferences at trial." Since one of the central issues at trial will be whether plaintiff suffered emotional distress as a result of Equifax's handling of his credit file, the Court believes that evidence of plaintiff's personal circumstances may well be relevant. The motion is therefore DENIED without prejudice to specific objections at trial.

**7.    Motion to Exclude Evidence of or Reference to Comments Made by Plaintiff's Birth Mother – GRANTED:** Plaintiff seeks to prevent Equifax from introducing evidence of certain unfavorable remarks made by his birth mother concerning his supposed alcohol and drug problems. If introduced for the purposes identified in plaintiff's motion, the evidence is more prejudicial than probative, FRE 403. To this extent the motion is GRANTED. Should Equifax wish to introduce the evidence for some other purpose, it must first seek and obtain the Court's permission.

**8.    Motion to Exclude Evidence of or Reference to Content of Dr. Sato-Perry's Treatment Notes – DENIED AS MOOT:** Dr. Sato-Perry is a psychologist who treated plaintiff for PTSD using several unusual psychological techniques in which he "tested eye and other physical signals while encouraging extreme free association type comments by" plaintiff. Plaintiff moves to exclude "the resulting notes [which] refer to bizarre statements and unusual thoughts, visions and distorted perceptions of events, which often did not reflect reality," on the ground that such evidence would not be reliable for the purpose of proving plaintiff's medical condition. Since the motion and opposition papers were filed, plaintiff decided not to call Dr. Sato-Perry and defendant will not be referring to the treatment notes in question ; accordingly, the motion is DENIED as moot.

**9.    Motion to Exclude Evidence of or Reference to Plaintiff's Claims against Other Defendants – GRANTED**: Plaintiff seeks to prevent reference to its claims against the other bank and credit reporting defendants. Plaintiff asserts that its claims against the other defendants are

4

irrelevant and will cause confusion and waste of time. In particular, plaintiff seeks to exclude evidence of or reference to its settlement with TransUnion. The motion is GRANTED with respect to the fact or amount of plaintiff's settlement with TransUnion or any of the other defendants. However, the Court will instruct the jury that there were previously claims against other defendants in this case which have been resolved, and will admonish the jury that it is only to concern itself with the claims and evidence against Equifax. *See Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) ("In a case such as this one, where the absence of defendants previously in court might confuse the jury, the district court may, in its discretion, [instruct] the jury . . . in order to avoid confusion.").

**10.  Motion to Exclude Argument that the Identity Thief, Hospital, or other Defendants are Responsible for the Credit Reporting Errors – WITHDRAWN**

**11.  Motion to Exclude Argument Regarding Plaintiff's Initial Failure to Provide Police Report – WITHDRAWN**

**12.  Motion to Exclude Evidence of or Reference to Changes in Plaintiff's Credit File Prior to the Time Period at Issue – DENIED AS MOOT**: The parties have reached a stipulation on the disputed evidence. Accordingly, the motion is DENIED as moot.

**13.  Motion to Exclude Testimony Regarding the Handling of Other Consumers' Disputes – DENIED**: Plaintiff moves to exclude evidence of how Equifax handled other customers' credit disputes. Equifax has stated that it does not intend to introduce any evidence of other specific investigations, but intends to ask its witnesses to testify about Equifax's practices generally. Under these circumstances, the motion is DENIED without prejudice to specific objections at trial.

**14.     Motion to Exclude Testimony Regarding Procedures for Accuracy of Reports – DENIED AS MOOT**: Plaintiff seeks to exclude evidence of Equifax's "procedures for maximum possible accuracy" of its credit reports. The parties have stipulated that Equifax will not offer testimony that it has an "accurate system." The motion is accordingly DENIED as moot.

**15.     Motion to Preclude Equifax Witnesses from Apologizing at Trial – DENIED AS MOOT:** Plaintiff moves to exclude any apologies or statements of regret at trial. The parties have stipulated that Equifax will not offer any apologies during trial. The motion is therefore DENIED as moot.

**16.     Motion to Preclude Mention of Attorneys' Fees – DENIED AS MOOT:** The parties have reached a stipulation as to mentions of attorneys' fees. The motion is therefore DENIED as moot.

**17.     Motion to Preclude Voir Dire Questions Regarding Prospective Jurors' Own Credit Reports – DENIED:** Plaintiff seeks to prevent Equifax from asking prospective jurors during voir dire whether they have ever had any experience with a credit reporting agency investigation or have been the victim of identity theft. The motion is DENIED.

**18.     Motion to Exclude Demonstrative Evidence that is "Undisclosed or Unfair" – DENIED AS MOOT**: The parties have reached a stipulation regarding demonstrative evidence. The motion is accordingly DENIED as moot.

**Defendant's Motions in Limine**

**1.     Motion to Exclude Television Interviews – GRANTED IN PART, DENIED IN PART**: Equifax moves to preclude plaintiff from showing recordings of interviews he has given on

national news shows, including Dateline NBC, CNN, and Montell Williams, or from testifying about his appearances on those shows. Equifax states that the evidence and testimony will be irrelevant, prejudicial, and inadmissible hearsay. The motion is GRANTED on hearsay grounds as to the videotapes. However, the motion is DENIED as to plaintiff's testimony, subject to appropriate objections at trial.

**2.** **Motion to Exclude Medical Records, Medical Bills and Photographs – GRANTED IN PART, DENIED IN PART**: Equifax moves to exclude certain medical records, medical bills, and photographs of plaintiff's legs and feet during the relevant time period. The motion is DENIED as to the records, which are plainly relevant to plaintiff's case, as long as plaintiff can authenticate the records at trial. The motion is GRANTED as to bills relating to plaintiff's physical condition, but DENIED as to psychiatric bills without prejudice to specific objections at trial. Finally, the motion is GRANTED as to the photographs.

**3.** **Motion to Limit Testimony Regarding Plaintiff's Illness – DENIED:** Equifax moves to limit the extent to which plaintiff can testify regarding his physical illness, including that Equifax's conduct aggravated his illness, that the illness rendered him unable to understand during 2004 that Equifax was committing FCRA violations, or any testimony about his "nature, severity, symptoms and prognosis" except to the extent necessary "to give context to his testimony about dealing with identity theft." Equifax does not object to plaintiff providing background information regarding his illness to the extent necessary to give context to the case. The motion is DENIED as framed, without prejudice to specific objections at trial in the event plaintiff attempts to give diagnosis-type testimony more appropriately provided by a medical expert.

**4.** **Motion to Exclude Testimony of Dr. Blum– DENIED AS MOOT:** Equifax moves to exclude the testimony of Dr. Blum, a criminologist and psychologist. Plaintiff now states that

7

he will not call Dr. Blum. The motion is accordingly DENIED as moot.

**5.** **Motion to Exclude Testimony of Mr. Hendricks – DENIED:** Plaintiff intends to call Evan Hendricks as his "credit reporting expert witness." Equifax moves to exclude Mr. Hendricks on the ground that he is unqualified as an expert witness. The Court disagrees and finds that Mr. Hendricks is qualified to testify on the proposed topics. The motion is therefore DENIED without prejudice to specific objections at trial.

**6.** **Motion to Exclude Kotrozo Letters and Credit Line Financial Letters – GRANTED**: Equifax moves to exclude letters prepared by Fred Kotrozo, a personal friend of plaintiff's and a mortgage broker, describing his inability to obtain a mortgage for plaintiff. Equifax also moves to exclude letters from Credit Line Financial, a credit repair company which plaintiff hired to dispute the adverse references on his credit report, concerning disputes purportedly submitted on plaintiff's behalf in April, July, and October 2005. The Court agrees with Equifax that the letters are hearsay; accordingly, the motion is GRANTED. However, Mr. Kotrozo and a Credit Line Financial witness will be permitted to testify at trial.

**7.** **Motion to Exclude FBI Letters – DENIED:** Equifax moves to exclude several letters purportedly sent to Equifax by the FBI which stated that plaintiff had been a victim of identity theft. Plaintiff states that he requested the FBI to send the letters to Equifax to show that he had been a victim of crime, that the FBI agreed to send the letters, and that plaintiff received a copy of the mailing. In the Court's view, the letters are admissible if offered as part of plaintiff's testimony to this effect, for the purpose of showing plaintiff's own actions and not for the truth of the letters themselves. Accordingly, the motion is DENIED. The letters are not, however, admissible to prove notice to Equifax, absent some evidence that Equifax received the letters.

**8.     Motion to Exclude Evidence of Economic Damages – DEFERRED:** Equifax moves to exclude evidence of economic damages on the ground that plaintiff failed to disclose any damages calculations during discovery. Equifax argues that plaintiff's failure to disclose has prejudiced its ability to conduct discovery into the basis for the damages or retain its own damages experts. *See Hoffman v. Constr. Prot. Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008). The Court DEFERS its ruling on this motion until the time of trial. **If plaintiff intends to introduce any evidence of economic damages, however, he must submit to defendants, <u>no later than Monday, July 12, 2010</u>, an statement of the amount of damages he seeks, broken down by type.**

**9.     Motion to Exclude Evidence Re: Claims and Damages Dismissed on Summary Judgment – GRANTED IN PART, DENIED IN PART:**     Equifax moves to exclude evidence relating to claims and damages that were disposed of in the Court's summary judgment order. In particular, Equifax argues that the evidence should be limited to the April 2005 dispute plaintiff submitted to Equifax, because that was the only dispute cited in the Court's summary judgment order. However, the Court specifically cited this dispute as an *example* of a disputed issue of fact, not as *the only* issue of fact. Additionally, much of the evidence relating to the dismissed claims may overlap with evidence relating to the remaining claim. The motion is therefore DENIED as overbroad.

Equifax also moves for exclusion of testimony that Equifax was responsible for the identify theft, or regarding any stress or harm resulting from the theft. The motion is GRANTED as to such testimony.

**10.     Motion to Exclude Credit Reports Prepared by Third Parties – GRANTED:** Equifax moves to exclude the credit reports prepared for plaintiff by third parties Old Republic Credit Services and CBC Innovis, if offered to show how certain accounts were being reported by Equifax or to show plaintiff's Equifax credit score on those particular dates. The Court agrees with Equifax that the reports are inadmissible hearsay if offered to show the truth of how Equifax was reporting plaintiff's accounts, absent testimony from a representative of Old Republic or CBC Innovis to that effect. To this

9

extent motion is GRANTED as to this use of the reports. Subject to the Court's approval, however, plaintiff may seek to introduce the evidence for some other permissible purpose, such as notice to plaintiff.

**11.     Motion to Exclude Evidence of Acts of TransUnion and Experian – DENIED:** Equifax moves to exclude evidence of how TransUnion and Experian handled plaintiff's accounts. The Court finds that the evidence is relevant and DENIES the motion without prejudice to specific objections at trial.

**12.     Motion to Exclude Evidence of Damages Prior to May 7, 2005 – DENIED:** Equifax moves to exclude evidence of any damages preceding May 7, 2005. Plaintiff's first dispute was submitted to Equifax on April 7, 2005; under the statute, Equifax was required to take action thirty days thereafter. The motion is DENIED. A key aspect of plaintiff's case is that disputes were submitted prior to April 7, 2005, and plaintiff will be permitted to present evidence to this effect.

**13.     Motion to Exclude Evidence of Damages After December 20, 2005 – DENIED:** Equifax moves to exclude any damages incurred after December 20, 2005, when it removed the fraudulent Bank of America account from plaintiff's report. The motion is DENIED, as it is implausible that all of plaintiff's damages ended on that date.

**14.     Motion to Exclude Evidence of Plaintiff's Effort to Locate the Identity Thief – GRANTED as framed:** Equifax seeks to exclude evidence consisting of photos of plaintiff outside the identity thief's home and news stories about plaintiff carrying his chemotherapy chemicals around Seattle in a backpack while searching for the thief's home. The motion is GRANTED as to the specific evidence identified in Equifax's motion under FRE 403.

**15.     Motion to Exclude Evidence of Equifax's Net Worth, Assets, and Financial Condition – GRANTED:** Plaintiff has agreed not to present this evidence.

**16.     Motion to Exclude Evidence of Target National Bank's Rejection of Credit Card Application – GRANTED:** Plaintiff has agreed that this evidence is not relevant except for certain limited purposes relating to a "credit freeze" resulting from Equifax's actions. The motion is therefore GRANTED without prejudice to plaintiff's seeking permission to introduce the evidence for specific purposes.

**8.     Motion to bifurcate liability and damages – DENIED:**

Equifax has filed a motion to bifurcate the liability and damages phases of trial, under Federal Rule of Civil Procedure 42(b). Rule 42(b) permits a court, in its discretion, to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Courts consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, or avoid prejudice to the moving party. *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 16:160.4 (2010); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

The Court does not believe that bifurcation is appropriate in this case. In the Court's view, the evidence and the witnesses relating to liability and damages are not clearly separable. Holding separate trials would not serve the interest of judicial economy, would cause increased cost to both parties, and in fact may increase juror confusion. Defendant's motion to bifurcate is therefore DENIED.

**IT IS SO ORDERED.**

Dated: July 9, 2010

SUSAN ILLSTON
United States District Judge

11