John B. Keating (SBN 148729)
2995 Woodside Road, Suite 350
Post Office Box 620622
Woodside, California  94062-0622
Telephone:  (650) 851-5900
Facsimile:   (650) 851-5912
E-mail: jbkeating@aol.com

Attorney for Plaintiff,
ERIC ROBERT DREW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC ROBERT DREW,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANSUNION LLC, NCAC, BANK OF AMERICA, FLEET CREDIT CARD SERVICE, AT&T UNIVERSAL CARD SERVICES, CITIGROUP, BANK ONE CARDMEMBER SERVICES, FIRST USA BANK, N.A., and DOES 1-100,<br>and<br>FIA CARD SERVICES, N.A. [Previously Doe 1], CITIBANK (SOUTH DAKOTA) N.A. [Previously Doe 2], CHASE BANK USA, N.A. [Previously Doe 3]<br><br>Defendants. | Case No.: CV 07-00726 SI<br><br>AMENDED SUBMISSION OF PROPOSED JOINT AND SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER WITH AUTHORITY AND OBJECTIONS<br><br>Pretrial Jury Instruction Conference:<br>July 14, 2010<br>2:00 p.m.<br><br>Trial:<br>July 19, 2010<br>Time: 9:00 AM<br>Ctrm:  10,  19th Floor<br><br>Judge: Honorable Susan Illston |

Plaintiff ERIC ROBERT DREW ("Plaintiff") submits the attached Amended

combined list and text of Joint Proposed Jury Instructions, combined in order with the Separate

Proposed Jury Instructions of each party, supporting authority and objections.

Dated: July 14, 2010

_____
/s/
John B. Keating
Attorney for Plaintiff Eric Robert Drew

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS                    Page 1

| No. | Proponent | Title | Given | Modified | Refused | Withdrawn |
|-----|-----------|-------|-------|----------|---------|-----------|
| 1 | Joint | Duty of Jury – Model Instruction 1.1A | | | | |
| 2 | Joint | Duty of Jury (End of Case) – Model Instruction  1.1C | | | | |
| 3 | Joint | Claims and Defenses – Model Instruction 1.2 | | | | |
| 4 | Joint | Burden of Proof - Preponderance of Evidence – Model Instruction 1.3 | | | | |
| 5 | P (D objects) | What is Evidence --Model Instruction 1.6 | | | | |
| 6 | Joint | What is Not Evidence – Model Instruction 1.7 | | | | |
| 7 | D | Evidence for Limited Purpose – Model Instruction  1.8 | | | | |
| 8 | Joint | Direct and Circumstantial Evidence – Model Instruction 1.9 | | | | |
| 9 | Joint | Ruling on Objections – Model Instruction 1.10 | | | | |
| 10 | P | Credibility of Witnesses – Model Instruction  1.11 | | | | |
| 11 | D ( P objects) | Sympathy | | | | |
| 12 | Joint | Conduct of Jury – Model Instruction 1.12 | | | | |
| 13 | D | No Transcript Available to Jury – Model Instruction 1.13 | | | | |
| 14 | D | Taking Notes – Model Instruction  1.14 | | | | |
| 15 | D | Bench Conferences and Recesses – Model Instruction 1.18 | | | | |
| 16 | D | Outline of Trial – Model Instruction 1.19 | | | | |
| 17 | Joint | Stipulations of Fact – Model Instruction  2.2 | | | | |
| 18 | D | Judicial Notice – Model Instruction 2.3 | | | | |

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS                    Page 2

| No. | Proponent | Title | Given | Modified | Refused | Withdrawn |
|---|---|---|---|---|---|---|
| 19 | D | Deposition in Lieu of Live Testimony – Model Instruction 2.4 | | | | |
| 20 | Joint | Use of Interrogatories of a Party – Model Instruction 2.10 | | | | |
| 21 | P | Expert Opinion – Model Instruction 2.11 | | | | |
| 22 | P (D object) | Employee Testimony | | | | |
| 23 | Joint | Charts and Summaries Not Received in Evidence – Model Instruction 2.12 | | | | |
| 24 | Joint | Charts and Summaries in Evidence (text not supplied) – Model Instruction 2.13 | | | | |
| 25 | Joint | Duty to Deliberate – Model Instruction 3.1 | | | | |
| 26 | Joint | Communications with Court – Model Instruction 3.2 | | | | |
| 27 | P | Return of Verdict – Model Instruction 3.3 | | | | |
| 27 A | D ( P object) | Alternate 3.3 Return of Verdict | | | | |
| 28 | D | Corporations and Partnerships - Fair Treatment – Model Instruction 4.1 | | | | |
| 29 | P (D object) | Nature of the Action; FCRA Purpose and Construction | | | | |
| 30 | D (P object) | Purpose of The Fair Credit Reporting Act | | | | |
| 31 | D | Legal Definition of Consumer Report | | | | |
| 32 | D | Legal Definition of Person | | | | |
| 33 | D | Legal Definition of Consumer | | | | |
| 34 | D | Legal Definition of Consumer Reporting Agency | | | | |
| 35 | P (D object) | Description of Plaintiff's Federal Fair Credit Reporting Act Claims Against Equifax | | | | |

| No. | Proponent | Title | Given | Modified | Refused | Withdrawn |
|---|---|---|---|---|---|---|
| 36 | P (D object) | Each Transmission of an Erroneous Consumer Report is a Violation of FCRA | | | | |
| 37 | D (P object) | Section 1681i of the Fair Credit Reporting Act | | | | |
| 38 | D (P object) | Mr. Drew's Reinvestigation Claim Against Equifax - Essential Elements | | | | |
| 39 | P (D object) | Negligence Standard | | | | |
| 39 A | D (P object) | Alternate - Negligence Defined | | | | |
| 40 | P (D object) | Willfulness Standard | | | | |
| 40 A | D (P object) | Alternate - Willfulness Defined | | | | |
| 41 | P (D object) | Causation | | | | |
| 42 | D (P object) | Proximate Cause Defined | | | | |
| 43 | D (P object) | Causation as to Equifax - Substantial Factor | | | | |
| 44 | D (P object) | Difference Between File Disclosure and Consumer Report | | | | |
| 45 | D (P object) | Equifax Is Not Automatically Liable For Inaccuracies on Consumer Credit Reports | | | | |
| 46 | P (D object) | Damages for Violation of the FCRA | | | | |
| 47 | P (D object) | Damages - Proof – Model Instruction 5.1  (with 5.2 additions) | | | | |
| 47 A | D (P object) | Alternate 5.1  Damages - Proof | | | | |
| 48 | P (D object) | Proof of Damages - Additional Explanation Compensatory Damages Under the FCRA | | | | |
| 48 A | D (P object) | Alternate Compensatory Damages | | | | |

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 4

| No. | Proponent | Title | Given | Modified | Refused | Withdrawn |
|---|---|---|---|---|---|---|
| 49 | D (P object) | Consider Damages Only If Necessary | | | | |
| 50 | D (P object) | Damages Reasonable Not Speculative | | | | |
| 51 | D (P object) | Harm Caused by Others | | | | |
| 52 | D | Damages - Mitigation – Model Instruction 5.3 | | | | |
| 53 | D (P object) | Damages Outside The Statute of Limitations | | | | |
| 54 | D (P object) | Mental Incompetence - Equitable Tolling of the Statute of Limitations | | | | |
| 55 | D (P object) | Attorneys' Fees and Court Costs | | | | |
| 56 | P (D object) | Punitive Damages – Model Instruction 5.5 | | | | |
| 56 A | D (P object) | Alternate 5.5  Punitive Damages | | | | |
| 57 | P (D object) | Punitive damages - Additional Explanation | | | | |
| 58 | D (P object) | No Punitive Damages When Damages Caused By Negligence | | | | |
| 59 | P (D object) | Nominal Damages For Willful Non-Compliance With FCRA – Model Instruction 5.6 | | | | |
| | | | | | | |

*JOINT INSTRUCTION NO. 1*

**Duty of Jury**

**(Court Reads and Provides Written Instructions)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

*AUTHORITY FOR  PROPOSED INSTRUCTION NO. 1*

Ninth Circuit Model Instruction No. 1.1A

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS                    Page 6

1      ***JOINT INSTRUCTION NO. 2***

2      **Duty of Jury**

3      **(Court Reads and Provides Written Instructions at End of Case)**

4

5      Members of the Jury: Now that you have heard all of the evidence and the arguments of

6      the attorneys, it is my duty to instruct you as to the law of the case.

7      [Each of you has received a copy of these instructions that you may take with you to the jury

8      room to consult during your deliberations.] **or** [A copy of these instructions will be sent with

9      you to the jury room when you deliberate.]

10     You must not infer from these instructions or from anything I may say or do as indicating

11     that I have an opinion regarding the evidence or what your verdict should be.

12     It is your duty to find the facts from all the evidence in the case. To those facts you will

13     apply the law as I give it to you. You must follow the law as I give it to you whether you agree

14     with it or not. And you must not be influenced by any personal likes or dislikes, opinions,

15     prejudices, or sympathy. That means that you must decide the case solely on the evidence before

16     you. You will recall that you took an oath to do so.

17     In following my instructions, you must follow all of them and not single out some and

18     ignore others; they are all important.

19

20     ***AUTHORITY FOR PROPOSED INSTRUCTION NO. 2***

21     Ninth Circuit Model Instruction No. 1.1C

22     **GIVEN:** _____

23     **MODIFIED:** _____

24     **REFUSED:** _____

25     **WITHDRAWN:** _____

26

27

28

*JOINT INSTRUCTION NO. 3*

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Eric Drew has brought claims against Defendant Equifax under section 1681i of the Fair Credit Reporting Act, which I may refer to as the "FCRA." The FCRA is the federal law concerning credit reporting. Mr. Drew is a consumer as defined in the FCRA. Equifax is a consumer reporting agency as defined by the FCRA.

Mr. Drew claims that Equifax failed to comply with section 1681i of the FCRA. Mr. Drew also claims that Equifax's failure to comply with those requirements caused him damages. Mr. Drew has the burden of proving these claims.

Equifax denies that it violated the Fair Credit Reporting Act. Equifax denies that Mr. Drew suffered any damages as a direct and proximate result of any alleged violation of the Fair Credit Reporting Act. Finally, Equifax further contends that some of Mr. Drew's claims are time-barred by the statute of limitations and Mr. Drew's failure to mitigate. Equifax has the burden of proving that affirmative defense.

*AUTHORITY FOR  PROPOSED INSTRUCTION NO. 3*

Ninth Circuit Model Instruction No. 1.2 (modified)

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

*JOINT INSTRUCTION NO. 4*

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 4*

Ninth Circuit Model Instruction No. 1.3

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

1

*PLAINTIFF'S INSTRUCTION NO. 5*

2

3    **What is Evidence**

4

5    The evidence you are to consider in deciding what the facts are consists of:

6    1. the sworn testimony of any witness;

7    2. the exhibits which are received into evidence; and

8    3. any facts to which the lawyers have agreed.

9

10

11   *PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 5*

12   Ninth Circuit Model Instruction No. 1.6 (modified)

13

14   **GIVEN:** _____

15   **MODIFIED: _____**

16   **REFUSED: _____**

17   **WITHDRAWN: _____**

18

19       *DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 5*

20

21   **Basis of Objection**:  Misstates Model Instruction

22   Equifax objects to this instruction and requests that the Court should include Ninth Circuit Model

23   Instruction 1.6 as written.

24

25

26

27

28

*JOINT  INSTRUCTION NO. 6*

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [*will say in their*] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [*give] [have given*] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 6*

Ninth Circuit Model Instruction No. 1.7

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

1

***DEFENDANT'S INSTRUCTION NO. 7***

2

3

**Evidence for Limited Purpose**

4

5

Some evidence may be admitted for a limited purpose only.

6

When I instruct you that an item of evidence has been admitted for a limited purpose, you

7

must consider it only for that limited purpose and for no other.

8

The testimony *[you are about to hear] [you have just heard]* may be considered only for

9

the limited purpose of *[describe purpose]* and for no other purpose.

10

11

12

***AUTHORITY FOR PROPOSED INSTRUCTION NO. 7***

13

**Sources**

14

Ninth Circuit Model Instruction No. 1.8

15

16

17

**GIVEN:** _____

18

**MODIFIED:** _____

19

**REFUSED:** _____

20

**WITHDRAWN:** _____

21

22

23

24

25

26

27

28

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI
AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 12

1

*JOINT INSTRUCTION NO. 8*

2

3     **Direct and Circumstantial Evidence**

4     Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such

5     as testimony by a witness about what that witness personally saw or heard or did. Circumstantial

6     evidence is proof of one or more facts from which you could find another fact. You should

7     consider both kinds of evidence. The law makes no distinction between the weight to be given

8     to either direct or circumstantial evidence. It is for you to decide how much weight to give to

9     any evidence.

10

11    *AUTHORITY FOR PROPOSED INSTRUCTION NO. 8*

12

13    Ninth Circuit Model Instruction No. 1.9

14

15    **GIVEN:**          _____

16    **MODIFIED:** _____

17    **REFUSED:**     _____

18    **WITHDRAWN:** _____

19

20

21

22

23

24

25

26

27

28

*JOINT INSTRUCTION NO. 9*

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

***AUTHORITY FOR PROPOSED INSTRUCTION NO. 9***

Ninth Circuit Model Instruction No. 1.10

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

1

### *PLAINTIFF'S INSTRUCTION NO. 10*

2

3 **Credibility of Witnesses**

4

5 In deciding the facts in this case, you may have to decide which testimony to believe and which

6 testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

7 Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

8 In considering the testimony of any witness, you may take into account:

9 (1) the opportunity and ability of the witness to see or hear or know the things testified to;

10 (2) the witness's memory;

11 (3) the witness's manner while testifying;

12 (4) the witness's interest in the outcome of the case and any bias or prejudice;

13 (5) whether other evidence contradicted the witness's testimony;

14 (6) the reasonableness of the witness's testimony in light of all the evidence; and

15 (7) any other factors that bear on believability.

16

17 The weight of the evidence as to a fact does not necessarily depend on the number of witnesses

18 who testify about it.

19

20 *AUTHORITY FOR PROPOSED INSTRUCTION NO. 10*

21 Ninth Circuit Model Instruction No. 1.11

22

23

24 **GIVEN:**        _____

25 **MODIFIED:**  _____

26 **REFUSED:**     _____

27 **WITHDRAWN:** _____

28

---

*DEFENDANT'S INSTRUCTION NO. 11*

**Sympathy**

In deciding this case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

*DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 11*

Hon. Leonard B. Sand, et al., *4 Modern Federal Jury Instructions - Civil, Instr.* §71- 10 (1998).

**GIVEN:**          _____

**MODIFIED:**     _____

**REFUSED:**      _____

**WITHDRAWN:** _____

*PLAINTIFF'S ARGUMENT AGAINST*

*DEFENDANTS' PROPOSED INSTRUCTION NO. 11*

Plaintiff's Argument Against Defendant's Proposed Instruction 12 on Sympathy:

(1) **Repetitive and unnecessary.**

The jurors are already instructed to disregard sympathy and be fair on at least four other occasions:

Model Instruction 1.1A reads in part, "And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or **sympathy**.  That means you must decide the case solely on the

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 16

1   evidence before you."

2

3   Model Instruction 1.1C reads in part, "And you must not be influenced by any personal likes or

4   dislikes, opinions, prejudices, or **sympathy**.  That means you must decide the case solely on the

5   evidence before you."

6

7   Model Instruction 1.12 reads in part, "The law requires these instructions to ensure the parties

8   have a **fair trial** based on the same evidence that each party has had an opportunity to address.  A

9   juror who violates these restrictions jeopardizes the **fairness of these proceedings**."

10

11  Model Instruction 5.5 reads in part, "Punitive damages, if any, should be in an amount sufficient

12  to fulfill their purposes but should not reflect bias, prejudice or **sympathy** toward any party."

13

14  **(2)  Prejudicial**.

15          Defendant's proposed jury instruction includes the following sentence:  "If you let

16  sympathy interfere with your clear thinking there is a risk that you will not arrive at a just

17  verdict."   This sentence in particular goes too far.  The presumption will be that this instruction

18  is targeting Eric Drew, essentially saying that any "clear thinking" juror will not, could not and

19  should not find for the cancer patient, to do so would be "unjust".  After the jurors have already

20  been instructed to disregard sympathy in evaluating the evidence and deciding on a verdict so

21  many times, this beats a dead horse to the point of pushing the outcome toward bias against the

22  cancer victim, essentially threatening jurors with allegations of an "unjust verdict" should they

23  find for Plaintiff.  At a minimum, this sentence in Defendant's instruction should be deleted as

24  going too far and causing prejudice.

25

26

27

28

*JOINT INSTRUCTION NO. 12*

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 18

1   any other way try to learn about the case on your own.

2

3   The law requires these restrictions to ensure the parties have a fair trial based on the same

4   evidence that each party has had an opportunity to address. A juror who violates these restrictions

5   jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the

6   entire trial process to start over]. If any juror is exposed to any outside information, please notify

7   the court immediately.

8

9   ***AUTHORITY FOR PROPOSED INSTRUCTION NO. 12***

10   Ninth Circuit Model Instruction No. 1.12

11

12   **GIVEN:** _____

13   **MODIFIED:** _____

14   **REFUSED:** _____

15   **WITHDRAWN:** _____

16

17

18

19

20

21

22

23

24

25

26

27

28

1

***DEFENDANT'S INSTRUCTION NO. 13***

2

3

**No Transcript Available to Jury**

4

5

During deliberations, you will have to make your decision based on what you recall of

6

the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the

7

testimony as it is given.

8

9

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let

10

me know so that I can correct the problem.

11

12

***AUTHORITY FOR PROPOSED INSTRUCTION NO. 13***

13

14

Ninth Circuit Model Instruction No. 1.13

15

16

17

**GIVEN:**      _____

18

**MODIFIED:**  _____

19

**REFUSED:**    _____

20

**WITHDRAWN:** _____

21

22

23

24

25

26

27

28

1

### *DEFENDANT'S INSTRUCTION NO. 14*

2

3    **Taking Notes**

4

5    If you wish, you may take notes to help you remember the evidence. If you do take notes,

6    please keep them to yourself until you and your fellow jurors go to the jury room to decide the

7    case. Do not let note-taking distract you. When you leave, your notes should be left in the

8    [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be

9    destroyed at the conclusion of the case.

10

11   Whether or not you take notes, you should rely on your own memory of the evidence.

12   Notes are only to assist your memory. You should not be overly influenced by your notes or

13   those of your fellow jurors.

14

15   ***AUTHORITY FOR PROPOSED INSTRUCTION NO. 14***

16   Ninth Circuit Model Instruction No. 1.14

17

18

19   **GIVEN:**         _____

20   **MODIFIED:**   _____

21   **REFUSED:**      _____

22   **WITHDRAWN:** _____

23

24

25

26

27

28

*DEFENDANT'S INSTRUCTION NO. 15*

**Bench Conferences and Recesses**

From time to time during the trial, it *[may become] [became]* necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury *[is] [was]* present in the courtroom, or by calling a recess. Please understand that while you *[are] [were]* waiting, we *[are] [were]* working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we *[will do] [have done]* what we *[can] [could]* to keep the number and length of these conferences to a minimum. I *[may] [did]* not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 15*

Ninth Circuit Model Instruction No. 1.18

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

---

*DEFENDANT'S INSTRUCTION NO. 16*

**Outline of Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. After opening statements, Mr. Drew will present evidence. After Mr. Drew's counsel conducts a direct examination of a witness, Equifax's counsel may cross-examine the witness. During Mr. Drew's presentation of evidence, the Court may, for efficiency reasons, require Equifax's counsel to conduct his examination of the witness following Mr. Drew's examination. When Mr. Drew has concluded his presentation of evidence, Equifax may present additional evidence, and Mr. Drew's counsel may cross-examine.  After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict. After you have reached your verdict, you will be excused.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 16*

Ninth Circuit Model Instruction No. 1.19

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 23

1

*JOINT INSTRUCTION NO. 17*

2

3  **Stipulations of Fact**

4

5  The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will

6  be read to you]. You should therefore treat these facts as having been proved.

7

8

9  ***AUTHORITY FOR PROPOSED INSTRUCTION NO. 17***

10  Ninth Circuit Model Instruction No. 2.2

11

12

13  **GIVEN:**          _____

14  **MODIFIED:** _____

15  **REFUSED:**     _____

16  **WITHDRAWN:** _____

17

18

19

20

21

22

23

24

25

26

27

28

1

*DEFENDANT'S INSTRUCTION NO. 18*

2

3 **Judicial Notice**

4 The court has decided to accept as proved the fact that [state fact], even though no

5 evidence has been introduced on the subject. You must accept this fact as true.

6

7

8 *PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 18*

9 Ninth Circuit Model Instruction No. 2.3

10

11

12 **GIVEN:** _____

13 **MODIFIED:** _____

14 **REFUSED:** _____

15 **WITHDRAWN:** _____

16

17

18

19

20

21

22

23

24

25

26

27

28

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS            Page 25

1

*DEFENDANT'S INSTRUCTION NO. 19*

2

3 **Deposition in Lieu of Live Testimony**

4 A deposition is the sworn testimony of a witness taken before trial. The witness is placed

5 under oath to tell the truth and lawyers for each party may ask questions. The questions and

6 answers are recorded. [When a person is unavailable to testify at trial, the deposition of that

7 person may be used at the trial.]

8 The deposition of [witness] was taken on [date]. You should consider deposition

9 testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same

10 way as if the witness had been present to testify.

11 Do not place any significance on the behavior or tone of voice of any person reading the

12 questions or answers.

13

14 *AUTHORITY FOR PROPOSED INSTRUCTION NO. 19*

15 Ninth Circuit Model Instruction No. 2.4

16

17 **GIVEN:** _____

18 **MODIFIED:** _____

19 **REFUSED:** _____

20 **WITHDRAWN:** _____

21

22

23

24

25

26

27

28

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 26

*JOINT INSTRUCTION NO. 20*

**Use of Interrogatories of a Party**

Evidence [*will now be] [was*] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 20*

Ninth Circuit Model Instruction No. 2.10

**GIVEN:**      _____

**MODIFIED:**  _____

**REFUSED:**    _____

**WITHDRAWN:**_____

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 27

1

*PLAINTIFF'S INSTRUCTION NO. 21*

2

3   **Expert Opinion**

4

5   Some witnesses, because of education or experience, are permitted to state opinions and

6   the reasons for those opinions.

7

8   Opinion testimony should be judged just like any other testimony. You may accept it or

9   reject it, and give it as much weight as you think it deserves, considering the witness's education

10   and experience, the reasons given for the opinion, and all the other evidence in the case.

11

12

13   *PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 21*

14

15   Ninth Circuit Model Instruction No. 2.11

16

17

18   **GIVEN:** _____

19   **MODIFIED:** _____

20   **REFUSED:** _____

21   **WITHDRAWN:**_____

22

23

24

25

26

27

28

### PLAINTIFF'S INSTRUCTION NO. 22

**Employee Testimony**

An employee of either party may testify regarding factual circumstances.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

An employee's testimony about factual circumstances should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves. You may not consider any opinions given by an employee unless the Judge informs you that you may consider that employee's opinion.  If the Judge informs you that you may consider a particular opinion of an employee, you should consider that opinion testimony just like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 22

This instruction works off the language of Model No. 2.11 to create explanation of employee testimony consistent with the in limine motion determination.

**GIVEN:**    _____

**MODIFIED:**  _____

**REFUSED:**    _____

**WITHDRAWN:**_____

### DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 22

**Basis of Objection**:  Misstates Model Instruction, confusing, misleading

Equifax objects this instruction on the grounds that this instruction includes portions that are not

1  part of the Ninth Circuit Model Instruction 2.11 and offers no authority for the proposed

2  modification of the model instruction.  Plaintiff has erroneously entitled the instruction

3  "employee testimony" (the model instruction pertains to "expert opinion").  Further, plaintiff's

4  characterization of this proposed instruction is confusing and misleading since there is no support

5  for applying the standard for expert testimony under the model instructions to employee

6  testimony.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Drew v. Equifax, et al.          AMENDED SUBMISSION OF PROPOSED JOINT AND
USDC, N.D. Calif              SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
No. CV 07-00726 SI           WITH AUTHORITY AND OBJECTIONS      Page 30

*JOINT INSTRUCTION NO. 23*

**Charts and Summaries Not Received in Evidence**

Certain charts and summaries not received in evidence [*may be] [have been*] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

***AUTHORITY FOR PROPOSED INSTRUCTION NO. 23***

Ninth Circuit Model Instruction No. 2.12

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:**_____

*JOINT INSTRUCTION NO. 24*

**2.13 Charts and Summaries in Evidence**

Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 24*

Ninth Circuit Model Instruction No. 2.13

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 32

*JOINT INSTRUCTION NO. 25*

**Duty to Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 25*

Ninth Circuit Model Instruction No. 3.1

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

---

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 33

*JOINT INSTRUCTION NO. 26*

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [*marshal] [bailiff*], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 26*

Ninth Circuit Model Instruction No. 3.2

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:**_____

1

*PLAINTIFF'S INSTRUCTION NO. 27*

2

3    **Return of Verdict**

4

5    A verdict form has been prepared for you.   The verdict form provides that you must  check "yes"

6    or "no" to several questions after determining those questions by unanimous agreement.  After

7    you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that

8    has been given to you, sign and date it, and advise the court that you are ready to return to the

9    courtroom.

10

11   ***AUTHORITY FOR PROPOSED INSTRUCTION NO. 27***

12   Ninth Circuit Model Instruction No. 3.3

13

14   **GIVEN:**          _____

15   **MODIFIED:**   _____

16   **REFUSED:**     _____

17   **WITHDRAWN:**_____

18

19

20

21

22

23

24

25

26

27

28

1             *DEFENDANT'S ALTERNATE INSTRUCTION NO. 27* A

2

3   **Return of Verdict**

4

5 A verdict form has been prepared for you.  The verdict form provides that you must  check "yes"

6 or "no" to several questions in determining by unanimous agreement whether Mr. Drew has

7 proved by a preponderance of the evidence that Equifax failed to comply with section 1681i of

8 the Fair Credit Reporting Act.  The verdict form also provides that you must determine by

9 unanimous agreement whether Mr. Drew should be compensated for any  emotional damages

10 and/or economic damages caused by Equifax's failure to comply with section 1681i of the Fair

11 Credit Reporting Act.  After you have reached unanimous agreement on a verdict, your presiding

12 juror will fill in the form that has been given to you, sign and date it, and advise the court that you

13 are ready to return to the courtroom.

14

15 ***DEFENDANT'S AUTHORITY FOR PROPOSED ALTERNATE INSTRUCTION NO. 27 A***

16 Model Ninth Circuit Model Jury Instructions, 3.3 (modified) (2007 ed.)

17

18 **GIVEN:**     **_____**

19 **MODIFIED:**  **_____**

20 **REFUSED:**   **_____**

21 **WITHDRAWN:**  **_____**

22

23             ***PLAINTIFF'S ARGUMENT AGAINST***

24     ***DEFENDANT'S PROPOSED ALTERNATE INSTRUCTION NO. 27 A***

25       Plaintiff objects to this instruction on the grounds that it is repetitive and prejudicial.  It

26 unnecessarily uses the word "unanimous" three times in three sentences.  The Court should use

27 Plaintiff's proposed unmodified recitation of the Model instruction.  Defendant's version

28 introduces claim and proof concepts concerning some claims and causation issues but is not

---

Drew v. Equifax, et al.          AMENDED SUBMISSION OF PROPOSED JOINT AND
USDC, N.D. Calif              SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
No. CV 07-00726 SI           WITH AUTHORITY AND OBJECTIONS     Page 36

comprehensive and does not similarly refer to proof of affirmative defenses.  Further, no mention of Plaintiff's or any other burden of proof is warranted in this instruction.  The burden is already discussed in model instruction 5.1 and "plaintiff has proved by a preponderance of the evidence that Defendant…" should be deleted.  The instruction should be minimal or complete in addressing burden of proof requirements, rather than one-sided.

Defendant in its alternate instruction states:  "The verdict form also provides that you must determine by unanimous agreement whether Plaintiff should be compensated for any emotional damages and/or economic damages caused by Defendant's failure to comply with section 1681i of the Fair Credit Reporting Act."  Since Plaintiff is looking for nominal, economic, non-economic and punitive damages, this misstates the damages available for Plaintiff's claims in a prejudicial manner.

1

*DEFENDANT'S INSTRUCTION NO. 28*

2

3    **Corporations and Partnerships - Fair Treatment**

4

5    All parties are equal before the law and a corporation is entitled to the same fair and

6    conscientious consideration by you as any party.

7

8

9    ***DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 28***

10   MANUAL 4.1 (2007 ed.)

11

12

13   **GIVEN:**          _____

14   **MODIFIED:**    _____

15   **REFUSED:**      _____

16   **WITHDRAWN:** _____

17

18

19

20

21

22

23

24

25

26

27

28

### PLAINTIFF'S INSTRUCTION NO. 29

1. **Nature of the Action; FCRA'S Purpose Generally**

Mr. Drew brings this action against defendant Equifax based on 15 U.S.C. §1681, et seq., commonly known as the Fair Credit Reporting Act, which for convenience, I will refer to as the "Act."

The FCRA is a federal statute intended to regulate the handling of consumers' personal information with regard to confidentiality, accuracy, and the proper use of such information. The purpose of the Fair Credit Reporting Act, in the words of the law, is as follows:

It is the purpose of the Act to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information.

The focus of the Fair Credit Reporting Act is to ensure the confidentiality and accuracy of the information collected by the credit bureaus.

2. **Congress' Goal is to Assure Accuracy in Consumer Reports**

"Compliance with the reinvestigation and correction provisions of the statute is fundamental to achievement of Congress' goal of assuring 'maximum' possible accuracy' in consumer reports."

3. **FCRA Should Be Liberally Construed**

The FCRA was crafted to protect consumers from the transmission of inaccurate information about them. It is to be liberally construed in favor of the consumer, not in favor of consumer reporting agencies.  The FCRA was crafted to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report.

### PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 29

1.      15 U.S.C. §1681(b); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 [9th

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 39

Cir. 1995]; *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d Cir. 1996).

The FCRA was prompted by "congressional concern over abuses in the credit reporting industry." *Philbin*, 101 F.3d at 962; see also *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995). Further, it is fashioned so as to protect the credit worthiness and reputation of every consumer. *Ackerly v. Credit Bureau of Sheridan, Inc.*, 385 F. Supp. 658 (D. Wyo. 1974). The FCRA was crafted to protect consumers from the transmission of inaccurate information about them. *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 (9th Cir. 1995).

2.      *In re Equifax*, 96 FTC 1045, 1066 (1980), rev'd in part on other grounds, 678 F.2d 1047, 1052 (11th Cir. 1982) (whether procedures followed posed an unreasonable risk of producing error).

3.      *Kates v. Croker National Bank*, 776 F.2d 1396, 1397 [9th Cir. 1995]; *Guimond v. Trans Union Credit Information, Co.*, 45 F.3d 1329 [9th Cir. 1995] [Cal.]; *Boris v. Choicepoint Servs.*, 249 F.Supp.2d 851, 2003 *U.S.Dist.Lexis 4050 [U.S.D.C. W.D. Ky. 2003]; Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961 [6th Cir. 1998] [Mich.].

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

*DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 29*

**1. Basis of Objection:** Misstates the law

The last sentence of the proposed charge is not contained in 15 U.S.C. § 1681, *et seq.*, of the FCRA. The construction of the proposed charge improperly suggests that it is and, therefore, the last sentence should be stricken.

[**2**] Inaccurate statement of the law/seeks recovery for claims dismissed by summary judgment order. The proposed instruction suggests that it is an expression of the legislative intent in enacting the FCRA. The legislative intent is expressly provided in Section 602 of the Act.

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI
AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 40

1    Section 602 provides that "[i]t is the purpose of this subchapter to require that consumer reporting

2    agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit,

3    personnel, insurance and other information in a manner which is fair and equitable to the

4    consumer, with regard to the confidentiality, accuracy, relevant, and proper utilization of such

5    information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b).

6    [3]  **Basis of Objection:**  Misstates the law

7    This is not an accurate statement of the law.  The "congressional findings and statement of

8    purpose" of the FCRA are contained in section 602 of the Act.  Section 602 provides that "[i]t is

9    the purpose of this subchapter to require that consumer reporting agencies adopt reasonable

10   procedures for meeting the needs of commerce for consumer credit, personnel, insurance and

11   other information in a manner which is fair and equitable to the consumer, with regard to the

12   confidentiality, accuracy, relevant, and proper utilization of such information in accordance with

13   the requirements of this subchapter." 15 U.S.C. § 1681(b).  The proposed instruction goes too far

14   in stating that the Act must be construed in a one-sided manner and "not in favor of credit

15   reporting agencies" and in its mischaracterization of the purpose of the Act.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

***DEFENDANT'S INSTRUCTION NO. 30***

2

3

**Purpose of the Fair Credit Reporting Act**

4

5   The law recognizes the significant role of credit reporting agencies such as Equifax in our nation's

6   financial system.

7   In enacting the Fair Credit Reporting Act, Congress made the following findings:

8   (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports

9   directly impair the efficiency of the banking system, and unfair credit reporting methods undermine

10  the public confidence which is essential to the continued functioning of the banking system.

11  (2)   An elaborate mechanism has been developed for investigating and evaluating the credit

12  worthiness, credit standing, credit capacity, character, and general reputation of consumers.

13  (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer

14  credit and other information on consumers.

15

16  ***DEFENDANT'S AUTHORITY FOR PROPOSED JURY INSTRUCTION NO. 30***

17  15 U.S.C. § 1681(a); Federal Register Vol. 55, No. 87 at 18809 (May 4, 1990); 16 CFR § 602; Hon.

18  Edward J. Devitt, et al., *Federal Jury Practice and Instructions* § 92.02 (4th ed. 1987) (modified).

19

20  **GIVEN:**          _____

21  **MODIFIED:** _____

22  **REFUSED:**      _____

23  **WITHDRAWN:** _____

24

25  ***PLAINTIFF'S ARGUMENT AGAINST***

26  ***DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30***

27        Explanation of the congressional intent is not necessary.  And, Defendant's statement is

28  unfairly incomplete.  Although the § 1681 preamble recites two paragraphs of congressional

findings, Defendant quotes only paragraph (a) and leaves out the complementary paragraph (b). Any instruction as to the congressional intent should include all of the specified intent or none of it.  Equifax even fails to accurately summarize the provisions it does address.  Equifax's instruction unreasonably shifts the focus in that it does not include language which describes the CRA's responsibilities and duties or the central purpose of the Act to protect consumers. Plaintiff's Proposed Instruction is preferable in that it includes the central purpose of the FCRA and the CRA's responsibilities under FCRA.

***DEFENDANT'S INSTRUCTION NO. 31***

**Legal Definition of Consumer Report**

The Act defines "consumer report" as: any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under §1681b. The term does not include (A) any report containing information solely as to transactions or experiences between the consumer and the person making the report; (B) any authorization or approval of a specific extension of credit directly or indirectly by the issuer of a debit card or similar device; or (C) any report in which a person who has been requested by a third party to make specific extension of credit directly or indirectly to a consumer conveys his decision with respect to such request, if the third party advises the consumer of the name and address of the person to whom the report was made and such person makes the disclosures to the consumer required under §1681m.

***DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 31***

15 U.S.C. §1681a(d).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS           Page 44

1

*DEFENDANT'S INSTRUCTION NO. 32*

2

3 **Legal Definition of  Person**

4

5 The Act defines "person" as any individual partnership, corporation, trust, estate, cooperative,

6 association, government or governmental subdivision or agency, or other entity.  Equifax is a

7 "person" as defined by the Act.

8

9 *AUTHORITY FOR PROPOSED INSTRUCTION NO. 32*

10

11 15 U.S.C. §1681a(b).

12

13

14 **GIVEN:** _____

15 **MODIFIED:** _____

16 **REFUSED:** _____

17 **WITHDRAWN:** _____

18

19

20

21

22

23

24

25

26

27

28

1

*DEFENDANT'S INSTRUCTION NO. 33*

2

3    **Legal Definition of Consumer**

4

5    The Act defines "consumer" as an individual. Plaintiff Eric Drew is a "consumer" within the

6    meaning of the Act.

7

8    ***AUTHORITY FOR PROPOSED INSTRUCTION NO. 33***

9

10   15 U.S.C. §1681a ( c).

11

12

13   **GIVEN:**          _____

14   **MODIFIED:**       _____

15   **REFUSED:**        _____

16   **WITHDRAWN:** _____

17

18

19

20

21

22

23

24

25

26

27

28

*DEFENDANT'S INSTRUCTION NO. 34*

**Legal Definition of Consumer Reporting Agency**

The Act defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.  Equifax is a "consumer reporting agency" within the meaning of the Act.

*AUTHORITY FOR PROPOSED INSTRUCTION NO. 34*

15 U.S.C. §1681a(f)

**GIVEN:**          _____

**MODIFIED:**          _____

**REFUSED:**          _____

**WITHDRAWN:** _____

---

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 47

***PLAINTIFF'S INSTRUCTION NO. 35***

**1.     Description of Mr. Drew's Federal Fair Credit Reporting Act Claims Against Equifax**

Mr. Drew claims that Equifax violated the Fair Credit Reporting Act in several ways. I will explain pertinent parts of what the Act requires regarding Credit Reporting Agencies:

(1) The FCRA requires that if a consumer disputes the completeness or accuracy of any item of information to Equifax, Equifax shall conduct a reasonable investigation free of charge and record the current status of the disputed information, or delete the item from the file within 30 days from the date Equifax receives the dispute.

(2) The FCRA requires that Equifax shall review and consider all relevant information submitted by a consumer in conducting any reinvestigation of disputed information.

(3) The FCRA requires that within five days of receiving a dispute, Equifax shall provide notification of the dispute to the person who provided the disputed information and shall include all relevant information regarding the dispute that the agency has received from the consumer.

(4) The FCRA requires that if, after any reinvestigation of disputed information, the information is found to be inaccurate or incomplete or cannot be verified, Equifax shall promptly delete the information from the consumer's file or modify the information as appropriate based on the results of the reinvestigation.

(5) The FCRA requires that Equifax provide written notice to the consumer of the results of the reinvestigation not later than five business days after the completion of the reinvestigation. As part of or in addition to that notice Equifax shall provide to the consumer in writing a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation.

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS           Page 48

**2. Credit Reporting Agency has a Duty to Use Reasonable Care in the Reinvestigation of a Consumer's Dispute**

Equifax has a duty to maintain and actually use reasonable care in the reinvestigation of Mr. Drew's disputes and in the permanent deletion of inaccurate information from Mr. Drew's consumer reports, once Mr. Drew disputes the inaccurate information.

**3. Reinvestigation Duties Extend to Information Creating Inaccurate Impressions**

Equifax's duty to conduct a reasonable reinvestigation is not terminated by the fact that the disputed information may be technically accurate if the information is presented in such a manner as to create inaccurate impressions as to the credit history of a consumer. For example, if the account is a fraudulent account resulting from identity theft, the fact that the description of the payment history on the account is correct does not terminate the duty to conduct a reasonable investigation to determine if the payment history is accurate regarding the person to which it is attributed.

**4. Contacting a Subscriber/Furnisher About Disputed Data Regarding Investigation of Disputes**

Equifax has not performed a reasonable investigation of a consumer dispute if the agency merely contacts the creditor (subscriber) reporting the disputed entry, relates to the subscriber the dispute, and then does nothing further to reinvestigate the dispute.

You must decide whether Equifax could have determined that the account(s) was/were opened fraudulently if it had reasonably investigated the matter.

**5. Credit Reporting Agency Cannot Rely Exclusively on Furnisher's Word in Reporting the Contested Credit information**

Equifax, in the face of a dispute regarding information that Equifax is reporting, cannot be absolved of responsibility for furnishing inaccurate information on the ground that Equifax is reporting the information exactly as the contested information is reported by a bank. In sum, a consumer reporting agency may not simply parrot a bank. Once Equifax knew that Mr. Drew

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 49

contested information in his consumer report, then Equifax could not rely exclusively on the

bank's word in reporting the contested credit information.

**6.      Scope of Consumer Reporting Agency's Duty to Reinvestigate**

A 'reinvestigation' that merely shifts the burden back to the consumer and the furnisher, cannot

fulfill the obligations contemplated by the statute. The scope of a consumer reporting agency's

duty to go beyond the original source depends on a number of factors, including: [1] whether the

consumer has alerted the reporting agency to the possibility that the source may be unreliable or

the reporting agency knows or should know that the source is unreliable; and [2] the cost of

verifying the accuracy of the source versus the possible harm inaccurately reported information

may cause the consumer.

**7.      Duty to Not Reinsert Deleted Information**

The FCRA requires that if any information is deleted from a consumer's file after the dispute

investigation process, the information may not be reinserted in the consumer's file unless the

person who furnishes the information certifies that the information is complete and accurate.

**8.      Duty to Maintain Procedures to Prevent Reinsertion of Previously Deleted or
         Blocked Information**

The FCRA requires that Equifax maintain reasonable procedures to prevent the reappearance in a

consumer's file of any information that has been deleted from a consumer's file after the dispute

investigation process.

**9.      Duty to Maintain Automated System to Exchange Reporting of Inaccurate
         Information with Other Credit Agencies**

The FCRA requires that Equifax maintain an automated system through which furnishers of

information to Equifax may report to other credit reporting agencies the results of a

reinvestigation that finds incomplete or inaccurate information in consumer's file.

*PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 35*

1.    See 15 U.S.C. § 1681i(a); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).  15 U.S.C. § 1681i(a)(2)(A); *Gorman v. Wolpoff & Abramson*, 584 F. 3rd 1147, 1154, 1156 (9th Cir. 2009); *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d 582, 588-89 (E.D. Pa. 2003); *Crane v. Trans Union, LLC*, 282 F. Supp. 2d 311 (E.D. Pa. 2003).

2.    1681i(a);  *Pinner v. Schmidt*, 805 F.2d 1258 (5th Cir. 1986), reh. den., 812 F.2d 1405, cert. den., 107 S.Ct. 3267, 483 U.S. 1022, 97 L.Ed.2d 766; *Dalton v. Capital Associated Industries*, 257 F.3d 409 [4th Cir. 2001]; *Cahlin v. GMAC*, 936 F.2d 1151 (11th Cir. 1991).

3.    *Lowry v. Credit Bureau, Inc. of Georgia*, 444 F.Supp. 541, 544 (U.S.D.C. Ga. 1978); 15 U.S.C. § 1681i(a).

4.    *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F.Supp. 972 [U.S.D.C. M.D. Fla. 1985]; *Cushman v. Trans Union Corp.*,115 F.3d 220; 1997; *Bryant v. TRW, Inc.*, 689 F.2d 72 [6th Cir. 1982][Mich.]; *Dynes v. TRW Credit Data*, 652 F.2d 35 [9th Cir. 1981][Cal.].

5.    *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225-226 [3d Cir. 1997]; *Bryant v. TRW, Inc.*, 487 F.Supp. 1234 (U.S.D.C. Mich. 1980); *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F.Supp. 972 (U.S.D.C. M.D. Fla. 1985); *Richardson v. Fleet Bank*, 190 F.Supp.2d 81 [U.S.D.C.  Mass. 2001];  *Cahlin v. GMAC*, 936 F.2d, at 1160 [11th Cir. 1991]; *Stevenson v. TRW*, Inc., 987 F.2d 288, 293 (5th Cir. 1993); *Sheffer v. Experian Information Solutions, Inc. and Trans Union, LLC*, C.A. No. 02-7407, 2003 WL 21710573 (E.D. Pa. July 24, 2003); *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d 582, 588-89 (E.D. Pa. 2003); *Evantash v. G.E. Capital Mortgage Servs., Inc. and Trans Union*, Civ. No. 02-1188, 2003 WL 22844198, *5 (E.D. Pa. Nov. 25, 2003); *Crane v. Trans Union, LLC*, 282 F. Supp. 2d 311 (E.D. Pa. 2003).

Once Equifax has been notified of potentially inaccurate information in a consumer's credit report, then Equifax is in a very different position than one who has no such notice, and Equifax may not simply rely on the source of the information.  *Henson v. CSC Credit Servs.*, 29 F.3d 280, 285-287 [7th Cir. 1994]; *Cushman v. Trans Union*, 115 F.3d, 220, 224-226 [3rd Cir. 1997]; *Stevenson v. TRW*, 987 F.2d, 288, 293 [5th Cir. 1993].  The burden of reinvestigation is saddled

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI
AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 51

1  "squarely" on the shoulders of Equifax.  *Stevenson v. TRW, Inc.*, 987 F.2d 288, 293 [5th Cir.

2  1993]; *Swoager*, supra.

3  6.     *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 [7th Cir. 1994]; *Cushman v. Trans Union*

4  *Corp.*, 115 F.3d 220, 225 [3d Cir. 1997];  *Gorman v. Wolpoff & Abramson*, 584 F. 3rd 1147,

5  1155-57 (9th Cir. 2009)

6  7.     15 U.S.C §1681i(a)(5)(B)

7  8.     15 U.S.C §1681i(a)(5)(C)

8  9.     15 U.S.C §1681i(a)(5)(D)

9

10  **GIVEN:**        _____

11  **MODIFIED:**     _____

12  **REFUSED:**      _____

13  **WITHDRAWN:** _____

14

15  ***DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 35***

16  1. **Basis of Objection:**  Misstates the law

17  Inaccurate statement of the law/seeks recovery for claims dismissed by the summary judgment

18  order in this case.  Subsection (1) above is an incomplete statement of the requirements of section

19  1681i of the FCRA.  The full text of the relevant section is "[i]f the completeness or accuracy of

20  any item of information contained in a consumer's file at a consumer reporting agency is disputed

21  by the consumer and the consumer notifies the agency directly or through a reseller of such

22  dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine

23  whether the disputed information is accurate …" 15 U.S.C. § 1681i(a)(1)(A).

24  The only claim remaining against Equifax is a claims under section 1681i of the Act.  The full

25  text of the relevant section is "[i]f the completeness or accuracy of any item of information

26  contained in a consumer's file at a consumer reporting agency is disputed by the consumer and

27  the consumer notifies the agency directly or through a reseller of such dispute, the agency shall,

28  free of charge, conduct a reasonable reinvestigation to determine whether the disputed

1  information is accurate …" 15 U.S.C. § 1681i(a)(1)(A).  The proposed charge misstates the

2  requirements of section 1681i and also assumes facts not in evidence since there is no evidence

3  that Equifax did not forward all relevant information or did not notify the furnisher of plaintiff's

4  dispute with five business days.

5  2.  **Basis of Objection:**  Misstates the law

6  Inaccurate statement of the law/seeks recovery for claims dismissed by the summary judgment

7  order.   The plain language of section 1681i sets forth the obligations of a consumer reporting

8  agency and provides that  "…[i]f the completeness or accuracy of any item of information

9  contained in a consumer's file at a consumer reporting agency is disputed by the consumer and

10 the consumer notifies the agency directly or through a reseller of such dispute, the agency shall,

11 free of charge, conduct a reasonable reinvestigation to determine whether the disputed

12 information is accurate …" 15 U.S.C. § 1681i(a)(1).  The proposed charge grossly distorts the

13 requirements of a consumer reporting agency under section 1681i, particularly by suggesting that

14 an item must be deleted simply because plaintiff or his attorney merely disputes it as inaccurate.

15 Further, the phrase "actually use" does not appear in section 1681i of the Act.

16 3.  **Basis of Objection:**  Misstates the law, vague, ambiguous, confusing

17 The only claim remaining against Equifax is a claims under section 1681i of the Act.  The

18 proposed charge suggests that there may be basis for finding liability against Equifax, other than

19 the requirements of section 1681i.  The proposed charge assumes facts not in evidence since there

20 is no evidence that Equifax "terminated" any reinvestigations of disputed information.  To the

21 contrary, Equifax conducted a reasonable reinvestigation upon receipt of each dispute.  Further,

22 the phrase "inaccurate impressions" is not defined and could mislead/confuse the jury.

23 4.  **Basis of Objection:**  Misstates the law

24 The requirements of section 1681i of the FCRA are expressly set forth in the Act.  The proposed

25 charge improperly seeks to imply that certain conduct does not comply with section 1681i as a

26 matter of law.  Further, there is no evidence that Equifax "merely contacted the creditor" as part

27 of its reinvestigation of the disputed account.

28 5.  **Basis of Objection:**  Misstates the law, argumentative, prejudicial

1  The requirements of section 1681i of the FCRA are expressly set forth in the Act.  The proposed

2  charge improperly seeks to imply that certain conduct does not comply with section 1681i as a

3  matter of law.  Further, there is no evidence that Equifax "merely contacted the creditor" as part

4  of its reinvestigation of the disputed account or that it "simply parrot[ed] a bank."  Such a

5  characterization of Equifax's alleged actions is argumentative and would be prejudicial.

6  6.  **Basis of Objection:**  Misstates the law

7  The only claim remaining against Equifax is a claims under section 1681i of the Act.  The full

8  text of the relevant section is "[i]f the completeness or accuracy of any item of information

9  contained in a consumer's file at a consumer reporting agency is disputed by the consumer and

10  the consumer notifies the agency directly or through a reseller of such dispute, the agency shall,

11  free of charge, conduct a reasonable reinvestigation to determine whether the disputed

12  information is accurate …" 15 U.S.C. § 1681i(a)(1)(A).  The proposed charge misstates the

13  requirements of section 1681i and also assumes facts not in evidence since there is no evidence

14  that Bank of America or any other furnishers at issue were unreliable sources of information.

15  7.  **Basis of objection:**  Misstates law, vague, ambiguous, misleading

16  The only claim remaining against Equifax is a claim under section 1681i concerning the

17  reinvestigation of Plaintiff's dispute.  The proposed charge suggests that there may be a basis for

18  finding liability against Equifax, other than the requirement for reinvestigation under section

19  1681i. Further, the proposed charge is misleading as it assumes facts not in evidence since there

20  is no evidence that Equifax reinserted deleted information into plaintiff's credit file.

21  8.  **Basis of objection:**  Misstates law, vague, ambiguous, misleading

22  The only claim remaining against Equifax is a claims under section 1681i concerning the

23  reinvestigation of Plaintiff's dispute.  The proposed charge suggests that there may be a basis for

24  finding liability against Equifax, other than the requirement for reinvestigation under section

25  1681i.  Further, the proposed charge is misleading as it assumes facts not in evidence since there

26  is no evidence that Equifax reinserted deleted information into plaintiff's credit file.

27  9.  **Basis of objection:**  Misstates law, vague, ambiguous, misleading

28  The only claim remaining against Equifax is a claims under section 1681i concerning the

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI
AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 54

1   reinvestigation of Plaintiff's dispute.  The proposed charge suggests that there may be basis for

2   finding liability against Equifax, other than the requirement for reinvestigation under section

3   1681i.  Further, the proposed charge is misleading as it assumes facts not in evidence since there

4   is no evidence that Equifax received information from another consumer reporting agency and

5   failed to take the appropriate action.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

*PLAINTIFF'S INSTRUCTION NO. 36*

2

3

**Each Transmission of an Erroneous Consumer Report is a Violation of FCRA**

4

5 Each transmission of an erroneous consumer report may be a separate and distinct violation of the

6 FCRA and a separate and distinct tort.

7

8

*PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 36*

9 *Hyde v. Hibernia Nat. Bank of Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988), cert. denied,

10 Credit Bureau Services - *New Orleans v. Hyde*, 109 S.Ct. 3199, 491 U.S. 910, 105 L.Ed.2d 706;

11 *James Young v. Equifax Credit Information Services*, 294 F.3d 631 [5th Cir. 2002]; *Whitesides v.*

12 *Equifax*, 125 F.Supp.2d 807 and 813 [U.S.D.C. W.D. La. 2000]; *Parker v. Parker*, 124 F.Supp.2d

13 1216 [U.S.D.C. M.D. Ala. 2000]; *Jaramillo v. Experian*, 155 F.Supp.2d 356, 2001

14 U.S.Dist.Lexis 6745 [U.S.D.C. E.D. Pa. 2001].

15

16 **GIVEN:** _____

17 **MODIFIED:** _____

18 **REFUSED:** _____

19 **WITHDRAWN:** _____

20

21

*DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 36*

22

23 **Basis of Objection:** Misstates the law

24 The only claim remaining against Equifax is a claims under section 1681i of the Act.  The

25 proposed charge apparently seeks to assert a claim under section 1681e(b).  All claims under

26 section 1681e(b) of the Act were dismissed against Equifax on summary judgment.  Further, the

27 violation of the FCRA is not a tort as set out in more detail below.

28

*DEFENDANT'S INSTRUCTION NO. 37*

**Section 1681i of the FCRA**

Mr. Drew claims that Equifax violated the following section 1681i of the Fair Credit Reporting Act. I will now read to you the language of this section of the Act:

Section 1681i(a)(1)(A): If the completeness or accuracy of any item of information contained in a consumer's credit file at a consumer reporting agency is disputed by the consumer  and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

Section 1681i(a)(2)(A): Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

Section 1681i(a)(2)(B):  The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) [5 business days] and before the end of the period referred to in paragraph (1)(A) [30 days].

Section 1681i(a)(4):  In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) [30 days] with respect to such disputed information.

Section 1681i(a)(5)(A): If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the result of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

You must consider each of the foregoing sections individually and may only find a violation of any one section by unanimous agreement on that particular section. You may not find a violation of any one section if your agreement is not unanimous as to that particular section.

Further, Mr. Drew has the burden of proof on an alleged violation under the Fair Credit Reporting Act.

Finally, Mr. Drew must prove that he suffered damages as the direct and proximate result of an alleged violation of the Fair Credit Reporting Act in order to recover damages for such violation.

***DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 37***

15 U.S.C. § 1681i(a); 3A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*, § 153.20 (5th ed. 2009 supp.) (modified); *Saenz v. Trans Union*, Case No. 05-1206-PK, 2007 WL 2401745, at **6-7, (D. Or. Aug. 15, 2007); *Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Wright v. TRW Credit Data,* 588 F. Supp. 112, 114 (S.D. Fla. 1984); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS        Page 58

1

*PLAINTIFF'S ARGUMENT AGAINST*

2

*DEFENDANT'S PROPOSED INSTRUCTION NO. 37*

3

4    **Section 1681i of the FCRA**

5

6    Equifax's alternate instruction fails to list all of Plaintiff's claims.  Therefore the more complete

7    version proposed by Plaintiff is preferable.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*DEFENDANT'S INSTRUCTION NO. 38*

**Mr. Drew's Reinvestigation Claim Against Equifax - Essential Elements**

The Fair Credit Reporting Act requires that a consumer reporting agency make reasonable efforts to investigate and correct inaccurate or incomplete information brought to its attention directly by a consumer, within thirty days from receiving a dispute from the consumer. If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information.

Mr. Drew claims that Equifax negligently failed to comply with the Fair Credit Reporting Act by not making reasonable efforts to reinvestigate information she disputed.

Mr. Drew has the burden of proof on his claim and so must persuade you by a preponderance of evidence on each of the follow propositions:

First:  Mr. Drew's credit file contained inaccurate or incomplete information;

Second: Mr. Drew notified Equifax directly of the inaccurate or incomplete information;

Third:   Mr. Drew's dispute was not frivolous or irrelevant;

Fourth:  Equifax failed to respond to Mr. Drew's dispute;

Fifth:   The failure to reinvestigate caused the consumer to suffer damages; and

Sixth:   Actual damages resulted to Mr. Drew.

Only if you find that each of these things has been proved against Equifax, should your verdict be for Mr. Drew and against Equifax.  However, if you find that any of these things has not been proved against Equifax, your verdict should be for Equifax.

1   *DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 38*

2   15 U.S.C. § 1681i; 3A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*, § 153.20

3   (5th ed. 2009 supp.) (modified); *Saenz v. Trans Union*, Case No. 05-1206-PK, 2007 WL 2401745,

4   at **6-7, (D. Or. Aug. 15, 2007); *Thomas v. Trans Union, LLC*, 197 F. Supp. 2d 1233, 1236 (D. Or.

5   2002).

6

7

8   **GIVEN:**          _____

9   **MODIFIED:**  _____

10  **REFUSED:**    _____

11  **WITHDRAWN:** _____

12

13              *PLAINTIFF'S ARGUMENT AGAINST*
                *DEFENDANTS' PROPOSED INSTRUCTION NO. 38*

14

15          Defendant Equifax misstates the law. Defendant's Proposed Jury Instruction is confusing and

16  misleading. The instruction does not include all bases of claimed liability and puts improper limits

17  on the liability bases it does address.

18          Plaintiff objects to Equifax's attempt to include "Fourth: Defendant failed to respond to the

19  Plaintiff's dispute".  This is not a requirement in proving a §1681i claim.  The statue reads,

20  "1681i(1)(A) …the agency shall…conduct a reasonable reinvestigation to determine whether the

21  disputed information is inaccurate and record the current status of the disputed information, or delete

22  the item from the file in accordance with paragraph (5), before he end of the 30-day period beginning

23  on the date on which the agency receives the notice of the dispute from the consumer or reseller."

24  Proving a failure to respond is not required.  Plaintiff has no such requirement to prove a violation

25  of the FCRA.  The instruction should not be in conjunctive language, Plaintiff may prove failure

26  conduct a reasonable investigation or failure to respond, Plaintiff does not need to prove both. The

27  instruction should use the disjunctive rather than conjunctive connector between the fourth and fifth

28  listed items.

1    ***PLAINTIFF'S INSTRUCTION NO. 39***

2    **Negligence Standard**

3    If you find by a preponderance of evidence that Equifax was "negligent" in fulfilling its duties

4    under the FCRA, as I just described them to you, you must find that Equifax is liable here, and

5    you must then consider what damages, if any, Mr. Drew may recover.  If, on the other hand, you

6    find that Mr. Drew did not establish by a preponderance of evidence that Equifax's conduct was

7    negligent, you must find for Equifax.

8

9    The word "negligence" as used in these instructions means the failure to do something that a

10   reasonably prudent person would do or the doing of something that a reasonably prudent person

11   would not do under the circumstances that you find existed in this case. In other words, the

12   standard of conduct by which you must judge the adequacy of Equifax's reinvestigation in this

13   case is what a reasonably prudent person would do under these circumstances. You may find that

14   careless or imprudent conduct is negligent. Also, you may find that the failure to affirmatively

15   take action that a reasonable person would have taken under the circumstances is negligent.

16

17   ***PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 39***

18   See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.05; see 15 U.S.C. §

19   1681o; *Philbin v. Trans Union Corporation*, 101 F.3d 957, 962-63 (3d Cir. 1996).

20

21   **GIVEN:**        _____

22   **MODIFIED:** _____

23   **REFUSED:**      _____

24   **WITHDRAWN:** _____

25

26   ***DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 39***

27   **Basis of Objection:**  Misstates the law.  Equifax objects to this instruction on the basis that it

28   misstates the law.

1    *DEFENDANT'S ALTERNATE INSTRUCTION NO. 39 A*

2

3    **Negligence Defined**

4

5    I will now define negligence for you.  You are to use this definition in your determination.

6    The term "negligence," as used in these instructions, means the failure to do something which a

7    reasonably prudent person would do, or means to do something which a reasonably prudent person

8    would not do under the circumstances which you find existed in this case.  It is for you to decide

9    what a reasonably prudent person would or would not do under the circumstances.

10   The standard for evaluating the reasonableness of a consumer reporting agency's handling of a

11   consumer dispute under section 1681i of the Fair Credit Reporting Act is what a reasonably prudent

12   person would do under the circumstances.  Evaluating the reasonableness of a consumer reporting

13   agency's handling of a consumer dispute under section 1681i of the Fair Credit Reporting Act

14   involves balancing the potential harm to the consumer from the inaccuracy against the burden on the

15   consumer reporting agency of safeguarding against such inaccuracy.

16

17   ***DEFENDANT'S AUTHORITY FOR PROPOSED ALTERNATE INSTRUCTION NO. 39 A***

18   15 U.S.C. § 1681e(b); 3A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*, §§

19   153.20, 153.38 (modified); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 965 (3d Cir. 1996);

20   *Parker v. Parker*, 124 F. Supp.2d 1216, 1225 (M.D. Ala. 2000); *Swoager v. Credit Bureau of*

21   *Greater St. Petersburg, Fla.*, 608 F. Supp. 972, 975 (M.D. Fla. 1985); *Smith v. Auto Mashers*, 85

22   F.Supp.2d 638, 640 (W.D. Va. 2000); FTC Commentary on the Fair Credit Reporting Act, 16

23   C.F.R. Part 600, Appendix, Section 607(3)(A).

24

25   **GIVEN:**          _____

26   **MODIFIED:**  _____

27   **REFUSED:**      _____

28   **WITHDRAWN:**  _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*PLAINTIFF'S ARGUMENT AGAINST*

*DEFENDANTS' PROPOSED ALTERNATE INSTRUCTION NO. 39 A*

Equifax misstates the standard, suggesting a  consumer reporting agency's procedure is reasonable and not negligent if it accurately transcribes, stores and communicates information it reasonably believes to reputable and credible on its face. Plaintiff objects to this Instruction since it is contrary to previous rulings on the standard of negligence and reasonable care by credit reporting agency.  A credit reporting agency has not performed a reasonable investigation of a consumer dispute if the agency merely contacts the furnisher reporting the disputed entry, describes the dispute to the furnisher, and then does nothing further to reinvestigate the dispute. Furthermore, a credit reporting agency cannot rely exclusively on a furnisher's word in reporting the contested credit information.   A consumer reporting agency may not simply parrot its creditor-furnisher of information.  *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 [3d Cir. 1997]; *Bryant v. TRW, Inc.*, 487 F.Supp. 1234 (U.S.D.C. Mich. 1980); *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F.Supp. 972 (U.S.D.C. M.D. Fla. 1985); *Richardson v. Fleet Bank*, 190 F.Supp.2d 81 [U.S.D.C.  Mass. 2001];  *Cahlin v. GMAC*, 936 F.2d, at 1160 [11th Cir. 1991].  Plaintiff has more correctly stated the standard regarding a credit reporting agency's reasonable procedure and care in performing a reinvestigation.

Plaintiff further objects to the instruction's language in regards to balancing the harm to the consumer against the burden on the consumer reporting agency.  The duty is to weigh the cost of verifying the accuracy of the source versus the possible harm inaccurately reported information may cause the consumer.  *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 [7th Cir. 1994]; *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 [3d Cir. 1997].

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS            Page 64

*PLAINTIFF'S INSTRUCTION NO. 40*

**Willfulness Standard**

If you find by a preponderance of evidence that Equifax was "reckless" in fulfilling its duties under the FCRA, as I just described them to you, you must find that Equifax is liable for willfulness here, and you must then consider what damages, if any, Mr. Drew may recover.  If, on the other hand, you find that Mr. Drew did not establish by a preponderance of evidence that Equifax's conduct was reckless, you must find for Equifax on the willfulness aspect.

The word "reckless" as used in these instructions refers to willful conduct, and not mere carelessness. A credit reporting agency, for example, acts willfully by following a policy or practice in "reckless disregard" of any consumer right. Reckless conduct or reckless disregard entails an unjustifiably high risk of harm that is either known or so obvious that it should be known. Note that reckless conduct need not be knowing, intentional, premeditated or malicious.

Mr. Drew here does not need to show that Equifax deliberately violated the law, only that it acted with reckless disregard for the rights of Mr. Drew or other consumers.

*PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 40*

See *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57-68 (2007); 15 U.S.C. § 1681n; *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997).

**GIVEN:**        _____

**MODIFIED:** _____

**REFUSED:**      _____

**WITHDRAWN:** _____

1  ***DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 40***

2

3  **Basis of Objection:**  Misstates the law

4  Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

5  Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

6  incomplete as to the findings the jury should make before awarding punitive damages.

7  This instruction is duplicative of Instruction 30, 77-89.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    ***DEFENDANT'S ALTERNATE  INSTRUCTION NO. 40 A***

2

3    **Willfulness Defined**

4    The Fair Credit Reporting Act imposes liability on a consumer reporting agency in favor of a

5    consumer for willfully failing to comply with a requirement imposed under the Act with respect to

6    that consumer.  The term "willfully" means an omission or failure to do an act voluntarily and

7    intentionally, and with specific intent to fail to do something the law requires to be done, in other

8    words, with a purpose either to disobey or disregard the law.

9

10   ***DEFENDANT'S AUTHORITY FOR PROPOSED ALTERNATE INSTRUCTION NO. 40 A***

11   3A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*, §§ 153.21,  153.39 (5th ed.

12   2009 supp.) (modified); 15 U.S.C. § 1681n.

13

14   **GIVEN:** _____

15   **MODIFIED:** _____

16   **REFUSED:** _____

17   **WITHDRAWN:** _____

18

19                    ***PLAINTIFF'S ARGUMENT AGAINST***

20       ***DEFENDANTS' PROPOSED ALTERNATE INSTRUCTION NO. 40 A***

21   Plaintiff objects to this instruction since the plaintiff must only show that a defendant knowingly

22   and intentionally committed act in conscious disregard for the consumer.  *Dalton v. Capital*

23   *Associated Industries, Inc.,* 257 F3d 409 (4th Cir. 2001);  *Cushman v. TransUnion Corp.,* 115 Fed

24   220 (3rd Cir. 1997).

25

26   Defendant's instruction does not reflect current Ninth Circuit authority on willfulness, *Reynolds*

27   *v. Hartford Financial Services Group, Inc.* (9th Cir. 2006) 435 F.3d 1081, 1099. A proposed

28   instruction based on *Reynolds* is set forth in Plaintiffs' Instruction.

*PLAINTIFF'S INSTRUCTION NO. 41*

**Causation**

For actions brought under the Fair Credit Reporting Act, harm or damage is considered caused by an act, or a failure to act, whenever you can infer from the evidence that the act or omission was a substantial part or factor in bringing about or actually causing the injury or damage. It is not necessary that the act was the sole or primary cause of the harm.

The term "proximate cause" as used in these instructions means that there must be a connection between the conduct of Equifax which Mr. Drew claims violated the law and the harm complained of by Mr. Drew, and that the act which is claimed to have produced the harm was a natural and probable result of Equifax's conduct.

***PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 41***

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 80.18 and 92.06; See *Philbin v. Trans Union Corporation*, 101 F.3d 957, 966 (3d Cir. 1996).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

***DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 41***

**Basis of Objection:** Misstates the law

Equifax objects to this instruction on the basis that it misstates the law.

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 68

1

### DEFENDANT'S INSTRUCTION NO. 42

2

3  **Proximate Cause Defined**

4

5  If you find that Equifax was negligent, you then must determine whether its negligence was the

6  proximate cause of Mr. Drew's injuries.

7  The term "proximate" in these instructions requires that there must be a connection between the

8  conduct of Equifax, which Mr. Drew claims violated the Fair Credit Reporting Act, and the injury

9  complained of by Mr. Drew.  Also, the act or omission that is claimed to have produced the injury

10  must be a natural and probable result of the conduct of Equifax.

11

12  ### DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 42

13  3A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*, §§ 153.21,  153.50 (5th ed.

14  2009 supp.) (modified); Hon. Edward J. Devitt, et al., *3 Federal Jury Practice and Instructions*, §

15  92.06 (4th ed. 1987) (modified).

16

17  **GIVEN:** _____

18  **MODIFIED:** _____

19  **REFUSED:** _____

20  **WITHDRAWN:** _____

21

22  ### PLAINTIFF'S ARGUMENT AGAINST DEFENDANT'S

23  ### PROPOSED INSTRUCTION NO. 42

24  This instruction is misleading in reciting a portion of a standard jury instruction without including

25  the prior half of the language placing the quoted language in context.  The instruction should

26  include the more complete language included in Plaintiff's version:  "For actions brought under

27  the Fair Credit Reporting Act, harm or damage is considered caused by an act, or a failure to act,

28  whenever you can infer from the evidence that the act or omission was a substantial part or factor

in bringing about or actually causing the injury or damage. It is not necessary that the act was the sole or primary cause of the harm. (See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 80.18 and 92.06; See *Philbin v. Trans Union Corporation*, 101 F.3d 957, 966 (3d Cir. 1996).)

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS              Page 70

1

***DEFENDANT'S INSTRUCTION NO. 43***

2

3

**Causation As to Equifax - Substantial Factor**

4

5   You may not award Mr. Drew damages as against Equifax unless you find that Mr. Drew has proven

6   by a preponderance of the evidence that Equifax's conduct was a substantial factor in causing the

7   damages Mr. Drew suffered. A substantial factor is an important or material factor and not one that

8   is insignificant.

9   A substantial factor in causing harm is a factor that a reasonable person would consider to have

10  contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the

11  only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would

12  have occurred without that conduct.

13

14  ***DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 43***

15  *Rothery v. Trans Union LLC*, 2006 WL 1720498, at *9 (D. Or. Apr. 6, 2006); *Philbin v. Trans*

16  *Union Corp.,* 101 F.3d 957, 968-969 (3d Cir. 1996); *Enwonwu v. Trans Union LLC*, 364 F. Supp.

17  2d 1361, 1366 (N.D. Ga. 2005); Restatement (Second) of Torts §§ 43 1(a), 432 and 433B(1).

18  Judicial Council of California Civil Jury Instructions, No. 430 (2010).

19  **GIVEN:** _____

20  **MODIFIED:** _____

21  **REFUSED:** _____

22  **WITHDRAWN:** _____

23

24          ***PLAINTIFF'S ARGUMENT AGAINST***

25      ***DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 43***

26

27  This instruction is incomplete, as it does not explain that Plaintiff is not required to show

28  Equifax's failure to comply with the Act was the sole cause of Plaintiff's damage.  Moreover,

1    Equifax's Instruction has language in the second paragraph that informs the jury the causation

2    standard is a "but for" standard. Plaintiff requests an alternate instruction as set forth in the last

3    two sentences of Plaintiff's proposed instruction on causation.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### DEFENDANT'S INSTRUCTION NO. 44

2

3

**Difference Between File Disclosure and Consumer Report**

4

5   Under the Fair Credit Reporting Act, a consumer report (also called a "consumer credit report") is

6   any communication by a consumer credit reporting agency to a third party creditor bearing on a

7   consumer's credit worthiness which is used in establishing a consumer's eligibility for credit or other

8   purposes defined by the Fair Credit Reporting Act.

9   "Consumer reports" are different from "file disclosures." Under the Fair Credit Reporting Act, all

10  consumers have a right to request a copy of the information appearing about them in a consumer

11  reporting agency's database. The Fair Credit Reporting Act requires consumer reporting agencies

12  such as Equifax to disclose to the consumer upon request all of the information in the consumer's

13  file. The report generated by the consumer reporting agency in response to such a request by a

14  consumer is called a "file disclosure." The "file disclosure" must contain certain additional

15  information, and must disclose all instances where a particular consumer reporting agency furnished

16  the consumer's report to a third party (which are called "inquiries"), to make the consumer aware of

17  the information contained in the consumer reporting agencies' files.

18  You may not find Equifax liable for any inaccurate information appearing in a "file disclosure"

19  prepared by Equifax. To be a basis for liability, inaccurate information must appear in a "consumer

20  credit report."

21  ### DEFENDANT'S AUTHORITY FOR PROPOSED JURY INSTRUCTION NO. 44

22  15 U.S.C. §§ 1681a(d), 1681a(d)(2)(A)(i), 1681g(a)(3)(A); *Hyde v. Hybernia National Bank in*

23  *Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988); *Renninger v. Chexsystems*, 1998 WL 295497

24  (N.D.Ill. 1998).

25  **GIVEN:** _____

26  **MODIFIED:** _____

27  **REFUSED:** _____

28  **WITHDRAWN:** _____

1

## PLAINTIFF'S ARGUMENT AGAINST DEFENDANT'S
## PROPOSED INSTRUCTION NO. 44

2

3   Plaintiff does not object to the jury hearing the distinction made in the first two paragraphs of this

4   proposed instruction.  The third paragraph, however, is incorrect and would be misleading to the

5   jury. § 1681i creates a number of duties, violation of which and damages from which are not

6   dependent exclusively on publication of false information to a third party.  Plaintiff suffered

7   emotional distress due to the continued presence of the false information in his credit file, the risk

8   of future identity theft and the inability to seek credit while the false information remained in his

9   file.

10   This instruction is improper in that it is confusing, would tend to be misleading to the jury and is

11   incorrect on the law.    Equifax suggests generally that FCRA liability does not exist absent the

12   act of publishing a credit report to a third party lender.  The Ninth Circuit expressly disposed of

13   this argument in *Guimond v. TransUnion Credit Information Co.*, 45 F.3d 1329, 1333 fn. 3 (9th

14   Cir. 1995).

15   "Accordingly, the district court erred in finding that any liability under §1681e(b) was
     predicated , as a matter of law, on the occurrence of some event - denial of credit or
16   transmission of the report to third parties ...."

17         and

18   "No court has held that the prima facie case required that an inaccurate report was ever
     disseminated".
19
     *Guimond v. TransUnion Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).
20

21   The authority listed by Equifax does not support the strong conclusion of law made in the third

22   paragraph.  §1681a(d) merely provides the general definition of consumer report.  §1681a(d)(2)

23   (A)(i) is inapplicable as it refers to reports solely containing information concerning transactions

24   between the consumer and the person making the report.  §1681g(a)(3)(A) is inapplicable as it

25   simply refers to the duty to provide the consumer with a list of persons that procured a copy of

26   the consumer's credit report.

27

28   Even absent the controlling *Guimond* authority the cases cited by Equifax are distinguished from

---

1  the 15 U.S.C. §1681i liability to be considered by the jury in this case.  *Hyde v. Hybernia*

2  *National Bank* concerned the statute of limitations period trigger for a suit under §1681e and

3  §1681b for failure to maintain reasonable procedures to ensure the accuracy of reporting.  The

4  court concluded that the statute of limitations period for liability for the damages arising from a

5  false report as a result of the failure to maintain reasonable procedures to insure accuracy would

6  be triggered when the damages arose from the false reporting to a third party.  In the context of

7  that sort of liability for false reports based on the creation and circulation of the report, there was

8  no liability trigger until the report was published.  That liability structure, resulting in absolute

9  liability for a false report where the accuracy procedures were not reasonable, is distinct from the

10  liability structure under §1681i where the liability arises not from the creation and publication of

11  the report, but from the failure to investigate and delete after dispute notice.

12

13  Equifax does not cite any authority for its expanded principle that liability regarding each of the

14  conduct requirements of §1681i can only arise with publication.  Indeed, courts have held that

15  emotional distress and other actual damages can arise independent of a credit denial or other

16  financial loss.  In this case, some of Plaintiff's emotional distress arising from Equifax's

17  misconduct arose from his distress at learning that Equifax had not corrected the reporting and

18  arose independently of and before the damages caused by the reporting to a third party.

19

20  Moreover, even if reporting to at third party were required to establish causation of actual

21  damages, the fact is that Equifax did report to a third party provider of tri merge credit reports,

22  and therefore to that extent falls outside of the distinction it wishes to present.  And, in this case

23  the willfulness of the misconduct supports a finding of nominal damages, which logically can not

24  fall under the same causation rules suggested to require damages arising from actual damages

25  occasioned by publication to a third party.

26

27  In the Ninth Circuit, "No case has held that a denial of credit is a prerequisite to recovery under

28  the FCRA." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)

1   Damages recoverable under the FCRA "include humiliation or mental distress, even if the

2   consumer has suffered no out-of-pocket losses" due to a denial of credit. *Stevenson v. TRW Inc.*,

3   987 F.2d 288, 296 (5th Cir. 1993). "Courts have allowed recoveries where . . . the plaintiff

4   suffered mental anguish based on events other than a denial of credit." Zala, 2001 U.S. Dist.

5   LEXIS 549, [WL] at *7 (citations omited).   Such emotional distress damages can arise simply

6   from the distress of a consumer at the failure of the credit agency to correct the report after

7   dispute, regardless of the connection to third party publication.  *Acton v. Bank One Corp.*, 293 F.

8   Supp. 2d 1092, 1099-1101 (D. Ariz. 2003).

9

10   The second case cited by Equifax itself refers to the controlling precedent of *Guimond* holding

11   against the principle asserted in the proposed instruction:

12       "Indeed, the Ninth Circuit has recently noted  that it found no precedent requiring that an
         inaccurate report be actually disseminated in order to support a FCRA claim. <u>See</u>
13       *Guimond v. TransUnion Credit Information Co.*, 45 F.3d 1329, 1333 fn. 3 (9th Cir.
         1995)."

14
         *Renninger v. Chexsystems*, 1998 U.S. Dist. LEXIS 8528 (N.D. Ill. May 21, 1998).
15
     Although the Illinois District Court in the *Renninger* case opinion did follow Equifax's proposed
16
     new posture requiring a "consumer report" for liability under the FCRA, that case also dealt only
17
     with and is restricted to liability under § 1681e(b).  Plaintiff does not find and Equifax has not
18
     cited any controlling authority within this Circuit that extends such a concept to the different form
19
     of liability arising under §1681i.
20

21

22

23

24

25

26

27

28

1

*DEFENDANT'S INSTRUCTION NO. 45*

2

3

**Equifax Is Not Automatically Liable For Inaccuracies On Consumer Credit Reports**

4

5    The Fair Credit Reporting Act does not require perfect consumer credit reports. The law recognizes

6    that total accuracy in consumer credit reports is not a realistic objective. The mere fact that Equifax

7    may have furnished an inaccurate consumer credit report regarding Mr. Drew is not, in and of itself,

8    sufficient for you to find that Equifax negligently or willfully violated the Fair Credit Reporting Act.

9    Equifax may not be held liable under the Fair Credit Reporting Act unless Mr. Drew establishes that

10   an inaccurate consumer credit report was prepared because Equifax negligently or willfully failed to

11   follow reasonable procedures in preparing that report.

12   In other words, Equifax is not required to produce consumer credit reports free of mistakes. Equifax

13   is only required to follow reasonable procedures to assure the maximum possible accuracy of the

14   information contained in the consumer credit reports regarding Mr. Drew that Equifax provided to

15   others.

16

17   ***DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 45***

18   3A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*, §§ 153.20, 153.21 (5th ed.

19   2009 supp.) (modified); *Guimond v. Trans Union Credit Info.*, 45 F.3d 1329, 1333 (9th Cir.

20   1995); *Sarver v. Experian Info. Sol'ns*, 390 F.3d 969 (7th Cir. 2004); *Dalton v. Capital Assoc.*

21   *Indus.*, *Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); FTC Commentary on the Fair Credit Reporting

22   Act 16 C.F.R. Part 600, Appendix, Section 607(3)(A)

23

24   **GIVEN:** _____

25   **MODIFIED:** _____

26   **REFUSED:** _____

27   **WITHDRAWN:** _____

28

1

***PLAINTIFF'S ARGUMENT AGAINST***

2

***DEFENDANT'S PROPOSED INSTRUCTION NO. 45***

3

4        This jury instruction is based on the reasonable procedures liability under  15 U.S.C. §

5    1681e(b) that is irrelevant to this case under 15 U.S.C. § 1681i.  The instruction is misleading in

6    suggesting that liability requires a finding of unreasonable procedures as opposed to resting alone

7    on any of the alternate ways of violating 15 U.S.C. § 1681i.

8        The jury instruction is also misleading in suggesting that liability is dependent on

9    publication of a credit report.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*PLAINTIFF'S INSTRUCTION NO. 46*

**Damages For Violation of the FCRA**

The FCRA permits damages to be awarded to Mr. Drew for either willful or negligent noncompliance with the Act by defendant Equifax.

*PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 46*

15 U.S.C. §1681n, §1681o

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

*DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 46*

**Basis of Objection:** Misstates the law, repetitive, argumentative

This instruction fails to accurately state the remedies allowed under the FCRA, including the statutory limitation on damages set forth in § 1681n and the requirement of actual damages in § 1681o. A proper instruction as to damages allowed under the FCRA would quote §§ 1681n and 1681o. This instruction is also duplicative of Instructions 67- 69. Stating that the Act permits damages to be awarded to plaintiff is argumentative and suggests that he is entitled to damages.

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 79

1        ***PLAINTIFF'S INSTRUCTION NO. 47***

2    **Damages–Proof**

3    It is the duty of the Court to instruct you about the measure of damages. By instructing you on

4    damages, the Court does not mean to suggest for which party your verdict should be rendered.

5

6    If you find for Mr. Drew, you must determine Mr. Drew's damages. Mr. Drew has the burden of

7    proving damages by a preponderance of the evidence. Damages means the amount of money

8    which will reasonably and fairly compensate Mr. Drew for any injury you find was caused by

9    Equifax.

10

11   You should consider the following:  The nature and extent of each of Mr. Drew's injuries. The

12   loss of enjoyment of life experienced and which will, with reasonable probability, be experienced

13   by Mr. Drew in the future. The mental, physical and emotional pain and suffering experienced

14   and which will, with reasonable probability, be experienced by Mr. Drew in the future. The

15   reasonable value of necessary medical care, treatment, and services Mr. Drew has received to the

16   present time. The reasonable value of necessary medical care, treatment, and service which with

17   reasonable probability will be required in the future.  The reasonable value of wages, earnings,

18   earning capacity, employment and business opportunities which with reasonable probability will

19   be lost in the future.

20

21   It is for you to determine what damages, if any, have been proved.  Your award must be based

22   upon evidence and not upon speculation, guesswork or conjecture.

23   ***PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 47***

24   Ninth Circuit Model Instruction No. 5.1 with 5.2 additions

25   **GIVEN:** _____

26   **MODIFIED:** _____

27   **REFUSED:** _____

28   **WITHDRAWN:** _____

1    ***DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 47***

2

3    **Basis of Objection:**  Misstates Model Instruction, prejudicial

4    Equifax objects this instruction on the grounds that this instruction on the grounds that it includes

5    portions that are not part of the Ninth Circuit Model Instruction 5.1.  Paragraphs 3 through 5

6    should be deleted from the instruction.  In addition, the last sentence of paragraph 6 should also

7    be deleted.  Plaintiff has modified the language so that it includes unnecessary language and is

8    prejudicial.  Equifax further objects that it includes "comments" portion in Plaintiff's proposed

9    instructions.  The comments are not part of the instruction and have only been provided to assist

10   the parties and courts in preparing instructions.  The comments portion should be stricken

11   because it will confuse and mislead the jury.  Equifax submits that the Court should include Ninth

12   Circuit Model Instruction 5.1 as written.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 81

*DEFENDANT'S ALTERNATE INSTRUCTION NO. 47 A*

**Damages - Proof**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Drew, you must determine Mr. Drew's damages.  Mr. Drew has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Mr. Drew for any injury you find was caused by Equifax.  You should consider the following:  the nature and extent of any emotional distress and/or economic damages.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

***DEFENDANT'S AUTHORITY FOR PROPOSED ALTERNATE INSTRUCTION NO. 47 A***

Model Ninth Circuit Model Jury Instructions, 5.1 (modified) (2007 ed.)

**GIVEN:**     _____

**MODIFIED:** _____

**REFUSED:**    _____

**WITHDRAWN:** _____

*PLAINTIFF'S ARGUMENT AGAINST*

*DEFENDANTS' PROPOSED INSTRUCTION NO. 47 A*

Plaintiff objects to this instruction because it does not include all the types of damages that plaintiff is seeking and it fails to adequately describe the type of damages plaintiff is seeking. In addition, this instruction is covered more thoroughly in the Plaintiff's Jury Instructions regarding Damages – Proof based on Ninth Circuit Model Instruction No. 5.1.

*PLAINTIFF'S INSTRUCTION NO. 48*

**Proof of Damages - Additional Explanation Compensatory Damages Under the FCRA**

**1.  Compensatory Damages**

Under the FCRA, a plaintiff may recover "actual damages," which has a special meaning. "Actual damages" under the FCRA can include the following:

   (a)  Economic or Financial Losses. This type of actual damages consists of out-of-pocket or monetary losses that Mr. Drew already incurred, will incur into the future, or both.

   (b)  Loss of Credit Opportunities. This type of actual damages consists of lost loans or other credit opportunities, regardless of whether these missed credit opportunities resulted in out-of-pocket or monetary losses for Mr. Drew.  This type of damages focuses upon a plaintiff's inability to use his or her credit or to obtain new credit.

   (c) Credit Defamation. This type of actual damages consists of harm to Mr. Drew's credit rating, credit reputation and/or good name.

   (d)  Emotional Distress. This type of actual damages is broad in nature. It can consist of any worry, frustration, anxiety, humiliation, embarrassment, and/or mental anguish, or combination thereof, suffered by Mr. Drew as result of Equifax's failure to comply with the FCRA.

If the evidence in this case warrants such a finding, you must award to Mr. Drew fair and complete monetary compensation for each of the foregoing four (4) categories of actual damages.

**2.     No Fixed Standard for Award for Anxiety, Humiliation, Embarrassment, Mental Anguish and Emotional Distress**

There is no fixed standard or measure in the case of intangible items such as anxiety, humiliation, embarrassment, mental anguish and emotional distress. You must determine a fair and adequate award for these items, both the distress and embarrassment to date and any continuing distress, using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case. A person may recover for emotional distress based on his own subjective testimony about his feelings. He does

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 83

not have to introduce medical or other testimony.

**3. Eggshell Plaintiff**

If you find that Mr. Drew had a bodily condition that predisposed his to be more subject to injury than a person in normal health, nevertheless Equifax would be liable for any and all injuries and damage that may have been suffered by Mr. Drew as the result of the negligence of Equifax, even though those injuries, due to the prior condition, may have been greater than those that would have been suffered by another person under the same circumstances.

**4. Denial of Credit Not Required for Award of Actual and Punitive Damages Under FCRA**

The outright denial of credit is not necessary in order for you to award actual damages under the FCRA for economic or financial losses, credit defamation or emotional distress. A denial of credit is also not necessary in order for you to award damages for lost credit opportunities. An offer of credit which has an interest rate or other material term that is adversely impacted by Equifax's unlawful conduct can constitute a lost credit opportunity.

**5. Out of Pocket Expenses Not Required for Damages Under FCRA**

Out-of-pocket expenses are not  required to recover under the FCRA. Stress induced maladies alone are sufficient as damages under FCRA. If willfulness is proven, Mr. Drew need not even show any actual damages.

***PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO.  48***

**1.      (a)  Economic or Financial Losses.**  See *Casella v. Trans Union*, 56 F.3d 469 (2nd Cir. 1995); *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995).

          **(b)      Loss of Credit Opportunities.**  See *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d 582, 588-89 (E.D. Pa. 2003) (citing *Philbin*, 101 F.3d at 957); *Guimond*, 45 F.3d at 1333; *Bach v. First Union Nat'l Bank*, 149 Fed. Appx. 354, 2005 WL 2009272, *7 (6th Cir. Aug. 22, 2005); see also *Rothery v. Trans Union*, Civ. No. 04-312-ST, 2006 WL 1720498 (D. Or. Apr. 6,

1   2006); *O'Brien v. Equifax*, 382 F. Supp. 2d 733, 734-35 (E.D. Pa. 2005).

2       **(c)    Credit Defamation.** *Dalton v. Capital Assoc.*, 257 F.3d 409, 418-19 (4th Cir.

3   2001); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983); *Millstone v. O' Hanlon Reports, Inc.*, 529

4   F.2d 829, 834-35 (8th Cir. 1976); *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W.

5   Va. 1990); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983).

6       **(d)    Emotional Distress.** *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225-27 (3d

7   Cir. 1997) (actual damages may be emotional in nature); *Guimond v. Trans Union*, 45 F.3d 1329,

8   1333 (9th Cir. 1995); *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983); *Casella v. Trans Union*, 56

9   F.3d 469 (2d Cir. 1995); *Bryant v. TRW, Inc.*, 689 F.2d 72 (6th Cir. 1982); Dalton v. Capital

10  Assoc., 257 F.3d 409, 418-19 (4th Cir. 2001); *Lawrence v. Trans Union, LLC*, 296 F. Supp. 2d

11  582, 588-89, 2003 WL 22992081, *3-5; *Evantash v. G.E. Capital Mortgage Servs., Inc.*, Civ. No.

12  02-1188, 2003 WL 22844198, *5 (E.D. Pa. Nov. 25, 2003); *Crane v. Trans Union, LLC*, 282 F.

13  Supp. 2d 311, 321 (E.D. Pa. 2003) (citations and footnotes omitted); <u>see also</u> *Cushman v. Trans*

14  *Union Corp.*, 115 F.3d 220 (3d Cir. 1997); *Sheffer v. Experian Info. Solutions, Inc.*, Civ. No.

15  02-7407, 2003 WL 21710573, *3 (E.D. Pa. July 24, 2003) ("At the very least, Plaintiff may be

16  entitled to damages for the emotional distress he may have suffered in connection with his efforts

17  to correct the error."); *Lukens v. Dunphy Nissan, Inc.*, Civ. No. 03-767, 2004 WL 1661220, *5

18  (E.D. Pa. Jul. 26, 2004) (in FCRA case, Plaintiff may recover for having to place fraud alert on

19  his credit report and for time in dealing with and attempting to clear up identify theft situation);

20  *Bakker v. McKinnon*, 152 F.3d 1007 [8th Cir. 1998] ["mere mental pain and anxiety" are

21  adequate as actual  damages]; *Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1238-39 (D. Mich. 1980),

22  aff'd, 689 F.2d 72 (6th Cir. 1982); *Millstone v. O'Hanlon Reports, Inc.*, 529 F.2d 829, 834-35

23  (8th Cir. 1976) and for the risk of future identity theft *Ruiz v. Gap, Inc.* 540 F.Supp2d 1121, 1126

24  (N.D. CA 2008)

25  2.      *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182, 187-88 (D. Del. 1990); *Johnson*

26  *v. Dept. of Treasury, I.R.S.*, 700 F.2d 971, 985 n. 39 (5th Cir. 1983); *Bryant v. TRW, Inc.*, 487

27  F.Supp. 1234, 1239 n. 7 (E.D.Mich. 1980), aff'd. 689 F.2d 72 (6th Cir. 1982); *Jones v. Credit*

28  *Bureau of Huntington, Inc.*, 399 S.E.2d 694, 699 fn. 5 (1990); *Giordano v. Giordano*, 39 Conn.

1  App. 183, 207-08, 664 A.2d 1136 (1995); *Oakes v. New England Dairies, Inc.*, 219 Conn. 1, 13,

2  591 A.2d 1261 (1991); *Berry v. Loiseau*, 223 Conn. 786, 811, 614 A.2d 414 (1992).

3  3.      See, UCJI 70.08. See also, *Pierce v. Southern Pacific Transp. Co.*, 823 F.2d 1366, citing,

4  *Lancaster v. Norfolk & Western Ry.*, 773 F.2d 807, 822 (7th Cir. 1985) (Here the cause of injury

5  was emotional but Mr. Drew suffered a physical condition, long-QT syndrome, that made him

6  unusually susceptible to the emotional injury. When an emotional injury causes physical

7  manifestations of distress we can see no principled reason why the eggshell plaintiff doctrine

8  should not apply.")

9  4.      *Casella v. Equifax Credit Information Serv.*, 56 F.3d 469 (2d Cir. 1995); *Guimond v.*

10  *Trans Union Credit Corporation*, 45 F.3d 1329, 1333 (9th Cir. 1995); *McMillan v.*

11  *Chase and FIA Financial Services, Inc.*, 2001 US Dist LEXIS 17973 (D. Conn. Oct. 19, 2001);

12  *Bach v. First Union National Bank*, 149 Fed. Appx. 354, 360, 2005 WL 2009272, *6 (6th Cir.

13  2005).

14  5.      Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1333 [9th Cir. 1995]; *Stevenson*

15  *v. TRW, Inc.*, 987 F.2d 288, 294 [5th Cir. 1993] (credit denial is not required; out of pocket losses

16  are not required); *Boris v. Choicepoint Servs.*, 249 F.Supp.2d 851, 2003 U.S.Dist.Lexis 4050

17  [U.S.D.C. W.D. Ky. 2003]; *Cushman v. Trans Union Corporation*, 920 F.Supp. 80 [U.S.D.C.

18  E.D. Pa. 1996]; *Cushman v. Trans Union*, 1996 Westlaw 153218, at p.3 [U.S.D.C. E.D. Pa.

19  1996]; *Arriola v. Safeco*, 15 F.3d 1082 [Table, unpublished] 1993 Westlaw 530480 [9th Cir.

20  1993] [Idaho]; *Northrop v. Hoffman of Simsbury, Inc.*, 12 Fed.Appx. 44, 50 [2nd Cir. 2001]

21  ["Actual damages are not a statutory prerequisite to punitive damages"]; *Bakker v. McKinnon*,

22  152 F.3d 1007 [8th Cir. 1998]; *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827

23  F.2d 967, 972 [4th Cir.1987] ["award of punitive damages in the absence of any actual damages,

24  in an appropriate case, comports with the underlying deterrent purpose of the FCRA"]; *TRW, Inc.*

25  *v. Andrews*, 534 U.S. 19, 122 S. Ct. 441, 451, 151 L. Ed. 2d 339 [U.S. 2001] ["Punitive damages,

26  which [plaintiff] sought in this case, could presumably be awarded at the moment of TRW's

27  alleged wrongdoings, even if 'actual damages' did not accrue at that time."]; *Casella v. Equifax*

28  *Credit Information Services*, 56 F.3d 469, 476 [2d Cir. 1995] [N.Y.]; *Cousin v. Trans Union*,

1   246 F.3d 359, 369 [5th Cir.];; *Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1240 [E.D. Mich. 1980];

2   *Thompson v. San Antonio Retail Merchants Assn.*, 682 F.2d 509, 514 [5th Cir. 1982].

3

4   **GIVEN:**          _____

5   **MODIFIED:**  _____

6   **REFUSED:**     _____

7   **WITHDRAWN:**_____

8

9

10   ***DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 48***

11   1.  **Basis of Objection:**  Not an accurate statement of the law, irrelevant, repetitive,

12   argumentative, ambiguous and confusing.

13   This instruction fails to accurately state the remedies allowed under the FCRA, including the

14   statutory limitation on damages set forth in § 1681n and the requirement of actual damages in §

15   1681o.  A proper instruction as to damages allowed under the FCRA would quote §§ 1681n and

16   1681o.  Moreover, the instruction makes no distinction between a finding of negligent violation

17   versus willful violation.  The language of § 1681n clearly and unambiguously allows for actual or

18   statutory damages as a measure of compensatory damages, but not both.  *In re Trans Union Corp.*

19   *Privacy Litig.*, 211 F.R.D. 328 (N.D. Ill. 2002).

20   *Fischl v. GMAC*, 708 F.2d 143 (5th Cir. 1983) involved § 1691e dealing with discrimination, not

21   the duties under the FCRA.  Further, the instruction that "if you find" that Equifax "violated the

22   Act and breached a duty" is argumentative.  Argumentative instructions are those that emphasize

23   the testimony of one witness while disregarding other relevant evidence.  *Spesco, Inc. v. General*

24   *Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983); *Central Microfilm Serv. Corp. v. Basic/Four Corp.*,

25   688 F.2d 1206, 1219 (8th Cir. 1982).

26   2.  **Basis of Objection:**  Not an accurate statement of the law

27   This instruction fails to state the requirement that "damages for embarrassment, humiliation and

28   mental anguish will not be presumed to have occurred, plaintiff must prove they have occurred."

1  *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991); J*ohnson v. Dep't of*

2  *Treasury, I.R.S.*, 700 F.2d 971, 985 n. 39 (5th Cir. 1983); *Bryant v. TRW, Inc.*, 487 F. Supp. 1234,

3  1239 n. 7 (E.D. Mich. 1980), *aff'd* 689 F.2d 72 (6th Cir. 1982).

4  Moreover, none of the cases cited in the instruction stand for the proposition set forth in the

5  instruction.  In discussing a jury's discretion to award damages, Smith stated that a "jury may not

6  abandon analysis for sympathy for a suffering plaintiff and treat an injury as though it were a

7  winning lottery ticket.  There must be a rational relationship between the specific injury sustained

8  and the amount awarded.  *Smith*, at 192.

9

10  Similarly, *Johnson v. Dep't of Treasury, I.R.S.* and *Bryant v. TRW, Inc.*, quoted the proper jury

11  instruction as "Which, if any, of these elements of damages has been proved by plaintiff is for

12  you to decide, <u>based upon evidence</u> and not upon speculation, guess or conjecture.  The amount

13  of money to be awarded for certain of these elements of damage, such as mental anguish, cannot

14  be proved in a precise dollar amount.  The law leaves such amount to your sound judgment.

15  (emphasis added)

16

17  In *Jones v. Credit Bureau*, 399 S.E.2d 694, 699 (W.Va. 1990), the court quoted the jury

18  instruction as follows:  "in estimating their damages, you are entitled to consider not only their

19  loss of business, if any, but also an amount sufficient to compensate them for their humiliation,

20  emotional distress, injury to their reputation and credit rating, if any.  All these elements of

21  damages should be weighted by you under the proof in the case…if proven by a preponderance of

22  the evidence.  *Giordano v. Giordano*, 39 Conn. App. 183, 207-08, 664 A.2d 1136 (1995)

23  involved claims for molestation and emotional distress.  The court specifically held that "a

24  plaintiff may recover damages in a personal injury action for pain and suffering even when such

25  pain and suffering is evidenced exclusively by the plaintiff's subjective complaints." *Id*.  Clearly,

26  damages in a personal injury action are not relevant for the FCRA claim pending here.

27

28  The remaining cases cited in the instruction are similarly irrelevant.  *Oakes v. New England*

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 88

1   *Dairies, Inc.*, 219 Conn. 1, 10 (Conn. 1991) involved a worker's compensation claim brought

2   under a Connecticut statute permitting a plaintiff who establishes his or her employer's liability

3   under the statute to recover "other damages."  *Berry v. Loiseau*, 223 Conn. 786, 811, 614 A.2d

4   414 (1992) involved a claim brought for false imprisonment, assault and battery, wrongful

5   termination of employment, breach of an implied covenant of good faith, defamation and

6   intentional infliction of emotional distress.  Neither of these cases deal in any way with the

7   FCRA.

8   3.  **Basis of Objection:**  Not an accurate statement of the law, irrelevant and argumentative

9   This instruction fails to accurately state or apply the Uniform Civil Jury Instruction for an

10  eggshell plaintiff.  UCJI 70.08 deals with "eggshell plaintiffs" in connection with physical

11  injuries, e.g., a person with a preexisting back injury may be more susceptible to further injury

12  than a person in normal health.  Here, there is no evidence whatsoever that defendant caused or

13  exacerbated any of plaintiff's physical ailments.  Further, this instruction incorrectly quotes

14  *Pierce v. Southern Pacific Transp. Co*., 823 F.2d 1366, which was a Federal Employer's Liability

15  Act (FELA) case where the court held that "the cause of injury was emotional but the plaintiff

16  suffered a physical condition."

17

18  There is no evidence whatsoever that any of plaintiff's physical ailments were caused or

19  exacerbated by defendant.  *Pierce* was brought under FELA.  In response to the *Pierce*

20  defendant's argument that it is not liable as a matter of law because the "eggshell plaintiff" rule

21  does not apply in a FELA case based on an underlying injury of emotional distress, the court

22  stated "the Supreme Court has made it clear that FELA jurisprudence gleans guidance from

23  common law developments."  *Pierce*, 823 F.2d at 1372.  *Pierce* is, therefore, irrelevant.

24

25  The instruction that "if you find that Mr. Drew had a bodily condition that predisposed his [sic] to

26  be more subject to injury than a person in normal health, nevertheless the defendant would be

27  liable for any and all injuries and damages that may have been suffered by Mr. Drew as a result of

28  the negligence of the defendant" is argumentative and confusing.  The instruction seems to

1   suggest that plaintiff's physical problems were exacerbated by the defendant.

2   4.   **Basis of Objection:**  Misstates the law, confusing and incomplete

3   Although a denial of credit is not necessary to award actual damages, other types of actual

4   damages must have been sustained for the jury to award "actual damages."  Plaintiff's instruction

5   does not clarify what "actual damages" mean and what is necessary to prove in order for the jury

6   to award actual damages.  As for punitive damages, *Ruffin-Thompkins v. Experian Info. Sols.*,

7   Inc., 422 F.3d 603, 608-11 (7th Cir. 2005) holds that if her actual damages claim failed because

8   of her inability to show harm, "it follows, a fortiori, that the court must deny her claim for

9   punitive or statutory damages.  *Id*. at 610.

10  5.  **Basis of Objection:**  Not an accurate statement of the law, repetitive and argumentative

11  This instruction fails to accurately state what damages are allowed under the FCRA, including the

12  statutory limitation on damages set forth in § 1681n and the requirement of actual damages in §

13  1681o.  A proper instruction as to damages allowed under the FCRA would quote §§ 1681n and

14  1681o.  This instruction does not define what "stress induced maladies" are.  Plaintiff's

15  instruction does not clarify what is necessary to prove in order for the jury to award actual

16  damages.  As for punitive damages, *Ruffin-Thompkins v. Experian Info. Sols., Inc*., 422 F.3d 603,

17  608-11 (7th Cir. 2005) holds that if her actual damages claim failed because of her inability to

18  show harm, "it follows, a fortiori, that the court must deny her claim for punitive or statutory

19  damages.  *Id*. at 610.  Further, the instruction is incomplete.

20

21

22

23

24

25

26

27

28

*DEFENDANT'S ALTERNATE INSTRUCTION NO. 48 A*

**Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from Equifax's violation of Mr. Drew's rights. If you find that Equifax is liable on the claims, as I have explained them, then you must award Mr. Drew sufficient damages to compensate her for any injury proximately caused by Equifax's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make Mr. Drew whole -- that is, to compensate her for the damage suffered.

I  remind you that you may award compensatory damages only for injuries that Mr. Drew proves were proximately caused by a Equifax's allegedly wrongful conduct. Moreover, you may award for emotional distress only if the evidence supports a genuine injury. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Drew has actually suffered or which she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require Mr. Drew to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Mr. Drew bears the burden of proving her damages. You are not permitted to award speculative damages. This means you are not to include in any verdict compensation for loss that, although possible, is wholly remote or left to conjecture and/or guess.

1   ***DEFENDANT'S AUTHORITY FOR PROPOSED ALTERNATE INSTRUCTION NO. 48 A***

2   *Johnson v. Wells Fargo Home Mtg.*, 2008 WL 2074001, at \*17 (D. Nev. May 14, 2008); *Cousin*

3   *v. Trans Union Corp.,* 246 F3 359, 371 (5th Cir. 2001) (citing *Carey v. Phiphus,* 435 U.S. 247, 98

4   S. Ct. 1042, 1052 (1978); *Casella v. Equifax Credit Info. Servs*., 56 F.3d 469, 475 (2d Cir. 1995);

5   *Campbell v. Experian Info. Solutions, Inc.*, 2009 WL 3834125, at \*7 (W.D. Mo. Nov. 13, 2009);

6   *Garrett v. Trans Union, LLC*, 2006 WL 2850499, at \*12 (S.D. Ohio Sept. 29, 2006); Hon.

7   Leonard B. Sand, et al., *4 Modern Federal Jury Instructions*, Instr. 77-3 (2006); 15 U.S.C. §

8   1681(p); *TRW Inc. v. Andrews*, 534 U.S. 19, 122 S. Ct. 441 (2001).

9

10   **GIVEN:**          _____

11   **MODIFIED:**   _____

12   **REFUSED:**      _____

13   **WITHDRAWN:** _____

14

15

16                    ***PLAINTIFF'S ARGUMENT AGAINST***

17         ***DEFENDANTS' PROPOSED ALTERNATE INSTRUCTION NO.  48 A***

18

19   Plaintiff objects to Defendant's instruction on compensatory damages since it does not address all

20   the types of damages that Plaintiff is seeking.  Plaintiff requests the more complete alternate

21   instructions set forth in Plaintiff's proposed instructions.

22

23

24

25

26

27

28

### *DEFENDANT'S INSTRUCTION NO. 49*

**Consider Damages Only If Necessary**

If you find that Mr. Drew has proven that Equifax is liable on any of Mr. Drew's claims against Equifax, then you must determine the damages to which Mr. Drew is entitled. However, you should not infer that Mr. Drew is entitled to recover damages from Equifax merely because I am instructing you on the elements of damages. My instructions on damages do not reflect in any way whether I believe Mr. Drew should or should not win this case.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance in the event you decide that Mr. Drew is entitled to recovery of damages.

### *DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 49*

Hon. Leonard B. Sand, et al., *4 Modern Federal Jury Instructions - Civil*, Instr. § 77- 1 (1998) (modified); *Crabill v. Trans Union LLC*, 259 F.3d 662, 664 (7th Cir. 2001).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

### *PLAINTIFF'S ARGUMENT AGAINST*
### *DEFENDANTS' PROPOSED INSTRUCTION NO.  49*

This proposed cautionary instruction is not necessary in light of the prior instructions, and simply makes the instructions longer.

1

*DEFENDANT'S INSTRUCTION NO. 50*

2

3  **Damages Reasonable Not Speculative**

4  Damages must be reasonable. If you should find that Mr. Drew is entitled to a verdict against

5  Equifax, you may award him only such damages against Equifax as will reasonably compensate him

6  for such injury as you find, from a preponderance of the evidence in the case, that he has sustained

7  as a result of Equifax's conduct. You are not permitted to award speculative damages.

8

9  *DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 50*

10  Hon. Edward J. Devitt, et al., *3 Federal Jury Practice and Instructions* § 85.14 (4th ed. 1987) (as

11  modified).

12

13  **GIVEN:** _____

14  **MODIFIED:** _____

15  **REFUSED:** _____

16  **WITHDRAWN:** _____

17

18

19  *PLAINTIFF'S ARGUMENT AGAINST DEFENDANT'S PROPOSED INSTRUCTION NO. 50*

20  Repetitive and unnecessary.

21

22

23

24

25

26

27

28

1
2

### DEFENDANT'S INSTRUCTION NO. 51

3 **Harm Caused By Others**

4

5 I further charge that you may not award damages against Equifax for any harm to Mr. Drew that

6 was caused by others.

7
8

9 ### DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 51

10 Instruction given by The Honorable Robert E. Jones in *Valentine v. Equifax Info. Servs. LLC, et*

11 *al.*, No. 3:05-CV-801-JO (D. Or.).

12
13

14 **GIVEN:** _____

15 **MODIFIED:** _____

16 **REFUSED:** _____

17 **WITHDRAWN:** _____

18

19 ### PLAINTIFF'S ARGUMENT AGAINST

20 ### DEFENDANTS' PROPOSED INSTRUCTION NO. 51

21 Plaintiff objects that this instruction as it is misleading and potentially confusing to the jury in

22 deviating from the substantial factor in causing the harm standard for causation. The jury may be

23 mislead into thinking that liability may not be assessed as to Equifax if any other person or entity

24 contributed in any way to the harm. The causation standard is adequately addressed by other

25 instructions. The deviating and unclear instruction is not well taken simply because of reference

26 to it being used in some other case.

27
28

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 95

*DEFENDANT'S INSTRUCTION NO. 52*

**5.3 Damages — Mitigation**

Mr. Drew has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Equifax has the burden of proving by a preponderance of the evidence:

1. that Mr. Drew failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

*DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 52*

Ninth Circuit Model Instruction 5.3

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____

1

***DEFENDANT'S INSTRUCTION NO. 53***

2

3

**Damages Outside the Statute of Limitations**

4

5   Equifax contends that some of Mr. Drew's claims were not filed within the time set by law.  To

6   succeed on this defense, Equifax must prove that Mr. Drew's claimed harm occurred before

7   December 18, 2004.

8

9   I charge you that you may not find Equifax liable for any violations of the Fair Credit Reporting Act

10  that occurred prior to December 18, 2004.  Further, you may not award Mr. Drew for any damages

11  that were sustained prior to December 18, 2004.

12

13  ***DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 53***

14  15 U.S.C. § 1681p; *Benjamin v. Coker*, 2006 WL 3741934, at *2 (D. Ariz. Nov. 3, 2006); *Packer*

15  *v. Security Nat'l Auto. Acc. Corp.*, 2007 WL 515409, at **3-4 (E.D. Va. Feb. 8, 2007); Judicial

16  Council of California Civil Jury Instructions, No. 454 (2010).

17

18  **GIVEN:** _____

19  **MODIFIED:** _____

20  **REFUSED:** _____

21  **WITHDRAWN:** _____

22

23  ***PLAINTIFF'S ARGUMENT AGAINST***
    ***DEFENDANTS' PROPOSED INSTRUCTION NO. 53***

24  All but the first sentence of Defendant's proposed statute of limitations instruction is improper

25  and misleading in that it is based on an incorrect statement of the statute of limitations applicable

26  to the FCRA claims at issue.  The statute of limitations period runs five years from the date of the

27  violation or two years from the date of discovery of the violation.  Defendant's instruction

28  incorrectly focuses on the date of harm rather than the date of the violation.  Even were the

1    language of the proposed instruction changed to refer to the date of discovery of the violation, the

2    instruction would remain confusing and misleading in specifying the particular date December

3    18, 2004.

4

5    As clarified by the recent United States Supreme Court decision in *Merck v. Reynolds , 559 U.S.*

6    ___, 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010),  the two year prong of the limitations provision is

7    only applicable upon proof that:   (1)  the plaintiff had actually discovered the facts of each of the

8    elements of the violation of the particular requirement of 15 U.S.C § 1681i, or (2)  the victim had

9    received some notice that would prompt a reasonable person in plaintiff's circumstances to begin

10   an investigation of the violation circumstances and that the reasonable person would have

11   completed the investigation to such a point of discovering the facts of each of the elements of the

12   particular statutory violation.

13

14   Hence, it is Defendant's affirmative defense burden to come forward with and prevail on the

15   evidence necessary to establish the actual discovery of the violation by Plaintiff or notice to

16   Plaintiff sufficient to trigger the reasonable person investigation that would have led to eventual

17   discovery.  The limitation period would run only from the point at the conclusion of the

18   investigation when actual discovery by a reasonable person would have occurred.

19

20   Many of the violations relate to such secret conduct and practices that it is unlikely that Equifax

21   could ever show that a reasonable person would have had access to the secret communication

22   information of Equifax and the banks such as to be able to learn the facts of the violation.  In any

23   case, Equifax would have to prove that date as to each of the particular violations as to each of

24   the particular dispute notice instances.  Therefore, it is improper to instruct the jury in a way that

25   suggests that all Equifax has to do is show that Plaintiff was harmed prior to two years before the

26   filing of the complaint or that the jury may not award Plaintiff for any damages prior to that point.

27

28   Defendant gives no explanation of how discovery occurred as of the specific proposed date nor a

1  basis for the proposed limit for damages.  The discovery prong of the FCRA statute of limitations

2  analysis is subject to proof.  The instructions does not set forth any explanation for how the jury

3  is to evaluate such discovery fact questions.    This instruction is related to pending motions in

4  limine.

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS            Page 99

*DEFENDANT'S INSTRUCTION NO. 54*

**Mental Incompetence -  Equitable Tolling of the Statute of Limitations**

Mr. Drew claims that he was temporarily mentally incompetent from July 14, 2004 to late December 2004 and that the statute of limitations on his claim should be equitably tolled as a result.  You must decide whether Mr. Drew was incapacitated for all or part of this time.  Mr. Drew has the burden of proof to demonstrate that he was mentally incompetent during this time period in order to equitably toll the statute of limitations.

***DEFENDANT'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 54***

*Brockamp v. United States*, 67 F.3d 260, 263 (9th Cir. 1995), rev'd on other grounds, 519 U.S. 347 (1997); *United States v. Habibian*, 2010 WL 546969, at *2 (E.D. Cal. Feb. 10, 2010).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:**_____

*PLAINTIFF'S ARGUMENT AGAINST*
*DEFENDANTS' PROPOSED INSTRUCTION NO. 54*

This instruction is premature and prejudicially confusing to the jury.  Equitable tolling only becomes an issue in rebuttal if Defendant is able to show some sort of statute of limitations triggering discovery date.  There is no need to saddle the jury with trying to understand and apply the tolling concept prior to Defendant establishing that Plaintiff had actual discovery of a particular violation prior to December 18, 2004 or received the reasonable person investigation triggering notice and would have completed the investigation prior to December 18, 2004 with discovery of the violation.

The instruction is irrelevant in that Plaintiff could not have had discovery of the violation or investigation triggering notice prior to January 2005.

The instruction misstates Plaintiff's claims as to the dates of his mental unavailability and is misleading to the jury.

Moreover, Defendant's cited authority does not support Defendant's proposed instruction. The Circuit Court in *Brockamp v. United States*, 67 F.3d 260, 263 (9th Cir. 1995), rev'd on other grounds, 519 U.S. 347 (1997); *United States v. Habibian*, 2010 WL 546969, at *2 (E.D. Cal. Feb. 10, 2010), cited by Defendant, deals with a statute of limitations issue involving the US Tax Code IRC 6511(a) and not with the FCRA. That said, the court, remanded the matter back down to District Court for a determination of the facts surrounding the Plaintiff's senility. The Circuit Court held that in the absence of congressional action that indicates to the contrary, the statute of limitations provided in 6511 may be equitably tolled. Further, mental incompetence constitutes a ground for equitable tolling.

The US Supreme Court granted Cert. and in *United States v. Brockamp*, 519 U.S. 347, 348, Justice Breyer states: "The two cases  before us present similar circumstances.  In each case a taxpayer initially paid the Internal Revenue Service (IRS) several thousand dollars that he did not owe.  In each case the taxpayer (or his representative) filed an administrative claim for a refund several years after the relevant statutory time period for doing so had ended.  In each case the taxpayer suffered a disability (senility or alcoholism), which, he said explained why the delay was not his fault."  Neither case involved requiring complete incapacity.

Similarly, in this case for much of Spring 2004 through December 2004 Plaintiff was extremely ill, undergoing medical procedures and hospitalization in treatment of his Leukemia rendering Plaintiff medically unable until January, 2005[,] to make or receive phone calls or otherwise investigate or learn of or respond to the acts alleged herein.

*DEFENDANT'S INSTRUCTION NO. 55*

**Attorneys' Fees and Court Costs**

If you find for Mr. Drew against Equifax you must not award Mr. Drew any of her attorney's fees or costs nor take Mr. Drew's attorney's fees or costs into consideration in deciding the amount, if any, of Mr. Drew's damages against Equifax.  I will decide the amount of reasonable attorney's fees and costs, if any, to award after a verdict is rendered.

*DEFENDANT'S AUTHORITY FOR PROPOSED  INSTRUCTION NO. 55*

3 Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions*, § 128.100; (5th ed. Supp. 2005).  Instruction given by The Honorable Robert E. Jones in *Valentine v. Equifax Info. Servs. LLC, et al.*, No. 3:05-CV-801-JO (D. Or.).

**GIVEN:**        _____

**MODIFIED:**      _____

**REFUSED:**       _____

**WITHDRAWN:**    _____

*PLAINTIFF'S ARGUMENT AGAINST
DEFENDANTS' PROPOSED INSTRUCTION NO. 55*

**Attorneys' Fees and Court Costs**

Plaintiff objects that this instruction is irrelevant and unnecessarily  interjects the issue of attorney fees into the case when that is not something related to the jury's function. The instruction is unnecessary because the jury will be instructed on the types of damages it can consider. It is also confusing, and suggests that Plaintiff will necessarily be getting an additional recovery.

---

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 102

1        *PLAINTIFF'S INSTRUCTION NO. 56*

2

3    **Punitive Damages**

4

5    If you find for Mr. Drew, you may, but are not required to, award punitive damages. The purposes

6    of punitive damages are to punish a Equifax and to deter similar acts in the future. Punitive

7    damages may not be awarded to compensate Mr. Drew.

8

9    Mr. Drew has the burden of proving by [a preponderance of the evidence] that punitive damages

10   should be awarded, and, if so, the amount of any such damages.

11

12   You may award punitive damages only if you find that the defendant Equifax's conduct that

13   harmed Mr. Drew was willful, malicious, oppressive or in reckless disregard of Mr. Drew's

14   rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

15   injuring Mr. Drew.  Conduct is in reckless disregard of Mr. Drew's rights if, under the

16   circumstances, it reflects complete indifference to Mr. Drew's safety or rights, or if Equifax acts

17   in the face of a perceived risk that its actions will violate Mr. Drew's rights under federal law. An

18   act or omission is oppressive if Equifax injures or damages or otherwise violates the rights of

19   Mr. Drew with unnecessary harshness or severity, such as by the misuse or abuse of authority or

20   power or by the taking advantage of some weakness or disability or misfortune of Mr. Drew.

21

22   If you find that punitive damages are appropriate, you must use reason in setting the amount.

23   Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not

24   reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive

25   damages, consider the degree of reprehensibility of Equifax's conduct, including whether the

26   conduct that harmed Mr. Drew was particularly reprehensible because it also caused actual harm

27   or posed a substantial risk of harm to people who are not parties to this case. You may not,

28   however, set the amount of any punitive damages in order to punish Equifax for harm to anyone

1    other than Mr. Drew in this case.

2

3    Punitive damages may be awarded even if you award Mr. Drew only nominal, and not

4    compensatory, damages.

5

6    *PLAINTIFF'S AUTHORITY FOR PROPOSED INSTRUCTION NO. 56*

7    Ninth Circuit Model Instruction No. 5.5

8

9    **GIVEN:** _____

10   **MODIFIED:** _____

11   **REFUSED:** _____

12   **WITHDRAWN:** _____

13

14

15   *DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 56*

16

17   **Basis of Objection:**  Repetitive and incomplete

18   Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

19   Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

20   incomplete as to the findings the jury should make before awarding punitive damages.

21   This instruction is duplicative of Instruction 30, 77-89.

22

23

24

25

26

27

28

***DEFENDANT'S ALTERNATE INSTRUCTION NO. 56 A***

**Punitive Damages**

**(Modified Model Instruction 5.5)**

If you find for Mr. Drew, you  may, but are not required to, award punitive damage.  The purposes of punitive damages are to punish a Equifax and to deter similar acts in the future. Punitive damage may not be awarded to compensate Mr. Drew.

Mr. Drew has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Equifax's conduct that harmed Mr. Drew was malicious, oppressive or in reckless disregard of Mr. Drew's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Mr. Drew.  Conduct is in reckless disregard of Mr. Drew rights if, under the circumstances, it reflects complete indifference to Mr. Drew's safety or rights, or if Equifax acts in the face of a perceived risk that its actions will violate Mr. Drew's rights under federal law.  An act or omission is oppressive if Equifax injures or damages or otherwise violates the rights of Mr. Drew with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Mr. Drew.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of Equifax's conduct.  In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Mr. Drew.

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS                    Page 105

1    ***DEFENDANT'S AUTHORITY FOR PROPOSED ALTERNATE INSTRUCTION NO. 56 A***

2    MANUAL 5.5 (2007 ed.)

3

4    **GIVEN:**            _____

5    **MODIFIED:**    _____

6    **REFUSED:**      _____

7    **WITHDRAWN:**  _____

8

9                    ***PLAINTIFF'S ARGUMENT AGAINST***

10            ***DEFENDANTS' PROPOSED ALTERNATE INSTRUCTION NO. 56 A***

11

12   Plaintiff objects to this instruction on the grounds that it fails to include the entirety of the model

13   instruction language.  Defendant's proposed instruction fails to include the following which is in

14   the model language following "conduct":  ...consider the degree of reprehensibility of the

15   Defendant's conduct, "including whether the conduct that harmed plaintiff was particularly

16   reprehensible because it also caused actual harm or posed a substantial risk of harm to people

17   who are not parties to this case.  You may not, however, set the amount of any punitive damages

18   in order to punish the defendant for harm to anyone other than the plaintiff in this case."

19

20   Defendant further leaves out the last sentence of the model instruction which Plaintiff believes

21   should be included in this instruction: "Punitive damages may be awarded even if you award

22   plaintiff only nominal, and not compensatory, damages."

23

24   Plaintiff believes that all applicable language in this Model Instruction 5.5 should be included in

25   the instruction to the jury.

26

27

28

***PLAINTIFF'S INSTRUCTION NO. 57***

**Punitive Damages - Additional Explanation**

**(1) Award of Punitive Damages for Willful Violation of FCRA**

If you find that Equifax violated the Fair Credit Reporting Act and such act was willful, you may assess punitive damages against Equifax. You may award punitive damages only if you find that Equifax's actions were willful.

**(2) Award of Punitive Damages if Disregarded Notice of Error**

You may award punitive damages if you find that Equifax was on notice of the error and then disregarded it.

**(3) Award of Punitive Damages for Improperly Trained Employees**

You may award Punitive damages if you find that Equifax did not properly train their employees and have the employees' work checked by a second person.

**(4)  Punitive Damages to Punish the Defendant**

You may award Punitive damages to punish Equifax for its willful noncompliance. Willful means that Equifax intended to commit the act or omission voluntarily and intentionally and not by mistake or accident or other innocent reason. Actual damages need not be awarded to Mr. Drew for you to assess punitive damages against Equifax.  Malice or evil motive need not be found in order to assess punitive damages.

**(5)  Punitive Damages For Failure To Delete After Promise To Delete**

If you find that Equifax advised Mr. Drew that Equifax would delete a disputed entry on his credit report, then Equifax neither effected permanent deletion nor recorded the information which Mr. Drew had provided, then you must find that Equifax violated FCRA, and you may award punitive damages if you find such violation(s) to be willful.

**(6)  Credit Agency's Duty to Correct Known Errors and Award of Punitive Damages**

If you find that Equifax did not correct a known error in Mr. Drew's credit file, then you must find that the consumer reporting agency's conduct was in reckless disregard of their legal duties owed to Mr. Drew to correct errors and that entitles Mr. Drew to an award of punitive damages.

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 107

**(7)  Award of Punitive Damages for  Willful Failure to Comply with FCRA Requirements**

You may award Punitive damages where a consumer reporting agency "wilfully fail[ed] to comply with any requirement" of the Act. This means that Equifax had knowingly and intentionally performed an act that violated the Act, either knowing that the action violated the rights of consumers or in reckless disregard of those rights. There is no requirement that you find Equifax knew it was violating the Fair Credit Reporting Act, or intended to violate the Act, but merely Equifax intended its conduct, and its intentional acts were with reckless disregard of whether its conduct violated the Act.  If you find that Equifax had knowledge that its handling of its duties regarding Mr. Drew violated the FCRA, then you must find that the violation was willful.

**(8)  Factors To Determine If Conduct Was Willful**

In determining whether conduct was willful, you may consider such factors as whether Equifax had prior knowledge of Mr. Drew's claim of identity fraud; whether Equifax was aware of deficiencies in its reinvestigation process; whether other consumers lodged complaints similar to Mr. Drew's; and whether Equifax corrected the erroneous entry.

**(9)  Factors to Consider in the Award of Punitive Damages**

Some of the factors you may consider in assessing punitive damages include:

(i) the remedial purpose of the Fair Credit Reporting Act;

(ii) the harm to the consumer intended to be avoided or corrected by the Act;

(iii) the manner in which Equifax conducted its business with regards to its reinvestigation procedures and the preventing inaccuracies in credit files;

(iv) the harm to other consumers that might have been caused by Equifax's failure to have adequate investigation procedures;

(v) the manner in which Equifax dealt with Mr. Drew;

(vi) the reprehensibility of Equifax's acts;

(vii) the profitability of Equifax's conduct;

(viii) Equifax's wealth; and

(ix) the amount needed to punish Equifax, to affect Equifax's future conduct and to deter Equifax

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 108

and others like it from violating the FCRA.

**(10)      Award of Punitive Damages for Adopting Reinvestigation Policy Known to Violate the  FCRA**

If you find that Equifax adopted its reinvestigation policies either knowing the policies to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the reinvestigation policy contravened those rights you must find that Equifax acted willfully and you may award punitive damages.


**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:** _____


*PLAINTIFF'S AUTHORITIES FOR PROPOSED JURY INSTRUCTION NO. 57*

(1)      15 U.S.C. 1681(n) and (o); Yohay v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967 (4th Cir. 1987).

(2)      Dalton v. Capital Chase and FIA Industries, Inc., 257 F.3d 409, 418 (4th Cir.2001).

(3)      *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694, 700 (W. Va. 1990); 15 U.S.C. ' 1681-1681t.

(4)      15 U.S.C. §1681n; *Guimond v. Trans Union Corp.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Yohav v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 970 and 972 (4th Cir. 1987); *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 418 (4th Cir. 2001). *Jones v.Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694, 703 (W. Va. 1990); Stevenson v. TRW, Inc., 987 F.2d 288,  293 [5th Cir. 1993]; *Pinner v. Schmidt*, 805 F.2d 1258,  1263 [5th Cir. 1986]; Fischl v. GMAC, 708 F.2d 143, 151  [5th Cir. 1983]; Jones v. Credit *Bureau of Garden City, Inc.*, 703 F.Supp. 897 [U.S.D.C. Kan. 1988]; *Thornton v.  Equifax, Inc.*, 619 F.2d 700 [8th Cir. 1980]; *Boothe v. TRW Credit Data*, 768 F.Supp. 434 (U.S.D.C. S.D. N.Y. 1991); *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F.Supp. 972 (U.S.D.C. M.D. Fla. 1985); *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W.Va. 1990); *Nitti v. Credit Bureau of*

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS        Page 109

*Rochester, Inc.*, 84 Misc.2d 277, 375 N.Y.S.2d 817; *Trans Union Corporation v. Crisp*, 896

S.W.2d 446 (Ark. App. 1995); Cush-Crawford v Adchem Corp., __ F.3d __ (2d Cir. Nov. 16,

2001); *Casella v. Equifax Credit Information Serv.*, 56 F.3d 469, 476 (2d Cir. 1995); *Bakker v.*

*McKinnon*, 152 F.3d 1007, 1013 (8th Cir. 1998);.

(5)   *Grant v. TRW, Inc.*, 789 F.Supp. 690 (U.S.D.C. Md. 1992).

(6)   *Nitti v. Credit Bureau of Rochester, Inc.*, 84 Misc.2d 277, 375 N.Y.S.2d 817 (1975);

*Sayers v. GMAC*, 522 F.Supp. 835, 842 (D. Mo. 1981).

(7)   See, 15 U.S.C. ' 1681n(a)(2); *Reynolds v. Hartford Financial Services Group, Inc.*, 435

F.3d 1081, 1098 (9th Cir. 2005), cert. granted, *Geico Gen. Ins. Co. v. Edo*, 2006 U.S. LEXIS

5421 (U.S. 2006)(as used in FCRA "wilfully" entails a "conscious disregard" of the law, which

means "either knowing that policy [or action] to be in contravention of the rights possessed by

consumers pursuant to the FCRA or in reckless disregard of whether the policy [or action]

contravened those rights)(citing, *Cushman v. Trans Union Corporation*, 115 F.3d 220, 227 (3rd

Cir. 1997)). See also, *Phillips v. Grendahl*, 312 F.3d 357, 370 (8th Cir. 2002); *Dalton v. Capital*

*Associated Industries*, 257 F.3d 409, 418 (4th Cir. 2001); *Cousin v. Trans Union Corporation*,

246 F.3d 359, 372 (5th Cir. 2001); *Duncan v. Handmaker*, 149 F.3d 424, 429 (6th Cir. 1998).

The Eleventh Circuit has not interpreted "wilful" in the context of the FCRA. In non-FCRA

contexts, the Eleventh Circuit has long followed *the definition of "wilful" given by the United*

*States Supreme in Trans* World Airlines, Inc. v. Thurston, 469 U.S. 111, 128 (1985). See *Day v.*

*Liberty Nat'l Life Ins. Co.*, 122 F.3d 1012, 1016 (11th Cir. 1997) (applying willful in ADEA

context). The Ninth Circuit cited this standard in Reynolds as further support of its interpretation

of "wilful" under the FCRA. 426 F.3d at 103. A violation is "wilful" where the violation evinces

reckless disregard for whether it is lawful. *Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537, 1546

(10th Cir. 1985). A "wilful" standard is less than "a stricter standard that would require intent, in

the sense of evil motive or bad purpose." Id. "Wilful" means "not accidental" or "on purpose,

hence, knowingly, and carelessly done in violation of law, and in disregard of the safety of the

public." *Dun & Bradstreet, Inc. v. Nicklaus*, 340 F.2d 882 (8th Cir. 1965), cert. denied, 382 U.S.

825 (1965); *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694, 702 n.8 (W. Va. 1990)

1   (voluntary or conscious acts).

2   (8)   In *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 418 (4th Cir. 2001).

3   (9)   *TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 460-61 (1993); *Jones v.*

4   *Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694, 702, 704 (W. Va. 1990); *Pinner v.*

5   *Schmidt*, 805 F.2d 1258 (5th Cir. 1986); *Collins v. Retail Credit Co.*, 410 F. Supp. 924

6   (D. Mich. 1976). *Fury Imports, Inc. v. Shakespeare Co.*, 554 F.2d 1376, 1389 (5th Cir.

7   1977; *Continental Trend Resources v. OXY USA Inc.*, 44 F.3d 1465, 1476 (10th Cir.

8   1995); *Dunn v. HOVIC*, 1 F.3d 1371, 1380 (3d Cir. 1993); *Jones v. Credit Bureau of*

9   *Huntington, Inc.*, 399 S.E.2d 694, 702 (W. Va. 1990); *Nitti v. Credit Bureau of Rochester, Inc.*,

10   84 Misc.2d 277, 375 N.Y.S.2d 817, 821 (1975); 15 U.S.C. 1681n.

11   (10*)*   *Cushman v. Trans Union Corp.*, 115 F.3d 220, 227 (3d Cir. 1997); *Transworld Airlines v.*

12   *Thurston*, 469 US 111, 105 S.Ct. 613 (1985); *Yohay v. City of Alexandria Employees Credit*

13   *Union, Inc.*, 827 F.2d 967 (4th Cir. 1987).

14

15   ***DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 57***

16   (2)   **Basis of Objection**: Misstates the law, repetitive

17   Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

18   Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

19   incomplete as to the findings the jury should make before awarding punitive damages.  Moreover,

20   this instruction states that punitive damages can be awarded for an action that does not even give

21   rise to liability under the FCRA.  This instruction is duplicative of Instruction 30, 76, 78-89.

22   (3)   **Basis of Objection**: Misstates the law, repetitive

23   Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

24   Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

25   incomplete as to the findings the jury should make before awarding punitive damages.  Moreover,

26   this instruction states that punitive damages can be awarded for an action that does not even give

27   rise to liability under the FCRA.  Further, the only claim remaining against Equifax is a claims

28   under section 1681i of the Act.  Plaintiff does not have a claim against  Equifax for

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI

AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 111

1   negligent/improper training.   This instruction is duplicative of Instruction 30, 76-77; 79-89.

2   (4) **Basis of Objection**:  Misstates the law, repetitive, and argumentative

3   Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

4   Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

5   incomplete as to the findings the jury should make before awarding punitive damages.  Further,

6   plaintiff must prove actual damages before an award for punitive damages can be assessed.

7   *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 608-11 (7th Cir. 2005) holds that if

8   her actual damages claim failed because of her inability to show harm, "it follows, a fortiori, that

9   the court must deny her claim for punitive or statutory damages.  Id. at 610.  This instruction is

10   duplicative of Instructions 30, 76-78; 80-89.

11

12   Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

13   Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

14   incomplete as to the findings the jury should make before awarding punitive damages.  Further,

15   plaintiff must prove actual damages before an award for punitive damages can be assessed.

16   *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 608-11 (7th Cir. 2005) holds that if

17   her actual damages claim failed because of her inability to show harm, "it follows, a fortiori, that

18   the court must deny her claim for punitive or statutory damages." Id. at 610.  Lastly, this

19   instruction misstates the law with regard to the relationship between compensatory damages and

20   punitive damages.  The Supreme Court has considered the constitutional limits of punitive

21   damages in *BMW v. Gore*, 517 U.S. 599 (1996), then in *State Farm Mutual Auto. Ins. Co. v.*

22   *Campbell*, 538 U.S. 408 (2003).  Whether an award comports with due process is measured by

23   three guideposts:  (1) the degree of reprehensibility of Equifax's conduct; (2) the disparity

24   between the actual or potential harm suffered by the plaintiff and the punitive damages award;

25   and (3) the difference between the punitive damages awarded by the jury and the civil penalties

26   authorized or imposed in comparable cases.  Id. at 418 (citing *BMW*, 517 U.S. at 575).  And the

27   court stated that with respect to the ration between compensatory damages and punitive damages

28   "What should be obvious:  single digit multipliers are more likely to comport with due process,

1  while still achieving the state's goals of deterrence and retribution." Id. at 423.  Based on the

2  United States Supreme Court, punitive damages must bear a relationship to an award of

3  compensatory damages.  This instruction is duplicative of Instructions 30, 76-81, 83-89.

4  (5) **Basis of Objection**: Misstates the law, repetitive, and argumentative

5  Equifax objects to this instruction on the grounds that it is not based on Ninth Circuit laws or any

6  other circuit law.  With respect to punitive damages, the parties should use the Ninth Circuit

7  Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

8  incomplete as to the findings the jury should make before awarding punitive damages.  Moreover,

9  the charge described does not event give rise to liability under the FCRA.  Whether or not

10  Equifax took reasonable steps under the FCRA is a factual question for the trier of fact once it

11  considers all the evidence presented at trial by the parties.

12  This instruction is duplicative of Instruction 30, 76-79; 81-89.

13  (6) **Basis of objection**: Misstate the law, vague, irrelevant, repetitive

14  Equifax objects to this instruction on the grounds that it misstates the law and that the parties

15  should use the Ninth Circuit Model Instruction 5.5 to instruct the jury on punitive damages.  This

16  instruction is conclusory and incomplete as to the findings the jury should make before awarding

17  punitive damages.  Moreover, the charge described does not event give rise to liability under the

18  FCRA.  This instruction is also irrelevant to Equifax as the instruction is directed to "furnisher's

19  legal duties" and Equifax is a consumer reporting agency, not a furnisher.  Further, the phrase

20  "known error" is not defined here or in the FCRA.

21  This instruction is duplicative of Instructions 30, 76-80; 82-89.

22  (7) **Basis of Objection**: Misstates the law, repetitive

23  Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

24  Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

25  incomplete as to the findings the jury should make before awarding punitive damages.

26  This instruction is duplicative of Instruction 30, 77-82, 84-89.

27

28  Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

1   Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

2   incomplete as to the findings the jury should make before awarding punitive damages.

3   This instruction is duplicative of Instruction 30, 77-89.

4     (8)  **Basis of Objection**:  Misstates the law, repetitive

5   The willfulness charge in this instruction is not the standard under *Safeco v. Burr*, 551 U.S. 47

6   (2007).  Equifax further objects to this instruction on the grounds that the parties should use the

7   Ninth Circuit Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is

8   conclusory and incomplete as to the findings the jury should make before awarding punitive des.

9   This instruction is duplicative of Instructions 30, 76-89.

10     (10)  **Basis of objection**:  Misstates the law, repetitive

11   Equifax objects to this instruction on the grounds that the parties should use the Ninth Circuit

12   Model Instruction 5.5 to instruct the jury on punitive damages.  This instruction is conclusory and

13   incomplete as to the findings the jury should make before awarding punitive damages.

14   This instruction is duplicative of Instruction 30, 77-89.

1        ***DEFENDANT'S INSTRUCTION NO. 58***

2

3 **No Punitive Damages When Damages Caused by Negligence**

4

5 If you should find that Mr. Drew is entitled to a verdict, in fixing the amount of your award you

6 may not include in, or add to an otherwise just award, any sum for the purpose of punishing

7 Equifax, or to serve as an example or warning for others.  As a general rule, a jury may award

8 punitive damages only when Mr. Drew has established actual malice on the part of Equifax.

9 Actual malice is defined as "[a] sense of conscious and deliberate wrongdoing, evil or wrongful

10 motive, intent to injure, ill will, or fraud."  To satisfy this standard, a plaintiff must persuade the

11 jury that the truth of his contention is highly probable, not merely probable.

12

13 You may not include in your award any sum or court costs or attorneys' fees.

14

15 ***DEFENDANT'S AUTHORITY FOR PROPOSED  INSTRUCTION NO. 58***

16 Federal Jury Practice and Instructions ' 128.80 (5th ed. 2000) (modified).

17

18 **GIVEN:**  **_____**

19 **MODIFIED:  _____**

20 **REFUSED:  _____**

21 **WITHDRAWN:_____**

22

23      ***PLAINTIFF'S ARGUMENT AGAINST DEFENDANT'S***

24       ***PROPOSED INSTRUCTION NO. 58***

25 Plaintiff objects that this instruction is misleading in suggesting without qualification that

26 punitive damages can not be awarded.  It appears that Defendant is seeking to explain that

27 punitive damages can not be awarded absent an additional punitive damages finding.  Such

28 instruction is unnecessary in that the concept is adequately covered elsewhere and the repetition

---

Drew v. Equifax, et al.    AMENDED SUBMISSION OF PROPOSED JOINT AND
USDC, N.D. Calif       SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
No. CV 07-00726 SI     WITH AUTHORITY AND OBJECTIONS   Page 115

1   here only serves to promote a risk of juror misunderstanding in light of the confusing first

2   sentence.

3

4   The instruction is improper in that it misstates the standard for punitive damages, suggesting

5   actual malice rather than the sort of knowing violation, deliberate improper policies, corporate

6   practice and reckless disregard conduct that is sufficient for punitive damages in this FCRA case.

7

8   The instruction is improper in concluding that the jury may not include "any sum for the purpose

9   of punishing Equifax, or to serve as an example or warning for others."  Model Instruction 5.5

10  specifically recites that the purpose of punitive damages is to punish and deter.

11

12  The instruction is improper in incorrectly suggesting a proof standard of "highly probable."

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S INSTRUCTION NO. 59**

**Nominal Damages For Willful Non-Compliance With FCRA**

The law which applies to this case authorizes an award of nominal damages. If you find for Mr. Drew due to Equifax's willful non-compliance with the FCRA, but you find that Mr. Drew has failed to prove actual damages as defined in these instructions, you must award nominal damages in an amount between $100 and $1,000.

***AUTHORITY FOR PROPOSED INSTRUCTION NO. 59***

Modified Ninth Circuit Model Instruction No. 5.6

*Guccione v. Hustler Magazine, Inc.*, 800 F. 2d 298, 303 (2d Cir. 1986); *Auwood v. Harry Brandt Booking Office, Inc.*, 647 F. Supp 1551, 1553 (D. Conn. 1986); *Boule v. Hulton*, 138 F. Supp. 2d 491, 506 (S.D.N.Y. 2001); *Beckford v. Irvin*, 49 F. Supp. 2d 170 (W.D.N.Y. 1999); *Russell v. Shelter Fin. Services*, 604 F.Supp. 201, 203 (W.D. Mo. 1984); *Creem v. Cicero*, 12 Conn. App. 607, 610-11, 533 A.2d 234 (1987) ($100 nominal damages); *Patalano v. Chabot*, 139 Conn. 356, 362, 94 A.2d 15 (1952) ($25 nominal damages).

**GIVEN:** _____

**MODIFIED:** _____

**REFUSED:** _____

**WITHDRAWN:**_____

***DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 59***

**Basis of Objection:**  Misstates the law argumentative

Nominal damages are a minimal sum that may be awarded when a person's rights have been violated, but when he has not proved any actual damages or when he has been unable to prove an amount to which his injuries might entitle him.  Under the FRCA, if plaintiff cannot prove actual

damages, he is entitled to statutory damages only if Plaintiff proves willful noncompliance of the FCRA. *See* § 1681n(a). This instruction is misleading in that it states that if actual damages are not proven, the jury must still award nominal damages. The instruction does not explain what must be proven in order to award statutory or nominal damages.

Stating that the jury must at least award nominal damages is false, argumentative and suggests that plaintiff is entitled to damages.

Drew v. Equifax, et al.
USDC, N.D. Calif
No. CV 07-00726 SI
AMENDED SUBMISSION OF PROPOSED JOINT AND
SEPARATE  JURY INSTRUCTIONS COMBINED IN ORDER
WITH AUTHORITY AND OBJECTIONS          Page 118