IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC R. DREW,<br><br>    Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendant.<br>_____/ | No. C 07-00726 SI<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO CONFORM TO PROOF OR TO CLARIFY SCOPE OF EXISTING COMPLAINT** |

At trial on Thursday, July 22, 2010, plaintiff attempted to introduce certain evidence in support of a claim under 15 U.S.C. § 1681c-2(a). Equifax objected on the ground that this trial solely concerns a claim under 15 U.S.C. § 1681i. Plaintiff has now moved, pursuant to Federal Rule of Civil Procedure 15(b), to amend his complaint to add a claim under § 1681c-2(a) in order to conform to the proof at trial, or alternatively to clarify that his existing complaint already includes a claim under § 1681c-2(a).

15 U.S.C. § 1681c-2(a) requires credit reporting agencies to "block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of" certain documents from the consumer. As plaintiff points out, 15 U.S.C. § 1681i similarly requires credit reporting agencies to take certain actions within 30 days of the receipt of a consumer dispute, but pertains to disputes that do not expressly arise from identity theft. Thus, a consumer dispute will trigger duties under either § 1681c-2(a) or § 1681i, depending on whether it includes notice of identity theft.

The Court agrees with plaintiff that the operative version of the complaint encompasses a claim under § 1681c-2(a). Plaintiff alleged in the complaint that he gave notice to Equifax that certain information in his credit file was the result of identity theft and that Equifax "failed to block" the

fraudulent information. Amended Complaint ¶¶ 202-06. This is sufficient to state a claim under § 1681c-2(a) even though plaintiff did not specifically name that section in the complaint.

Neither Equifax nor any other defendant previously in this case filed any motion with respect to the § 1681c-2(a) claim, and the claim has not been asserted by plaintiff until this juncture. Nonetheless, it does not appear to the Court that inclusion of a claim under § 1681c-2(a) will prejudice Equifax. If Equifax disagrees and wishes to assert grounds for prejudice, it must do so **no later than 5:00 p.m. today.** In the event Equifax does not respond by that time, the Court will grant plaintiff's motion and issue a ruling clarifying that the complaint encompasses a claim under 15 U.S.C. § 1681c-2(a). The parties will also be directed to ensure that the jury instructions reflect the existence of this claim.

**IT IS SO ORDERED.**

Dated: July 26, 2010

SUSAN ILLSTON
United States District Judge