IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC R. DREW,   No. C 07-00726 SI

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,

    Defendant.

        /

**INSTRUCTIONS TO JURY**

## DUTY OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury: now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

You must not read into these instructions or anything the Court may have said or done any suggestions as to what verdict you should return – that is a matter entirely up to you.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be

2

influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

Plaintiff must prove his claims by a preponderance of the evidence. "Preponderance of the evidence" means the greater weight of evidence. It is such evidence that, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If the evidence on a claim appears to be equally balanced, or if you cannot say upon which side it weighs more heavily, you must resolve that question against the party on whom the burden of proof rests.

**CORPORATIONS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as a party.

**LIABILITY OF CORPORATIONS**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**FAIR CREDIT REPORTING ACT—PURPOSE**

This case arises under the Fair Credit Reporting Act. One purpose of this act is to require that credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of the law.

Plaintiff is a "consumer" entitled to the protection and benefits of the Fair Credit Reporting Act, and defendant is a "consumer reporting agency."

**FAIR CREDIT REPORTING ACT—REQUIREMENTS**

Plaintiff contends that defendant violated one or more of the following requirements of the Fair Credit Reporting Act:

(1) The Fair Credit Reporting Act requires that if a consumer disputes the completeness or accuracy of any item of information contained in their file and notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file within 30 days from the date the agency receives notice of the dispute from the consumer.

(2) The Fair Credit Reporting Act requires a consumer reporting agency to review and consider all relevant information submitted by the consumer in conducting any reinvestigation of disputed information.

(3) The Fair Credit Reporting Act requires that within five business days of receiving a consumer's notice of dispute, the agency shall provide notification of the dispute to any business which provided the disputed information. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(4) The Fair Credit Reporting Act requires that if after any reinvestigation information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete the information from the consumer's file or modify the information, as appropriate, based on the results of the reinvestigation.

(5) The Fair Credit Reporting Act requires that a consumer reporting agency provide notice to the consumer of the results of a reinvestigation not later than five business days after the completion of a reinvestigation. As part of or in addition to that notice the consumer reporting agency shall provide to the consumer in writing a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation.

(6) The Fair Credit Reporting Act requires a consumer reporting agency to maintain reasonable procedures designed to prevent the reappearance in a consumer's file and in consumer reports on that consumer, of information that has been deleted pursuant to a reinvestigation.

(7) The Fair Credit Reporting Act requires that a consumer reporting agency provide notice to the consumer if any information that has been deleted pursuant to a reinvestigation is reinserted in the file. Notice must be in writing no later than five business days after the reinsertion. A notice must include the business name and address of any furnisher of information contacted and the telephone number of such furnisher, or of any furnisher of information that contacted the consumer reporting agency, in connection with the insertion of such information.

(8) The Fair Credit Reporting Act requires that if any information is deleted from a consumer's file, the information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate.

(9) The Fair Credit Reporting Act requires that a consumer reporting agency must block reporting of information identified as resulting from identity theft within four business days after receipt of: (I) proof of the identity of the consumer; (ii) a copy of the identity theft report; (iii) identification of such information by the consumer; and (iv) a statement by the consumer that the information is not information relating to any transaction by the consumer.

**FAIR CREDIT REPORTING ACT—ESSENTIAL ELEMENTS**

In order to prevail on his claim for money damages, plaintiff must prove by a preponderance of the evidence:

(1) That defendant violated one or more of the requirements of the Fair Credit Reporting Act listed above;

(2) That the violation or violations of the Act resulted from the negligence or willfulness of the defendant; and

(3) That plaintiff suffered damages as a result of the negligence or willfulness of defendant.

**NEGLIGENCE AND WILLFULNESS DEFINED**

Negligence is failing to do something that a reasonably prudent person would do, or doing something that a reasonably prudent person would not do, under the circumstances that existed.

An act is done willfully if it is done knowing that it will violate the Fair Credit Reporting Act or with a reckless disregard of a statutory duty under the Fair Credit Reporting Act. "Reckless disregard" means an action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known. A consumer reporting agency does not recklessly violate the Act when it acts in accord with an objectively reasonable interpretation of the Act.

Defendant denies that it negligently or willfully failed to comply with any requirements of the Fair Credit Reporting Act.

**STATUTE OF LIMITATIONS**

Claims under the Fair Credit Reporting Act must be brought within two years after the date that Mr. Drew discovered the violation that is the basis for liability. In this case, if Mr. Drew discovered a violation of the Act before December 16, 2004, his claim arising from that violation will be barred by the statute of limitations unless you find that he was mentally incompetent such that the statute of limitations would be suspended.

Equifax bears the burden of proving, by a preponderance of the evidence, the date on which Mr.

Drew discovered a violation, or should have discovered a violation because he received notice that would cause a reasonable person in his circumstances to investigate and thereafter discover the violation. Mr. Drew has the burden to demonstrate, by a preponderance of the evidence, that he was mentally incompetent in that he was unable to obtain information necessary to decide whether any injury was due to wrongdoing, and, if so, whether the wrongdoing was by Equifax.

Mr. Drew claims that he was mentally incompetent for some periods from late fall 2003 through early January 2005. You must determine whether he was mentally incompetent during any part of this time period and, if so, when and for how long, and add that amount of additional time to his statute of limitations deadline such that you do not award damages for any harm that was caused by a violation which occurred outside the statute of limitations period.

**DAMAGES**

If you find that plaintiff has proven that defendant negligently or willfully violated the Fair Credit Reporting Act, you must then determine the damages, if any, to which he is entitled.

However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. My instructions on damages do not reflect in any way whether I believe the plaintiff should or should not win this case. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance in the event you decide that plaintiff is entitled to recover.

If you find that defendant negligently or willfully violated the Fair Credit Reporting Act, and that as a result plaintiff suffered damages, then your duty is to determine the amount of money that reasonably and fairly compensates him for his damage that you decide was caused by defendant's failure to comply with the Act.

In order to recover damages, plaintiff must establish that defendant's violation of the Act was the "legal cause" of his injuries. The term "legal cause" requires that the conduct of defendant which plaintiff claims violated the Act must have been a substantial factor in causing the injury complained of by plaintiff, and that the injury must have been either a direct result or a natural and probable consequence of the conduct of defendant. A substantial factor is an important or material factor and not one that is insignificant. You may not award damages against Equifax for any harm to plaintiff that was caused only by others, but you may award damages against Equifax when Equifax's conduct was a substantial factor in causing such harm.

If you find that plaintiff had a bodily condition that made him more susceptible to injury than a person in normal health, Equifax may be liable for injuries caused to plaintiff by Equifax's violation of the Act, even though plaintiff's injuries may have been greater than those that would have been suffered by a person in normal health under the same circumstances.

The elements of damages which you may consider are: mental anguish, distress, and anxiety, and out-of-pocket monetary losses incurred as a result of the violation. However, plaintiff is not making a claim for, and you should not award, monetary loss damages related to the Chico real estate properties.

Which, if any, elements of damages has been proven by plaintiff is for you to decide, based upon

9

evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damages cannot be proved in a precise dollar amount. The law leaves the determination of such amounts to your sound judgment.

If you find that Equifax willfully violated the Act, but you find that plaintiff has failed to prove actual damages as defined in these instructions, you may award nominal damages in an amount between $100 and $1000, prior to consideration of punitive damages.

## PUNITIVE DAMAGES

If you find that defendant willfully failed to comply with a requirement of the Fair Credit Reporting Act, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving, by a preponderance of the evidence, that punitive damages should be awarded, and, if so, the amount of any such damages. You may award punitive damages only if you find that the defendant's conduct was willful, that is, knowing or in reckless disregard of plaintiff's rights.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, yo may consider the purposes of the Fair Credit Reporting Act, the degree of reprehensibility of the defendant's conduct, and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

## ATTORNEYS' FEES AND COSTS

If you find for the plaintiff against the defendant, you must not take into account any consideration of attorneys' fees or costs in deciding the amount of plaintiff's damages as against defendant. The matter of attorneys' fees and court costs will be decided later by the Court.

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## VERDICT

A verdict form has been prepared for your convenience. You will take this form to the jury room and, after you have reached unanimous agreement on a verdict, your presiding juror will fill in, date and

sign the verdict form and advise the Court that you have reached a verdict.